UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club, <br><br>    Plaintiffs, <br><br> v. <br><br> Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty, <br><br>    Defendants. | Case No. 23-cv-6585 <br><br><br> Proof of Service |

Proof of Service of Summons & Complaint upon
Defendant Eric Eisenberg at his place of business

Anthony N. Iannarelli, an Attorney at Law of the State of New York, affirms to the truth of the following:

1. On Wednesday, November 8, 2023, I attempted to serve the amended summons and complaint (Document 19) upon defendant Eric Eisenberg, an attorney at law, at his place of business located at 405 Lexington Avenue, New York, New York 10174. This address is a law firm located on the 48th floor with several named attorneys, purportedly among them, defendant Eric Eisenberg.

2. There I met with a concierge (approximately 5'10" to 6', 185-195 lbs., medium complexion, short cropped hair, and dressed in greyish uniform) to

which I displayed the summons and complaint and explained I was there to serve those papers upon a lawyer at a law firm on the 48th Floor.

3. The concierge produced a cell phone ostensibly to call the firm, but he informed me there was no answer. I, in turn, explained to him that I had attempted to call the firm on serval occasions, but could only get through to a recorded messages.

4. I further explained to the concierge that I was a lawyer in the need of delivering a summons and complaint to a law firm, and that, if permitted to access its floor, I could knock on the door in the expectation someone would answer. My request was denied by the concierge.

5. On Thursday, November 9, 2023, I returned to the same location to try again to serve the summons and complaint. I went to the concierge's desk where a different individual, from the previous evening, was seated (darked skin male, approximately 5' 6", 160 to 175 lbs., dressed in a concierge's uniform). He asked me to produce identification, and I provided him with my official New York State attorney identification card.

6. The concierge appeared to be looking through a data base; he then informed me that because I was not listed as a "permitted guest" in the data base, I could not have access to the floor where the law firm was located.

7. I protested the concierge's decision, showing him the summons and complaint, and stated he was inferring with my legal obligation for the service of court papers. He left the concierge's desk and did not return.

8. I walked onto the main floor and found the desk concierge standing with the concierge whom I had met the previous evening. I approached and again informed both that I was an attorney that needed to serve court papers at a law firm within the building.

9. I was told again they would not allow me access to the law firm. I handed the papers to the concierge whom I had met the previous evening and stated that since he interfering with my ability to serve court papers, to turn the papers over to the law firm where defendant Eric Eisenberg was an attorney. I turned to leave to the sound of papers being torn apart.

10. Significantly, on November 8th, 2023, I was initially told that I could not enter the building because no one was in the law office. When I returned the following day, November 9th, 2023, I was told that I could not enter because I was not on the list of permitted guests. The reasons for denial of access, with a change of story, is highly suspicious behavior.

11. Having displayed the amended summons and complaint to the concierges, and clearly stating my purpose on two separate occasions, I am reasonably of the belief it was their intention to prevent me from perfecting service upon defendant Eric Eisenberg. Since, the papers were provided to the concierges while still intact, with instructions to turn them over to defendant Eric Eisenberg, there was no impediment for doing so.

12. My fees for time spent will be agreed upon by my client sat conclusion of case.

I declare under the penalty of perjury that the foregoing information is true and correct.

Dated: November 15, 2023.

Anthony N. Iannarelli Jr.
Attorney at Law of the
State of New York

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

Mohamed John Akhtar and )
La Buca Restaurant, Inc. d/b/a )
Swing 46 Jazz and Supper Club, )
)
*Plaintiff(s)* )
v. ) Civil Action No. 23-cv-6585
Eric Adams, Mayor of the City of New York, Rohit T. )
Aggarwala, New York City Department of Environmental )
Protection, Eric I. Eisenberg, and John and Jane )
Does One through Thirty, )
*Defendant(s)* )

## AMENDED SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Eric I. Eisenberg
Attorney at Law
405 Lexington Avenue
48th Floor
New York, NY 10174

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Anthony N. Iannarelli Jr.
Attorney at law
74 Lafayette Avenue
Suite 202 #116
Suffern, New York 10901

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 11/08/2023                                /S/ V. BRAHIMI
                                        *Signature of Clerk or Deputy Clerk*

