United States District Court for the
Southern District of New York

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc.  d/b/a Swing 46 Jazz and Supper Club,  Plaintiffs,  v.  Eric Adams, Mayor of  the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection,  Eric I. Eisenberg, and John and Jane Does One through Thirty,  Defendants. | Case No.  23-cv-6585 |

    <u>Plaintiff's Mohamed John Akhtar and  La Buca Restaurant, Inc.  d/b/a Swing 46 Jazz and Supper Club, Response in Opposition to Defendant Eric Eisenbeg Motion to Dismiss Rules 12(B)(l), 12(B)(2), 12(B)(4), 12(B)(5) and12(B)(6)</u>

Anthony N. Iannarelli Jr.
74 Lafayette Avenue
Suite 202 # 116
Suffern, NY 10901
212-431-1031
Anilaw2@gmail.com

Attorney for Plaintiffs

1

Table of Contents

Page #

Plaintiffs' Mohamed John Akhtar and  La Buca Restaurant, Inc.
        d/b/a Swing 46 Jazz and Supper Club' Preamble in Response…………2

Plaintiffs' Counter-Preliminary Statement……………………………………….…2

        Causes of action against defendant Eisenberg ………………….……..…2

        The false evidence Eisenberg used in violating plaintiff Akhtar's civil and
constitution and pendent tortious acts.……………………………………….…………4

        Defendant Eisenberg's erroneous claim that plaintiff Akhtar can have
his federal constitutional and statutory civil rights adjudication before an
administrative tribunal.……………………………………………………….…..……5

        Adequacy of service of process upon Eisenberg at his place of business…7

        Adequacy of service of process upon Eisenberg at his residence…….……8

        Defendant Eisenberg's misapplication of case law………………….…..…8

        Plaintiffs' intent on amending their complaint………………………..…..…9

Plaintiffs' Counter Argument…………………………………………………….…10

Conclusion.………………………………………………………………………..…12

Cases Cited

Anderson v. Liberty Lobby, 477 U.S. 242 (1986) …………………...….…….…11

Lombardo v. 333 East 49th Partnership, LP, 211 A.D. 3D. 649,
        179 N.Y.S. 3rd 562 (1st Dept. 2022) ………………..…………………..…9

1. <u>Plaintiffs' Mohamed John Akhtar and  La Buca Restaurant, Inc.  d/b/a Swing 46 Jazz and Supper Club' Preamble in Response</u>

Plaintiffs Mohamed John Akhtar and La Buca Restaurant, Inc.  d/b/a Swing 46 Jazz and Supper Club, (hereinafter "plaintiffs"), in their Response in Opposition to defendant Eric Eisenberg's (hereinafter " Eisenberg") Motion to Dismiss, deny the allegations that Eisenberg claims supports his contention that this Court does not have, *inter alia*, subject matter jurisdiction. Plaintiffs' denial includes the allegations made in defendant Eisenberg's preamble, along with the other paragraphs in his moving papers.

2. <u>Plaintiffs' Counter-Preliminary Statement</u>[1]

a. <u>Causes of action against defendant Eisenberg</u>

In the first paragraph of defendant Eisenberg's Preliminary Statement, he gives a recitation of the New York City Administrative Code, Title 1, Chapter 1. § 1-101 *et seq*. But defendant Eisenberg, purportedly to be a lawyer, leaves out the most significant issue:  mainly plaintiffs' case is about Eisenberg, along with others, violating Mohamed John Akhtar's civil and constitutional rights. [2]  <u>See</u> Pc p. 4 at ¶ 11, p. 9 at ¶  29.

---

[1] Defendant Eisenberg does not number his point headings, so plaintiffs will add numbers in chronological order.
[2] Pc stands for Plaintiff's complaint, followed by a page and paragraph number; Db stands for defendant Eisenberg's brief followed  by a page and paragraph number; Dec stands for a Declaration followed by declarant's name and a paragraph number.

Plaintiff Akhtar believes he is being singled out by Eisenberg by his blatant trespass on his property and writing complaints that have no merit.  Exhibit 1, Dec. Aktar ¶ **7.**

There are also two additional causes of action against Eisenberg, Counts Four and Five, pleading, respectively, infliction of emotional distress and fraud. These cause of action fall under Pendent Jurisdiction pursuant to  28 U.S.C. § 1367,  Pc pp. 14 & 15.

Defendant Eisenberg, in his self-anointed role of the enforcer, engaged in offensive acts by repeatedly and defiantly trespassing on plaintiffs' property after being told by plaintiff Mohamed John Akhtar not to do so.  See, Trespass, New York Penal Law §140.05;   Dec. Akhtar  §§ 7-8.  Exhibit 2, Dec. Hayes § 7. As for fraud, defendant Eisenberg, while in the act of trespassing, defendant observed placing what appeared to be a cell phone, or other listening device, directly against the plaintiffs' speakers or windows recording sound that could be only discernable by unlawfully entering plaintiffs' property.  Id.

