UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| |
MOHAMED JOHN AKHTAR and LA BUCA | |
RESTAURANT, INC. d/b/a SWING 46 JAZZ | |
AND SUPPER CLUB, | |
                               Plaintiff | |
| |
         -against- | 23-CV-6585 (JGLC)(VF)
| |
ERIC ADAMS, Mayor of the City of New | |
York, ROHIT T. AGGARWALA, New York | |
City Department of Environmental Protection, | |
ERIC I. EISENBERG and JOHN AND JANE | |
DOES ONE THROUGH THIRTY, | |
| |
                              Defendants | |
_____

**ERIC EISENBERG'S LETTER RESPONSE TO PLAINTIFFS' JANUARY 2, 2024 LETTER MOTION FOR EXTENSION OF TIME (IMPROPERLY FILED AS A MOTION TO DISQUALIFY THE JUDGE) (D.I. 35)**

Dear Judge Clarke,

I, Eric Eisenberg, write in response to Plaintiffs' letter motion of January 2, 2024, (D.I. 35) seeking, 6 days after the December 27, 2023 extended deadline to respond to my Motion to Dismiss, (D.I. 24), a retroactive further extension of time to respond to this Motion.

I do not believe that Plaintiffs' continued lack of candor with this Court, and their continued refusal to play by this Court's rules or its deadlines, should be rewarded with such further extension.

1

Your Honor's Individual Rules and Practices in Civil Cases, Section 2(e), is clear: "The letter-motion must state: [. . .] (4) the reason for the extension or adjournment; [and] (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent [. . .]."

However, Mr. Iannarelli, as with his prior letter motion for an extension of time (D.I. 31), is again disregarding the requirement to (accurately) explain my reasons for refusal to consent. What's worse, Mr. Iannarelli is doing so willfully, contrary to my specific request that he include the relevant correspondence in his letter motion, in order to cover up that the reasons he is now giving to this Court completely contradict the reasons he provided to me.

Mr. Iannarelli, in his January 2, 2024 letter, claims "While I was to (sic.) prepared to have the response completed by December 27th, my client, Mohammed John Akhtar, was not." This completely contradicts Mr. Iannarelli's December 27, 2023, after close-of-business, email to me, requesting "another day, or possibly two," in which the sole reason given was that "Christmas intervened, and notwithstanding they are adults, I am still the father to three children." *See* attached correspondence chain. I promptly responded that same evening, while traveling abroad on vacation, with my reasons for not consenting to the extension, and cautioned that "I would appreciate it if you would include this entire email chain with any letter extension you may submit to the Court, to avoid you again misconstruing my position as you did with your previous extension request (D.I. 31)." *Id*. Mr. Iannarelli has willfully ignored this caution, again misconstruing my position.

Your Honor's Individual Rules and Practices in Civil Cases, Section 2(e), is also clear as to when extension requests are to be made: "Absent an emergency, any request for extension or adjournment shall be made as early as possible, and *at least 48 hours* prior to the deadline or

2

scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline." Mr. Iannarelli has explained no emergency that prevented him from asking for this extension well prior to the December 27, 2023 deadline. His belated (and deceptive) request 6 days *after* the deadline, is simply inexcusable.

Moreover, the Opposition itself (D.I. 34), which reveals for the very first time that Plaintiffs had long been planning to amend their defective Complaint, demonstrates Plaintiffs' failure or refusal to abide by Your Honor's Individual Rules and Practices in Civil Cases, Section 4(e) (relating to how and when notice of intent to amend a complaint must be made).

For these reasons, as well as the reasons provided to Mr. Iannarelli in the attached correspondence, I would ask that this Court follow its own guidance and deny Plaintiffs' second, deceptive, and untimely, request for an extension of time.

In addition, I would ask that this Court strike Plaintiffs' untimely Opposition and accompanying affidavits, (D.I. 34) and remove them from public accessibility, at least as they are replete with unsupported and outlandish claims and accusations that appear, at first blush, to amount to libelous, slanderous, and/or defamatory matter.

Thank you for your consideration as to this matter.

Dated (and executed in):   Miami, Florida   Respectfully submitted,
                            January 2, 2024

                                                                                                                                         s/    *Eric Eisenberg*
                                                                                                                                         ERIC EISENBERG
                                                                                                                                        1300 S Miami Ave
Unit 1408
Miami, FL 33130
(646) 801-6705
ericeis@gmail.com

cc: all parties (by ECF)

Encl. Exhibit A (December 27, 2023 email chain between myself and Plaintiffs' counsel)