UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

                             Plaintiffs,

                                  23 CV 6585 (JGLC)

              -against-

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

                           Defendants.

---------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

HON. SYLVIA O. HINDS-RADIX,
Corporation Counsel of the City of New York
*Attorney for the City Defendants*
100 Church Street
New York, New York 10007
Tel: (212) 356-2212

MICHELLE GOLDBERG-CAHN
MARK MUSCHENHEIM
KERRI A. DEVINE
GENAN F. ZILKHA
        Of Counsel,

January 26, 2024

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF RELEVANT FACTS AND LAW .................................................... 2

ARGUMENT

STANDARD OF REVIEW

       A.  Standard for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) ........................................................................ 5

POINT I

      THE COMPLAINT FAILS TO STATE A CLAIM .................................. 6

       A.  Plaintiffs Fail to State a Claim for a Violation of Procedural Due Process .................................................... 7

       B.  Plaintiffs Fail to State a Claim for a Violation of Substantive Due Process .................................................. 10

       C.  Plaintiffs Fail to State a Claim for Violation of the Right to Equal Protection ............................................ 10

       D.  Plaintiffs Fail to State a Claim for a Violation of their First Amendment Rights .......................................... 12

       E.  The Complaint Fails to State a Claim for a Violation of Civil Rights Under 42 USC § 1983 .............................. 13

       F.  The Complaint Fails to State a Claim for Intentional or Negligent Infliction of Emotional Distress .......................................................................... 15

       G.  Plaintiffs Fail to State a Claim for Fraud .......................... 17

POINT II

      PLAINTIFFS DO NOT HAVE STANDING TO SEEK THE INJUNCTIVE RELIEF SOUGHT IN THE COMPLAINT .................................................................. 18

CONCLUSION ................................................................................................................ 19

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

Alfaro Motors, Inc. v. Ward,
  814 F.2d 883 (2d Cir. 1987)....................................................................................14

Anderson v. City of New York,
  817 F. Supp. 2d 77 (E.D.N.Y. 2011) .....................................................................11

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)...........................................................................................5, 6, 7

Bd. of the County Comm'rs v. Brown,
  520 U.S. 397 (1997)................................................................................................15

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007)..................................................................................................5

Brown v. City of New York,
  95 N.Y.2d 389 (2000) .............................................................................................15

Budhani v. Monster Energy Co.,
  527 F. Supp. 3d 667 (S.D.N.Y. 2021)....................................................................17

Burns v. City of Utica,
  590 F. App'x 44 (2d Cir. 2014) .........................................................................14, 15

Burson v. Freeman,
  504 U.S. 191 (1992)................................................................................................12

Church of Am. Knights of the KKK v. Kerik,
  356 F.3d 197 (2d Cir. 2004)....................................................................................11

City of Chicago v. Int'l Coll. of Surgeons,
  522 U.S. 156 (1997)................................................................................................15

City of Cleburne v. Cleburne Living Ctr.,
  473 U.S. 432 (1985)................................................................................................10

Clapper v. Amnesty Int'l USA,
  568 U.S. 398 (2013)................................................................................................18

Coon v. Town of Springfield,
  404 F.3d 683 (2d Cir. 2005)....................................................................................15

Davidson v. Flynn,
  32 F.3d 27 (2d Cir. 1994)..........................................................................................5

**Cases**                                                                           **Page(s)**

Forest Bay Constr. N.Y., Inc. v. Director Door Corp.,
   271 A.D.2d 484 (2d Dep't 2000) ........................................................16

Freedom Holdings, Inc. v. Spitzer,
   357 F.3d 205 (2d Cir. 2004)................................................................11

Garber v. Legg Mason, Inc.,
   537 F. Supp. 2d 597 (S.D.N.Y. 2008)..................................................6

Gerena v. New York State Office of Mental Health,
   11 Civ. 4450 (KAM), 2018 U.S. Dist. LEXIS 248302
   (E.D.N.Y. Feb. 27, 2018).....................................................................7

Golden Archer Invs. v. Skynet Fin. Sys., LLC,
   11 Civ. 3673 (RJS), 2013 U.S. Dist. LEXIS 35690
   (S.D.N.Y. Feb. 22, 2013)....................................................................16

Grandon v. Merrill Lynch & Co.,
   147 F.3d 184 (2d Cir. 1988)..................................................................5

Harris v. Mills,
   572 F.3d 66 (2d Cir. 2009)....................................................................5

Heffron v. International Society for Krishna Consciousness, Inc.,
   452 U.S. 640 (1981)............................................................................12

Housing Works, Inc. v. Kerik,
   283 F.3d 471 (2d Cir. 2002)................................................................12

Howell v. New York Post Co.,
   81 N.Y.2d 115 (1993) .........................................................................16

Ilya Feliksovich Iosilevich v. City of New York,
   21 Civ. 4741 (RPK) (LB), 2022 U.S. Dist. LEXIS 143614
   (E.D.N.Y. Aug. 10, 2022)...................................................................18

Jackson-Bey v. Hanslmaier,
   155 F.3d 1091 (2d Cir. 1997)..............................................................18

James v. Flynn,
   132 A.D.3d 1214 (3d Dep't 2015) ......................................................16

Johnson v. Cook,
   19 Civ. 1464 (CSH), 2021 U.S. Dist. LEXIS 123147
   (D. Conn. July 1, 2021).......................................................................11

**Cases**                                                                                          **Page(s)**

Kolari v. New York-Presbyterian Hosp.,
    455 F.3d 118 (2d Cir. 2006).................................................................15

