

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**Hon. Sylvia O. Hinds-Radix**
*Corporation Counsel*

**KERRI A. DEVINE**
phone: (212)356-2214
fax: (212)356-2019
email: kdevine@law.nyc.gov

> Application Granted
>
> Valerie Figueredo, U.S.M.J.
> DATED: February 7, 2024
>
> The motion for a stay of discovery pending resolution of Defendants' motion to dismiss is granted because Defendants have shown good cause for a stay. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 46.

February 6, 2024

**By ECF**
The Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: Akhtar, *et ano*. v. Adams, *et al.*, 23 CV 6585 (JGLC)(VF)

    This office represents defendants Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, Commissioner of the New York City Department of Environmental Protection ("DEP") and DEP in the above-referenced matter (collectively "City Defendants"). City Defendants seek a stay of discovery in the matter pending a determination on their recently filed motion to dismiss the Complaint.[1] A stay is warranted, as City Defendants have a strong basis for their motion to dismiss, discovery could be broad and burdensome for City Defendants, and a stay would not prejudice Plaintiffs in any significant way. An Initial Case Management Conference is currently scheduled for March 4, 2024.

    A court may issue a stay of discovery for "good cause." *Hollins v. U.S. Tennis Ass'n.*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (citing Fed. R. Civ. P. 26(c)). Courts consider several factors when weighing a motion to stay discovery when a motion to dismiss is pending, including "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (*citing In re Currency Conversion Fee*, MDL No. 1409 M 21-95, 2002 U.S. Dist. LEXIS 974, 2002 WL 88278, at *1 (S.D.N.Y. 2002)). Further, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'does not appear to be without foundation in law.'" *In re Currency Conversion Fee Antitrust Litig.*, 2002 U.S. Dist. LEXIS 974, at *4 (*quoting Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)).

---

[1] Co-Defendant Eric I. Eisenberg has also moved to dismiss the Complaint.

Here, consideration of these factors favors a stay. First, City Defendants' motion to dismiss is based on substantial grounds, as detailed in their moving papers. *See* Dkt. Nos. 41-42. The claims set forth in the Complaint are all premised on the alleged issuance of certain summonses to Plaintiffs for violations of the City's Noise Code, however, the Complaint fails to identify the summons numbers, dates they were issued, or the charges set forth therein.

In addition to the lack of specificity with respect to the summonses, Plaintiffs fail to assert cognizable constitutional or tort claims. Plaintiffs' procedural due process claim fails because, as a preliminary matter, Plaintiffs failed to allege whether they availed themselves of the administrative procedures available for challenging summonses issued for violations of the Noise Code. More importantly, the two-tiered administrative process, coupled with the right to challenge adverse administrative determinations pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"), provides constitutionally sufficient due process. Plaintiffs' equal protection claim, which appears to be premised on the theory that the Noise Code was selectively enforced against Plaintiff Akhtar because he is from Bangladesh, fails to plead the existence of any comparators. As to Plaintiffs' First Amendment claim, the Complaint is utterly lacking in any allegations to support such a claim. Finally, Plaintiffs' failure to allege a cognizable constitutional claim is fatal to their claim for municipal liability, as is the fact that it is based solely on conclusory allegations.

Plaintiffs' tort claims similarly fail; specifically they fail for the following reasons: the lack of any allegations that Plaintiffs have filed a Notice of Claim; claims for intentional/reckless infliction of emotional distress are prohibited against governmental entities; Plaintiffs fail to plead the elements of a claim for negligent infliction of emotional distress; and Plaintiffs fail to plead fraud with the particularity required under Fed. R. Civ. P. 9(b).

As City Defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, 2019 WL 6912282, 2019 U.S. Dist. LEXIS 223677, at *3-4 (S.D.N.Y. 2019).

Second, while the breadth of discovery in this matter is somewhat unclear due to the vagueness of the Complaint, given the broad claims set forth in the Complaint, discovery could be extensive and burdensome for City Defendants. Additionally, "[c]ompliance with discovery . . . would result in a substantial diversion of public resources which may not be ultimately necessary in this action." *Chesney*, 236 F.R.D. at 116.

Third, Plaintiffs would face little prejudice if discovery were stayed. A stay of discovery would not unduly delay the outcome of this case. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (*quoting River v. Heyman*, No. 96 Civ. 4489, 1997 U.S. Dist. LEXIS 15524, at *1 (S.D.N.Y. Feb. 27, 1997). Indeed, the resolution of this motion "may obviate the need for potentially onerous discovery." *See Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609, 2009 U.S. Dist. LEXIS 15525, at *5 (E.D.N.Y. 2009).

For all the reasons set forth above, City Defendants request that this Court grant a stay of discovery pending resolution of City Defendants' motion to dismiss.

Thank you for your consideration in this matter.

        Respectfully submitted,

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for City Defendants
100 Church Street
New York, New York 10007
(212) 356-2214

By:    *Kerri Devine* /s/ *Genan F. Zilkha* /s/
      Kerri Devine
      Genan F. Zilkha
      Assistant Corporation Counsel

CC: Counsel of Record
    (By ECF)