 

      b.  <u>The false evidence Eisenberg used in violating plaintiff Akhtar's civil and constitution and pendent tortious acts.</u>

The foregoing paragraph describes how defendant Eisenberg collected his "evidence" in support of the numerous "noise" complaints he filed against plaintiffs

with the New City Department of Environmental Protection (Hereinafter

"NYCDEP") and New York City Office of Administrative Trials and Hearing

(hereinafter "OATH". ) Upon information and belief, defendant Eisenberg has no

background or training in the collection of sound evidence. Nor is there any evidence

that the devices used by defendant Eisenberg had been properly calibrated to produce

competent evidence in a later adversarial proceeding.  Cf.  Title: Section 59.4. Breath

analysis instruments  (c) No law enforcement agency shall use a breath analysis

instrument unless the training agency has verified that representative samples of

the specific make and model perform properly. Exhibit 3, Dec. Iannarelli §§ 12-15.

Yet, this is how defendant Eisenberg went about filing complaints, which *de facto*

resulted in substantive violations of  plaintiff  Akhtar civil rights under federal law.

> c.  <u>Defendant Eisenberg's erroneous claim that plaintiff  Akhtar can have</u>
> <u>his federal constitutional and statutory civil rights adjudication before</u>
> <u>an administrative tribunal</u>

In defendant Eisenberg's 2nd paragraph, he states plaintiffs should have gone

before the OATH Tribunal instead of "mak[ing] a federal case out of it."

Defendant Eisenberg is correct on one issue: this is a federal civil rights case.

Plaintiff Mohamed John Akhtar is an imigrant, a person of color, a minority

business owner and as such, he is within a protected class.   OATH does not

adjudicate federal civil rights and constitutional cases.  Even if it did, plaintiffs

would not consent to a venue outside of federal court.  Exhibit 3 Dec. Iannarelli §§ 18 − 22.

I have attempted to get through to OATH and failed. OATH is virtually a non-entity that has not responded to my correspondence and, most significantly, not turned over any evidence that would support defendant Eisenberg's claims.  It purports to have a website, but does not name staff.  Phone calls made to its voicemail are not returned. Until I can be shown otherwise, I have a belief this entity is a phantom.  But whatever the case, there would be a conflict because OATH is sharing in Eisenberg's ill gotten gains and would have no interest in stopping the flow of money.  Id.

In fact, there will be a further in-depth investigation of alleged corruption occurring in the New York City of Department of Environmental Protection.  It is no secret the City of New York is strapped for cash and the method of filing false complaints has become a cash machine for New York City treasury, along with the unscrupulous individuals, defendant Eisenberg among them, that are willing participants in this unlawful scheme.  Exhibit 3 Dec. Iannarelli §§ 9 − 11.

The fines meted out are crimpling, the first offense is over $1,000.00, with the third offense over $5,000.00. Every time defendant Eisenberg issued a summons he takes a percentage of the fines that might be imposed by NYCDEP or Oath. Dec. Akhtar p. 3, ¶ 6.

In all my years as a trial and appellate lawyer, and I have been in virtually every trial, appellate, federal district, and circuit courts in the region, I have never seen anything like this, along with the potential for corruption to unfold. There is something very wrong with how New York City has targeted and come after plaintiff. It comes as no surprise given the current atmosphere.  But crying that New York City is broke is no excuse for trying to bankrupt and destroy my client Mohamed John Akhtar's business by violating his civil rights through the use of unlawfully obtained evidence.

      d. Adequacy of service of process upon Eisenberg at his place of business.

In defendant Eisenberg's 4th paragraph of his Preliminary Statement, he complains service of process upon him is insufficient and personal jurisdiction is lacking. As indicated in my Affirmation of Service, I went to the location of where defendant maintains an office at 405 Lexington Avenue, 48th Floor, New York, New York 10174, a/k/a the Chrysler Building. On my first attempt I was told by a concierge that no one was present at the firm and would not allow me access to the elevator.

Upon my return the very next night I was stopped by a different  concierge who asked for my identification. I provided him with my New York State attorney identification card. The concierge made a phone call and appeared to be looking through a file. He then announced since I was not among the permitted guests, I

would not be permitted access to the elevator.  That was a different story from what I was told the evening before.

The fix was in.  No matter, I left the summons and complaint with the concierge.   Defendant Eisenberg was served at his place of employment.