United States *ex rel.* Ladas v. Exelis, Inc.,
    824 F.3d 16 (2d Cir. 2016)..................................................................17

Lauer v. City of New York,
    240 A.D.2d 543 (2d Dep't 1997) .........................................................16

Lepper v. Scordino,
    22-1064, 2023 U.S. App. LEXIS 14867
    (2d Cir. June 15, 2023) ......................................................................11

Lowrance v. Achtyl,
    20 F.3d 529 (2d Cir. 1994)..................................................................10

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992)............................................................................18

Madonna v. United States,
    878 F.2d 62 (2d Cir. 1989)....................................................................5

Mandala v. NTT Data, Inc.,
    975 F.3d 202 (2d Cir. 2020)...................................................................6

Manuel v. City of Joliet,
    580 U.S. 357 (2017)............................................................................14

Monell v. Dep't of Soc. Servs. of the City of New York,
    436 U.S. 658 (1978)............................................................................14

Mordukhaev. v. Daus,
    457 F. App'x 16 (2d Cir. 2012) .............................................................9

Nestle Waters N. Am., Inc. v. City of New York,
    689 F. App'x 87 (2d Cir. 2017) ........................................................9-10

New Jersey Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC,
    720 F. Supp. 2d 254 (S.D.N.Y. 2010)..................................................5-6

New York State NOW v. Pataki,
    261 F.3d 156 (2d Cir. 2001)...................................................................9

Okin v. Village of Cornwall-on-Hudson Police Dep't,
    577 F.3d 415 (2d Cir. 2009)...........................................................10, 11

**<u>Cases</u>**                                                                    **<u>Page(s)</u>**

<u>Oles v. City of New York</u>,
   21 Civ. 9393, 2022 U. S. Dist. LEXIS 98978
   (S.D.N.Y. June 2, 2022)
   <u>aff'd</u>, 2023 U.S. App. LEXIS 11074
   (2d Cir. May 5, 2023) ...................................................................................7

<u>Olivieri v. Ward</u>,
   801 F.2d 602 (2d Cir. 1986)
   <u>cert. denied</u>, 480 U.S. 917 (1987) ..........................................................12

<u>Pasternack v. Laboratory Corp. of Am. Holdings</u>,
   27 N.Y.3d 817 (2016) ..............................................................................16

<u>Rackley v. City of New York</u>,
   186 F. Supp. 2d 466 (S.D.N.Y. 2002).......................................................7

<u>Ramchair v. Conway</u>,
   601 F.3d 66 (2d Cir. 2010)........................................................................7

<u>Regeda v. City of New York</u>,
   09 Civ. 5427 (KAM) (VVP), 2012 U.S. Dist. LEXIS 186256
   (E.D.N.Y. Sept. 7, 2012)...................................................................16, 17

<u>Rivera v. City of New York</u>,
   22 Civ. 616 (PKC) (PK), 2023 U.S. Dist. LEXIS 176495
   (E.D.N.Y. Sept. 30, 2023)........................................................................18

<u>Rosa R. v. Connelly</u>,
   889 F.2d 435 (2d Cir. 1989)....................................................................13

<u>Santiago v. City of New York</u>,
   697 F. App'x 36 (2d Cir. 2017) ...............................................................15

<u>Sbarra v. Port Auth.</u>,
   10 Civ. 8580 (CM), 2011 U.S. Dist LEXIS 102724
   (S.D.N.Y. Sept. 9, 2011)...........................................................................7

<u>Solomon v. New York</u>,
   66 N.Y.2d 1026 (1985) ............................................................................16

<u>Spokeo, Inc. v. Robins</u>,
   578 U.S. 330 (2016)..................................................................................18

<u>Tavares v. City of New York</u>,
   08 Civ. 3782 (PAE) (JCF), 2011 U.S. Dist. LEXIS 137381
   (S.D.N.Y. Oct. 17, 2011) .........................................................................14

**Cases**                                                                                       **Page(s)**

Trinity Bui v. Indus. Enters. of Am.,
    594 F. Supp. 2d 364 (S.D.N.Y. 2009)..................................................................17

United States v. Grace,
    461 U.S. 171 (1983).........................................................................................12

Village of Willowbrook v. Olech,
    528 U.S. 562 (2000).........................................................................................10

Ward v. Rock Against Racism,
    491 U.S. 781 (1989).........................................................................................12

**Statutes**

15 R.C.N.Y. § 47-02 ..............................................................................................3

28 U.S.C. § 1367(a) ..............................................................................................15

42 U.S.C. § 1983 ..........................................................................................7, 13, 14

48 R.C.N.Y. § 6-07 ................................................................................................4

48 R.C.N.Y. § 6-07(a) .......................................................................................4, 8, 9

48 R.C.N.Y. § 6-07(b) .........................................................................................4, 9

48 R.C.N.Y. § 6-07(c) .........................................................................................4, 9

48 R.C.N.Y. § 6-18(a) ............................................................................................8

48 R.C.N.Y. § 621(a) .............................................................................................8

48 R.C.N.Y. § 621(b) .............................................................................................8

48 R.C.N.Y. § 621(c) .............................................................................................8

Fed. R. Civ. P. 8(a)(2) ............................................................................................7

Fed. R. Civ. P. 9(b) ..............................................................................................17

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 5, 7

G.M.L. § 50-e .....................................................................................................15

N.Y.C. Admin. Code § 7-201(a)...............................................................................15

N.Y.C. Admin. Code § 24-244(b)..............................................................................3, 4

**<u>Statutes</u>**                                                                      **<u>Page(s)</u>**

N.Y.C. Admin. Code § 24-261 ........................................................................................2