Members of the bar should not attempt to evade service of process. Nor do concierges have the right to interfere. I made it clear who I was and the purpose in leaving the papers. They could have called up to defendant Eisenberg's office and asked him to come down to accept the summons and complaint. They were acting as defendant Eisenberg's agent by virtue of their occupations as his concierge, but moreover, when they intentionally interfered with the attempt of service of process, they were most assuredly acting as his agent.

e. Adequacy of service of process upon Eisenberg at his residence

Plaintiffs do not concede defendant Eisenberg was not properly served at his place of business, but for arguments sake, even if he was not, defendant was still served at his residence.  It was accepted by a superintendent who stated he was familiar with defendant Eisenberg and would give the summons and complaint to him probably by the next day.  He knew defendant Eisenberg was a lawyer, which would suggest he had accepted papers in the past.

f.  Defendant Eisenberg's misapplication of case law

8

Defendant Eisenberg relies  on a one page decision in <u>Lombardo v. 333 East 49th Partnership, LP</u>, 211 A.D. 3D. 649, 179 N.Y.S. 3rd 562 (1st Dept. 2022) In that case the New York State Appellate Division affirmed the finding of the trial court below.   It did so in that those issues had been "<u>extensively litigated,</u> [and] that defendants have had numerous opportunities to defend themselves against plaintiff's claims…" and failed to do so.  <u>Id</u>. (Underline added.)

g.  <u>Plaintiffs' intent on amending their complaint</u>

Plaintiffs' already intended on amending their complaint, which has not been done previously.  Besides curing any defects, the purpose will be to add other causes of action.  The case is within the statute of limitations and alternative service is available.  The incorrect use of the letter "I" instead of the letter "M, " in Eisenberg's name, is a ministerial error that can be easily cured.

Again, as an attorney at law of New York, Mr. Eisenberg should come forward admit he's been served or accept the summons and complaint and answer the issues therein.

In defendant Eisenberg's last paragraph of this Preliminary Statement, he shows a complete lack of empathy for the damage he has wrought on this man trying to hold onto his business, which has been made vulnerable because of Eisenberg's misconduct. Plaintiff Athkar believes he is currently indebted to the

City of New York for somewhere in the area of $35,000.00. This is primarily

because of Eisenberg.

Plaintiff Akhtar is of the belief that he is being targeted and discriminated

against because of his national origin. Defendant Eisenberg has been an

indispensable adjunct to the New York City Department of Environmental

Protection, along with its Commissioner, Rohit T. Aggarwala. This constitutes a

blatant violation of Plaintiff Akhtar federal civil and constitutional rights.

3. Plaintiffs' Counter Argument

Plaintiffs have already made out their legal argument above. There is

there is no point in being repetitious. Eisenberg's argument might be appropriate

for another case at another time. But for Eisenberg to think he could cause the

amount of damage that he has upon an innocent man, no less an immigrant, a

person of color, a contributing member of his community, and not be held

accountable is inconceivable. Exhibit 1 Akhtar Dec. at   4

Defendant Eisenberg, an individual that holds himself out to be an attorney,

might have an explanation for his conduct. Given the facts of the case, there might

come a time when he will have opportunity to explain himself. But that is all he

deserves at this point, the chance to give his side of the story. Not to have the case

simply go away, never to be held accountable, by his wish to have the case

dismissed on the pleading.

Dismissal on the pleadings follows essentially the same standard as summary judgment.  The prevailing case has been, and continues to be, <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242 (1986) So the U.S. Supreme Court's words are not minced, it is best to have the Court tell it in its own words based upon a clear and convincing evidentiary standard:

> Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no such issue unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. (Quotations in the original.)

Id. 477 U.S. 247-252

Based upon the pleadings herein, the declarations of fact by declarants Anthony N. Iannarelli Jr., Esq.,  plaintiff Mohamed John Akhtar, in behalf of himself and the Swing 46 corporate entity, and witness Sarah Hayes, there exists "a genuine issue of material fact" indicating there lies  "a disagreement of fact between the parties… that is not one sided." <u>Id</u>.

There is one area of fact where plaintiffs concede there is no disagreement of fact. That is a statement on the last paragraph of page 15 running through the top

paragraph of page 16 of Eisenberg's brief.  This long running paragraph gives the inference of an admission by Eisenberg as he opines that the best to collect evidence would be to touch the object to a sound source such  as an  "outdoor speaker or from the establishment's interior…" id.  This admission corroborates both Atkhar and Hayes' Declarations that they observed Eisenber trespassing on plaintiffs' property to collect sounds of music for his complaints.

### 4.   Conclusion

For the reasons stated above, defendant Eisenberg's motion to dismiss should be denied.

December 31, 2023

Anthony N. Iannarelli Jr.
Attorney for Plaintiffs

12