N.Y.C. Admin. Code § 24-261(d).................................................................................3, 4

N.Y.C. Admin. Code § 24-261(e).................................................................................3, 4

N.Y.C. Charter § 1048(1)................................................................................................3

N.Y.C. Charter § 1049-1(d)(1)(h)...................................................................................8

N.Y.C. Charter § 1049-a.................................................................................................3

N.Y.C. Charter § 1049-a(c)(1)(d)................................................................................3, 8

N.Y.C. Charter § 1049-a(d)............................................................................................8

N.Y.C. Charter § 1049-a(d)(1)(a)...............................................................................3, 8

N.Y.C. Charter § 1049-a(d)(1)(d)...................................................................................8

N.Y.C. Charter § 1049-a(d)(1)(d)(i)...............................................................................4

N.Y.C. Charter § 1049-a(d)(1)(h)................................................................................4, 9

Defendants Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, Commissioner of the New York City Department of Environmental Protection ("DEP"), and DEP (collectively "City Defendants"), by their attorney, HONORABLE SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, submit this memorandum of law in support of City Defendants' motion to dismiss the Complaint ("Compl.") (ECF 1) pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6).

## PRELIMINARY STATEMENT

The Complaint sets forth a plethora of constitutional and state tort claims arising from the alleged issuance of summonses to plaintiffs Mohamed John Akhtar ("Akhtar") and La Buca Restaurant. Inc. d/b/a Swing 46 Jazz and Supper Club. ("Swing 46") (collectively "Plaintiffs") *via* the Citizen's Complaint Program for violations of the New York City Noise Control Code ("Noise Code"). The allegations in the Complaint, however, consist solely of conclusory assertions and lack factual details necessary to state a claim. For starters, the Complaint contains no specifics with respect to the summonses allegedly issued to Plaintiffs such as the summons numbers, dates they were issued, the charges set forth in them, or whether they were issued to either Akhtar or Swing 46.

Specifically with respect to their procedural due process claim, Plaintiffs do not allege whether they availed themselves of the administrative procedures available for challenging summonses issued for violations of the Noise Code, which provide Plaintiffs with all the process they were due, and if they did, whether they sought additional relief by commencing a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"). Furthermore, the Complaint is devoid of allegations to sufficiently set forth a substantive due process claim that City Defendants acted in a manner that would shock the conscience. Accordingly, Plaintiffs' due process claims should be dismissed.

Plaintiffs' equal protection claim, which appears to be premised on the theory that the Noise Code was selectively enforced against Plaintiff Akhtar because he is from Bangladesh, is similarly faulty. First, there are no allegations to suggest that City Defendants were even aware of Akhtar's race or ethnicity. Second, the Complaint fails to plead the existence of any comparators. As to Plaintiffs' First Amendment claim, the Complaint is utterly lacking in any allegations to support such a claim.

As Plaintiffs have failed to set forth factual allegations to support their constitutional claims, their claim for municipal liability should also be dismissed. Moreover, even had Plaintiffs set forth a constitutional claim, they fail to allege sufficient facts to set forth a claim for municipal liability, which requires, inter alia, an allegation that such violation was caused by "a governmental custom, policy, or usage" and therefore the Complaint should be dismissed for that reason as well.

Plaintiffs' tort claims fare no better. The failure to plead that Plaintiffs have filed a Notice of Claim is fatal to their state-based tort claims. In any event, claims for intentional/reckless infliction of emotional distress must be dismissed as against City Defendants because such claims are prohibited against governmental entities. Plaintiffs also fail to plead the elements of a claim for negligent infliction of emotional distress or fraud against the City Defendants.

## STATEMENT OF RELEVANT FACTS AND LAW

Plaintiffs, owners of a restaurant which provides "live singing and music," allege that they were issued summonses for "'noise' complaints" by private citizen co-defendant Eric Eisenberg, through DEP's Citizen's Complaint Program. Compl. ¶8, 14, 15, 17. The Citizen's Complaint Program, codified in New York City Administrative Code ("Administrative Code") § 24-261, provides a procedure by which members of the public ("Citizen Reporters") may report various violations of the Noise Code, which is codified in Chapter 2 of Title 24 of the

Administrative Code. The Citizen's Complaint Program further authorizes the award to Citizen Reporters of a statutory share of any penalties collected based on the successful prosecution of a reported violation of the Noise Code. Administrative Code § 24-261 (d) & (e). Summonses for violations of the Noise Code can be issued for, inter alia, the "opera[tion of] any sound reproduction device, for commercial or business advertising purposes or for the purpose of attracting attention to any performance, show, sale or display of merchandise, in connection with any commercial or business enterprise." Administrative Code § 24-244(b).

Summonses issued for violations of the Noise Code are adjudicated by the Environmental Control Board ("ECB").[1] See City Charter §§ 1049-a(c)(1)(d), 1049-a(d)(1)(a).

The Noise Code penalty schedule, set forth in Chapter 47 of Title 15 of the Rules of the City of New York ("RCNY"), sets forth the penalties for violations of the Noise Code. For violations of Administrative Code § 24-244(b), a possible and likely charge in the summonses alleged to have been issued to Plaintiffs, 15 RCNY § 47-02 provides for a penalty of $440 for a first violation, a penalty of $880 for a second violation, and a penalty of $1,320 for a third violation. Default penalties, issued when a summons recipient fails to appear for a scheduled hearing at ECB, range from $1,750 to $5,250.

While the Citizen's Complaint program previously allowed Citizen Reporters to collect twenty-five percent of penalties imposed as the result of a successful proceeding commenced by DEP premised on a Citizen Reporter's complaint, and fifty percent of the penalties imposed as the result of a successful proceeding commenced by the Citizen Reporter on a civilian-issued complaint, the provisions allowing for such collection were recently amended. On December 6, 2023, the New York City Council passed Local Law 16 for the year 2024 which

---

[1] ECB is part of the New York City Office of Administrative Trials and Hearings ("OATH") which is responsible for conducting administrative adjudicatory hearings. See Charter City Charter §§ 1048(1), 1049-a.

amended Administrative Code § 24-261(d) and (e) to cap the amount that can be collected by a Citizen Reporter for violations of Administrative Code § 24-244(b) at $10.

Although Plaintiffs allege that they have been "receiving summons over alleged noise complaints issued by private citizens" (Compl. ¶ 15), Plaintiffs do not allege whether any of these unidentified summonses have been administratively adjudicated, other than that a default decision was allegedly entered on one. Compl. ¶ 33.

The failure of a party named in a summons (or "respondent") to appear on a designated hearing date at ECB may result in a default decision being entered. City Charter § 1049-a (d)(1)(d)(i). However, before a judgment may be issued after a default decision, City Charter § 1049-a (d)(1)(h) allows a respondent to seek a stay of a default and request a hearing. Plaintiffs do not allege that they have requested a stay of the default decision or requested a hearing.

Parties to a proceeding before ECB may engage in limited pre-hearing discovery as set forth in 48 RCNY § 6-07. A party may seek the names of witnesses and documents intended to be submitted as evidence via a written request at least five business days prior to the schedule hearing date." Id. at § 6-07(a). Other applications or motions for discovery shall be made to the Hearing Officer. Id. at § 6-07(b). Where a party refuses to properly respond to a lawful discovery order or request, "the Hearing Officer may take whatever action he or she deems appropriate including but not limited to preclusion of evidence or witnesses." Id. at § 6-07(c).

While Plaintiffs claim that they made a "formal demand" to DEP for the "production of any evidence that would support the charges brought against" them, and that DEP "refused to comply with the demand" (Compl. ¶ 20), Plaintiffs do not allege that they complied with the procedures for seeking discovery or brought any alleged failure to comply with a proper request or demand to the attention of the Hearing Officer.

## ARGUMENT

## STANDARD OF REVIEW

**A.      Standard for a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept the facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1988); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)).

A complaint must nevertheless "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citations and quotations omitted).

Further "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)(citations omitted). Similarly, "[b]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations and will not defeat the motion." New Jersey Carpenters Vacation Fund v. Royal Bank of Scot. Group, PLC, 720 F. Supp. 2d 254, 261 (S.D.N.Y. 2010) (quoting Garber v. Legg Mason, Inc., 537 F. Supp. 2d 597, 610 (S.D.N.Y. 2008)).

The Supreme Court in <u>Iqbal</u> set forth a "two-pronged" approach for analyzing a motion to dismiss. <u>Iqbal</u>, 556 U.S. at 679. First, a court should "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id</u>. Once the court has stripped away the conclusory allegations, it must determine whether the complaint's "well-pleaded factual allegations…plausibly give rise to an entitlement to relief." <u>Id</u>. In making its evaluation, a court must undertake a "context-specific task" that requires it to draw on its judicial experience and common sense. <u>Id</u>. at 679. Where the well-pleaded facts do not permit the court to infer more than the mere "plausible claim for relief" the motion to dismiss must be granted and the Complaint must be dismissed. <u>Id</u>. at 678-79.

## POINT I

## THE COMPLAINT FAILS TO STATE A CLAIM

The Complaint fails to set forth any cognizable claim. Plaintiffs allege that, as the result of being issued unidentified summonses, their rights to equal protection, due process, a fair trial, to freedom of expression, and to be free from discrimination have been violated. Compl. ¶¶ 33, 36, & 43. Additionally, Plaintiffs claim that summonses issued for violations of the Noise Code were fraudulently issued and caused them emotional distress. Plaintiffs set forth these claims yet fail to provide any specifics as to the summons numbers, dates they were issued, who they were issued to, or the specific Noise Code violations identified in theses summonses. Compl. ¶¶ 15, 17, 27, 49. These vague claims, without any factual detail, fail to state a claim. <u>See</u> <u>Mandala v. NTT Data, Inc.</u>, 975 F.3d 202, 207 (2d Cir. 2020) ([W]hile this plausibility pleading standard is forgiving, it is not toothless. It does not require us to credit 'legal conclusion[s] couched as . . . factual allegation[s]' or 'naked assertions devoid of further factual enhancement.'") (quoting <u>Iqbal</u>, 556 U.S. at 678.)

Therefore, as set forth in further detail below, since the Complaint fails to meet the pleading standard under Fed. R. Civ. P. 8(a)(2), it fails to state a claim upon which relief may be granted and is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

**A.      Plaintiffs Fail to State a Claim for a Violation of Procedural Due Process**

Plaintiffs' conclusory assertions that they have been deprived of due process in connection with summonses issued to them for violations of the Noise Code (Compl. ¶¶ 33, 36)[2] are insufficient to set forth a claim. "To succeed on their claim plaintiffs must allege that they were deprived by state action of a property right…without being afforded due process of law." Sbarra v. Port Auth., 10 Civ. 8580 (CM), 2011 U.S. Dist LEXIS 102724, at *29 (S.D.N.Y. Sep. 9, 2011).

"[T]he availability of adequate pre-deprivation and post-deprivation remedies under state law will defeat a § 1983 action brought against state actors--so long as the claimant had sufficient notice of such remedies…." Rackley v. City of N.Y., 186 F. Supp. 2d 466, 481 (S.D.N.Y. 2002). "Particularly where they are backstopped by full adversarial proceedings in state court, pre-deprivation proceedings 'need not be elaborate' so long as they offer 'notice and an opportunity to respond' to the allegations[.]" Oles v. City of New York, No. 21 Civ. 9393, 2022 U. S. Dist. LEXIS 98978, *17 (S.D.N.Y. June 2, 2022) aff'd 2023 U.S. App. LEXIS 11074 (2d Cir. May 5, 2023).

Summonses are issued for violations of the Noise Code and are returnable before ECB. These summonses are adjudicated at hearings before ECB in accordance with City Charter § 1049-a(d). The rules of practice for these hearings is found in Chapter 6 of Title 48 of the RCNY.

---

[2] Plaintiffs also seek redress for violations of their right to a fair trial and "right to a defense." See Compl. ¶ 36. The Sixth Amendment to the United States Constitution, which guarantees the right to a fair trial, only applies in "criminal proceedings." Ramchair v. Conway, 601 F.3d 66, 73 (2d Cir. 2010); Gerena v. New York State Office of Mental Health, 11 Civ. 4450 (KAM), 2018 U.S. Dist. LEXIS 248302, *25 (E.D.N.Y. Feb. 27, 2018). Plaintiffs' alleged violation of a right to a fair trial can be interpreted as a procedural due process violation.

A decision rendered by ECB after a hearing may be administratively appealed under 48 RCNY § 6-18(a), and a final determination after an administrative appeal may be challenged in a proceeding pursuant to Article 78 of the CPLR. A party named in a summons (or "respondent") who fails to appear at a hearing at ECB may be found in default under City Charter § 1049-a(d)(1)(d). A respondent in default may then move to vacate the default and receive a new hearing under 48 RCNY § 621(a) – (c), however, the default may not be administratively appealed. A denial of a request for a new hearing after default may only be challenged in a proceeding under Article 78 of the CPLR.

Plaintiffs appear to allege that their due process rights were violated in two ways: (1) by the issuance of a default decision on one of the summonses allegedly issued to them for violating the Noise Code (Compl. ¶33); and (2), by the alleged failure of the City Defendants to provide them with the evidence City Defendants intend to use in prosecuting Noise Code violations. Compl. ¶ 32. Pre-deprivation administrative processes were available to Plaintiffs with respect to both. The City Charter and RCNY provide administrative mechanisms for challenging Noise Code violations, including for vacating default decisions, and for obtaining pre-hearing discovery. Violations of the Noise Code are adjudicated at hearings held at ECB (City Charter §§ 1049-a(c)(1)(d); 1049-a(d)(1)(a)) and where a respondent fails to appear at a proceeding before ECB, the respondent may seek a stay of the default and request a hearing. Id. at 1049-1(d)(1)(h). Additionally, pre-hearing discovery may be obtained upon a written request received by the opposing party five days prior to the scheduled hearing. See 48 RCNY § 6-07(a). To the extent a party fails to respond to a discovery request, the Hearing Officer may take "whatever action he or she deems appropriate." Id. at § 6-07(c).

8

Plaintiffs fail to allege whether they have availed themselves of the administrative procedures for challenging the summonses allegedly issued to them, despite the existence of a robust framework for doing so. And while the Complaint alleges that a default decision was entered as to one such summons (Compl. ¶ 33), Plaintiffs do not allege that they have endeavored to vacate the default through the process set forth in City Charter § 1049-a (d)(1)(h). Additionally, although Plaintiffs allege that they "made a formal demand to DEP" for evidence (Compl. ¶ 20) Plaintiffs similarly fail to allege that they availed themselves of the proper procedures for obtaining pre-hearing discovery, and for pursuing relief before a Hearing Officer to address any claims that a party failed to respond to a pre-hearing discovery request. See 48 RCNY § 6-07(a)-(c). As Plaintiffs were provided with all of the process they were due, their due process claim fails, eventhough they apparently did not avail themselves of such procedures. "[A]procedural due process violation cannot have occurred when the governmental actor provides apparently adequate procedural remedies and the plaintiff has not availed himself of those remedies." N.Y. State NOW v. Pataki, 261 F.3d 156, 169 (2d Cir. 2001).

Additionally, if indeed Plaintiffs did administratively challenge any of the summonses, they had a further opportunity to challenge them, including the alleged default decision, in a proceeding pursuant to Article 78 of the CPLR. See Mordukhaev. v. Daus, 457 F. App'x 16, 21 (2d Cir. 2012) ("[W]hile Mordukhaev did not avail himself of an Article 78 proceeding, the existence of that proceeding confirms that state law afforded him adequate process to defeat his constitutional claim."); see also Nestle Waters N. Am., Inc. v. City of New York, 689 Fedd. Appx. 87, 88 (2d Cir. 2017). Plaintiffs' procedural due process claim should therefore be dismissed.

**B.      Plaintiffs Fail to State a Claim for a Violation of Substantive Due Process[3]**

Plaintiffs also fails to state a claim for a violation of their substantive due process rights. A violation of a right to substantive due process occurs only where the challenged action was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Okin v. Vil. of Cornwall-on-Hudson Police Dept., 577 F.3d 415, 431 (2d Cir. 2009) (quotations omitted). "Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is "incorrect or ill-advised[.]" Lowrance v. Achtyl, 20 F.3d 529, 537 (2d Cir. 1994).

The issuance of summonses to Plaintiffs for violations of the Noise Code, all of which may be challenged at ECB and then through an Article 78 proceeding, can, in no way, be found to be conscience shocking. See Nestle Waters N. Am., Inc., 689 Fed. Appx. at 88. Thus, any claim for a violation of Plaintiffs' right to substantive due process also fails.

**C.      Plaintiffs Fail to State a Claim for Violation of the Right to Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat all similarly situated individuals alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). See also Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (purpose of the Equal Protection Clause is to secure against intentional and arbitrary discrimination). Plaintiffs do not identify which Equal Protection theory they assert a claim under, but allege that as Plaintiff Akhtar is an ethnic Bangladeshi, and as a result is "particularly susceptible to government overreach." Compl. ¶ 31. It thus appears that Plaintiffs are proceeding

---

[3] While it does not appear that Plaintiffs are asserting a claim that their substantive due process rights have been violated, the vague assertions of due process violations make it unclear. Compl. ¶¶ 33, 36.

under the theory that the Noise Code is being selectively enforced against them.[4] Plaintiff Akhtar's mere belief that he is being treated in a particular way due to his nation of origin, however, is insufficient to set forth such a claim.

"To establish a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must ordinarily show the following: (1) that the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004). To satisfy the first prong, Plaintiffs must sufficiently plead the existence of similarly situated individuals of a different ethnicity who were not subjected to the same enforcement. Lepper v. Scordino, No. 22-1064, 2023 U.S. App. LEXIS 14867, at *2–3 (2d Cir. June 15, 2023); Church of Am. Knights of the KKK v. Kerik, 356 F.3d 197, 210 (2d Cir. 2004); Anderson v. City of New York, 817 F. Supp. 2d 77, 94 (E.D.N.Y. 2011).

Plaintiffs fail to plead the existence of similarly situated comparators, and accordingly, their selective enforcement claim must be dismissed. The Complaint is devoid of any allegations of non-Bangladeshi individuals who were similarly situated to Plaintiffs, but to whom no summonses were issued. There are no facts alleged in the Complaint to evidence that Plaintiffs have been treated differently from any other business whatsoever. In fact, Plaintiffs do not discuss whether other businesses are receiving noise complaints from Citizen Reporters or how many noise complaints they may or may not be receiving. Significantly, the Complaint lacks any allegations

---

[4] Plaintiffs similarly fail to set forth an Equal Protection claim under the theory that the facially neutral Noise Code is being applied in a discriminatory manner in that the Complaint fails to plausibly allege that discriminatory intent was the motivating factor for any action taken by City Defendants with respect to Plaintiffs. See Johnson v. Cook, No. 19 Civ. 1464 (CSH), 2021 U.S.Dist. LEXIS 123147, at *52 (D. Conn. July 1, 2021)(citing Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 438 (2d Cir 2009)).

to suggest that City Defendants were even aware of Plaintiff Akhtar's ethnicity as Plaintiffs allege that Co-Defendant Eisenberg issued the summonses in questions, not City employees, (Compl. ¶¶8, 15) and that Plaintiffs failed to appear for at least one ECB hearing (Compl. ¶33).

To the extent Plaintiffs claim they are being selectively targeted in attempt to put them out of business to clear the way for casino gambling (Compl. ¶ 18) or because dancing offends the religious sensibilities of individuals at City Hall (Compl. ¶ 43), such allegations are entirely speculative and baseless. Moreover, Plaintiffs again fail to plead the existence of similarly situated comparators to support such a claim.

**D.    Plaintiffs Fail to State a Claim for a Violation of their First Amendment Rights**

While City Defendants recognize that music constitutes expression that is entitled to First Amendment protection, "the First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." Heffron v. International Society for Krishna Consciousness, Inc., 452 U.S. 640, 647 (1981). See also United States v. Grace, 461 U.S. 171, 177-78 (1983); Olivieri v. Ward, 801 F.2d 602, 605 (2d Cir. 1986), cert. denied, 480 U.S. 917 (1987) ("the First Amendment does not guarantee an absolute right to anyone to express their views any place, at any time, and in any way they want."). "'[E]xpressive activity, even in a quintessential public forum, may interfere with other important activities for which the property is used.'" Housing Works, Inc. v. Kerik, 283 F.3d 471, 478 (2d Cir. 2002), quoting Burson v. Freeman, 504 U.S. 191, 196 (1992). Plaintiffs' right to play music may be curtailed by reasonable restrictions on the time, place, or manner of speech. See Ward v. Rock Against Racism, 491 U.S. 781, 791 (1989); Housing Works, Inc., 283 F.3d at 478.

It is unclear how Plaintiffs believe City Defendants are violating their First Amendment rights as the Complaint alleges no actual violations of Plaintiffs' First Amendment Right. Instead, the Complaint contains allegations that any violations of Plaintiffs' First

Amendment rights are related to "swing dancing" (Compl. 39) or because they are being issued Noise Code summonses for sounds that might "leak out" "by chance." Compl. ¶ 41. These threadbare, and garbled, allegations are insufficient to set forth a violation of their First Amendment rights.

Further, Plaintiffs do not allege whether they are asserting a facial or as-applied challenge of the Noise Code or how, if at all, their freedom of expression has been abridged by the alleged issuance of any of the summonses. To the extent they assert an as-applied claim, Plaintiffs do not even specify which section(s) of the Noise Code they have been charged with, and other than indicating that a default was entered on one of the summonses, there are no allegations as to whether any of the summonses have been adjudicated.

To the extent Plaintiffs have alleged that their right to free expression has been restrained by their inability to "defend[] against defendants' very own complaints" because the City Defendants are "holding back evidence…in an unlawful and unconstitutional manner" (Compl. ¶ 44) this argument fails to state a claim for violation of right to free expression. To the contrary, this is nothing more than a re-allegation of Plaintiffs' due process claims and, as set forth in subheading A, supra, Plaintiffs have failed to state a due process claim.

**E.      The Complaint Fails to State a Claim for a Violation of Civil Rights Under 42 USC § 1983**

Plaintiffs seeks redress for violations of Plaintiff Akhtar's civil rights under 42 USC § 1983 based on his status as an "émigré from the Country of Bangladesh." See Compl. ¶¶ 30, 31. Title 42 U.S.C. "§ 1983 creates no independent, substantive constitutional rights but rather is a vehicle for enforcing such rights." Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989). "[I]t is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are

nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987) "[The Court's holding] addresses only the threshold inquiry in a §1983 suit, which requires courts to 'identify the specific constitutional right' at issue. After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." <u>Manuel v. City of Joliet</u>, 580 U.S. 357, 370 (2017)(quotations omitted).

Plaintiff Akhtar has failed to state a claim for a violation of his civil rights under 42 U.S.C. § 1983 because he has failed to sufficiently allege a deprivation of his constitutional rights. First, as set forth in more detail above in subheadings A-D, <u>supra</u>, the Complaint is devoid of any "specific allegations of fact" that indicate a deprivation of a constitutional right. Plaintiffs' vague and conclusory allegations that the Defendants have acted "in a blatantly unconstitutional and unlawful effort to deprive plaintiff of his constitutional right" fail as Plaintiffs have not identified the constitutional right that is being violated. Compl. ¶ 32. Absent a sufficiently pled allegation of the deprivation of a constitutional right, the Complaint fails to state a claim under § 1983. <u>See</u> <u>Tavares v. City of N.Y.</u>, 08 Civ. 3782 (PAE) (JCF), 2011 U.S. Dist. LEXIS 137381, at *12 (S.D.N.Y. Oct. 17, 2011) ("As a threshold matter, analysis of a claim brought under Section 1983 begins with identification of the precise constitutional right allegedly violated.")

Plaintiffs similarly fail to set forth a claim for municipal liability. Where a claim under § 1983 is brought against a municipality, "a plaintiff must allege that a governmental custom, policy, or usage caused [the] injury.'" <u>Burns v. City of Utica</u>, 590 F. App'x 44, 50 (2d Cir. 2014) (<u>citing</u> <u>Monell v. Dep't of Soc. Servs. of the City of N.Y.</u>, 436 U.S. 658, 694 (1978)). It "is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the

'moving force' behind the injury alleged." <u>Bd. of the County Comm'rs v. Brown</u>, 520 U.S. 397, 404 (1997)(citations omitted, italics in original).

Even had Plaintiffs sufficiently alleged that their constitutional rights had been violated, they have failed to allege that any such violation was caused by "a governmental custom, policy, or usage" and thus have failed to set forth a claim for municipal liability. <u>Burns</u>, 590 F. App'x at 50. Accordingly, the Complaint must be dismissed as to City Defendants as Plaintiffs have failed to state a claim for municipal liability and the action is brought against the City only.[5]

F.     **The Complaint Fails to State a Claim for Intentional or Negligent Infliction of Emotional Distress**

In addition to their claim that their constitutional rights have been violated, Plaintiffs assert state-based tort claims. If the Court considers these claims,[6] they too fail. To start, Plaintiffs have failed to allege in the Complaint that they filed a Notice of Claim prior to commencing this action. This is fatal to their claims for infliction of emotional distress and fraud. <u>See</u> Admin. Code § 7-201(a); New York General Municipal Law ("GML") § 50-e; <u>Brown v. City of New York</u>, 95 N.Y.2d 389, 392 (2000); <u>Santiago v. City of New York</u>, 697 F. App'x 36, 38 (2d Cir. 2017).

---

[5] The action against Eric Adams and Rohit T. Aggarwala in their official capacities must be treated as an action against the City. <u>Coon v. Town of Springfield</u>, 404 F.3d 683, 687 (2d Cir. 2005) (citation omitted).

[6] "Federal district courts have supplemental jurisdiction over state-law claims 'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" <u>Kolari v. N.Y.-Presbyterian Hosp.</u>, 455 F3d 118, 121-122 (2d Cir. 2006) (<u>quoting</u> 28 U.S.C. § 1367(a)). Such supplemental jurisdiction "'is a doctrine of discretion, not of plaintiff 's right," and…district courts can decline to exercise jurisdiction over pendent claims for a number of valid reason." <u>City of Chicago v. Intl. Coll. Of Surgeons</u>, 522 U.S. 156, 172 (1997) (citations omitted).

Plaintiffs' claims for intentional, reckless and negligent infliction of emotional distress[7] must also be dismissed for failure to state a claim. First, Plaintiffs' claim for intentional/reckless infliction of emotional distress[8] must be dismissed as against City Defendants because such claims are prohibited against governmental entities. Regeda v. City of New York, 09 Civ. 5427(KAM) (VVP), 2012 U.S. Dist. LEXIS 186256, *40 (E.D.N.Y. Sept. 7, 2012), (quoting Lauer v. City of New York, 240 A.D.2d 543 (2d Dep't 1997)). Moreover, even if such action could be asserted against the City Defendants, it still fails. The tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress. Howell v. New York Post Co., 81 N.Y.2d 115 (1993). There are no allegations in the Complaint with respect to any of these elements other than conclusory assertions that Plaintiff Akhtar has suffered "severe distress" (Compl. ¶ 26) and that Plaintiffs "have been damaged and suffered serious and potentially irreparable harm." (Compl. ¶ 34)

Plaintiffs' claim for negligent infliction of emotional distress is similarly flawed. To prevail on such a claim, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." Pasternack v. Laboratory Corp. of Am. Holdings, 27 N.Y.3d 817 (2016) (quoting Solomon v. New York, 66 N.Y.2d 1026, 1027 (1985)). The Complaint is lacking in allegations to set forth these elements.

---

[7] This claim must necessarily be limited to the individual plaintiff as a corporation cannot suffer emotional distress. See Forest Bay Contr. N.Y., Inc. v. Director Door Corp., 271 A.D.2d 484 (2d Dep't 2000)(finding that judgment improperly included a provision awarding the plaintiff, a corporation, damages for emotional distress); see also Golden Archer Invs. v Skynet Fin. Sys., LLC, No. 11 Civ 3673 (RJS), 2013 U.S. Dist. LEXIS 35690, at *4 (S.D.N.Y. Feb. 22, 2013) (a "corporation cannot sustain emotional distress.")(citations omitted).

[8] There is no separate and distinct cause of action for reckless infliction of emotional distress. Rather, it is encompassed within the tort of intentional infliction of emotional distress. James v. Flynn, 132 A.D.3d 1214, 1216 (3d Dep't 2015).

Moreover, to the extent Plaintiffs' negligent infliction of emotional distress claim is premised on an intentional act, i.e., the issuance of a summons, it must be dismissed. See Regeda, 2012 U.S. Dist. LEXIS 186256, *43.

**G.    Plaintiffs Fail to State a Claim for Fraud**

Although Plaintiffs allege that City Defendants are engaging in "fraudulent conduct" by "issuing, or causing to be issued summonses, and wrongfully prosecuting plaintiffs with the use of fraudulently obtained 'evidence" (Complaint ¶¶ 49, 50), Plaintiffs fail to meet the heightened pleading standard for a fraud claim. In fact, Plaintiffs do not allege any facts that would allow the Court to discern whether there is, in fact a claim for fraud. Plaintiffs do not identify, or even allude to, any "misrepresentation or omission of material fact."

"In order to state a claim for fraud under New York law, a plaintiff must 'demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.'" Budhani v. Monster Energy Co., 527 F. Supp. 3d 667, 687 (S.D.N.Y. 2021).

Pursuant to Fed. R. Civ. P. 9(b), a party "must state with particularity the circumstances constituting fraud…." "[C]onclusory allegations of fraud may be dismissed under Rule 9(b)." Trinity Bui v. Indus. Enters. of Am., 594 F. Supp. 2d 364, 371 (S.D.N.Y. 2009). "To satisfy this Rule, a complaint alleging fraud must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 25 (2d Cir. 2016) (quotations omitted). The Complaint is devoid of any such particulars.

**POINT II**

**PLAINTIFFS DO NOT HAVE STANDING TO
SEEK THE INJUNCTIVE RELIEF SOUGHT
IN THE COMPLAINT**

Plaintiffs lack standing to seek the injunctive relief set forth in the Complaint. In addition to damages, the relief requested by Plaintiffs is an order restraining defendants "from preventing plaintiffs the right to defend against defendants' complaints." Compl. at "Wherefore" clauses at pp. 10, 11, 14 & 15. To establish Article III standing, Plaintiffs must show that they suffered an "injury in fact" that is "fairly traceable" to the defendant's conduct and would likely be "redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992); see also Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). An injury in fact is one that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Lujan, 504 at U.S. 560. "A plaintiff cannot establish a harm is 'imminent' through bare allegations 'of possible future injury' contingent on a 'highly attenuated chain of possibilities.'" Ilya Feliksovich Iosilevich v. City of New York, No. 21 Civ. 4741 (RPK)(LB), 2022 U.S. Dist. LEXIS 143614, *10 (E.D.N.Y. Aug. 10, 2022)(quoting Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409-10 (2013)).

Plaintiffs fail to allege whether they have availed themselves of the procedures provided for challenging the summonses, vacating the default or obtaining documents they deemed necessary to challenge the summonses. "As a general matter, to establish standing to challenge an allegedly unconstitutional policy, a plaintiff must submit to the challenged policy." Jackson-Bey v. Hanslmaier, 155 F.3d 1091, 1096 (2d Cir. 1997); see also Rivera v. City of New York, 22 Civ. 616 (PKC) (PK), 2023 U.S. Dist. LEXIS 176495 (E.D.N.Y. Sep. 30, 2023)(finding plaintiff lacked standing to challenge an Order requiring that he be vaccinated for COVID-19 where plaintiff failed to allege that he applied for an available vaccine exemption). Accordingly, Plaintiffs lack standing to seek the relief requested.

## CONCLUSION

For the foregoing reasons, City Defendants' motion to dismiss the Complaint should be granted together with such other relief as the Court deems just and proper.

Dated:      New York, New York
              January 26, 2024

                            **HON. SYLVIA O. HINDS-RADIX**
                            Corporation Counsel of the City of New York
                            *Attorney for City Defendants*
                            100 Church Street
                            New York, New York 10007
                            (212) 356-2214
                            kdevine@law.nyc.gov

                  By:    *Kerri A. Devine* /s/ *Genan Zilkha* /s/
                            Kerri A. Devine
                            Genan Zilkha
                            Assistant Corporation Counsels