UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|

MOHAMED JOHN AKHTAR and LA BUCA          |
RESTAURANT, INC. d/b/a SWING 46 JAZZ     |
AND SUPPER CLUB,                          |
                          Plaintiff       |
                                          |
           -against-                      |          23-CV-6585 (JGLC)(VF)
                                          |
ERIC ADAMS, Mayor of the City of New      |
York, ROHIT T. AGGARWALA, New York        |
City Department of Environmental Protection, |
ERIC I. EISENBERG and JOHN AND JANE       |
DOES ONE THROUGH THIRTY,                  |
                                          |
                          Defendants      |
                                          |
_____|

**ERIC EISENBERG'S LETTER RESPONSE TO PLAINTIFFS' FEBRUARY 19, 2024
LETTER MOTION FOR EXTENSION OF TIME (D.I. 49)**

Dear Magistrate Judge Figueredo,

I, Eric Eisenberg, write in response to Plaintiffs' latest letter motion for extension of time, dated February 19, 2024 (D.I. 49) seeking, well after the deadline to respond to the City Defendant's January 26, 2024 Motion to Dismiss, (D.I. 41), a retroactive / *nunc pro tunc* further 30 day extension of time to respond to this Motion.

First, this Court was clear, in an order of Judge Jessica Clarke granting Plaintiffs a *nunc pro tunc* extension, that "no further extensions requested by counsel for Plaintiff that violate this Court's Individual Rules will be granted." (D.I. 39). Plaintiffs latest retroactive request for an

1

extension violates the Individual Rules of both Judge Jessica Clarke and of Your Honor. *See* Judge Clarke Individual Rule 2(e) (requiring extension letter motion to state the original date and the new date requested, the number of previous requests for adjournment or extension, the reason for the extension, and the date of the parties next scheduled appearance before the Court, and also requiring the request to be made at least 48 hours prior to the deadline absent an emergency); Magistrate Judge Figueredo Individual Rule I(e) (requiring, *inter alia*, extension letter motion to state the original date of the deadline, the number of previous requests, and the reason for the extension). Thus, if Judge Clarke's order (D.I. 39) is to be given any meaning, Plaintiffs' latest retroactive extension request (D.I. 49) should not be granted.

The undersigned further notes that the reason for the extension is not stated in the letter (D.I. 49), but rather the letter relies on documents filed under separate cover. (D.I. 50). Plaintiffs filed D.I. 50 in a manner specifically precluding my access to it, and did not email me a copy, and thus I cannot review it. It is unfair for me to be asked to defend this case while put at an informational disadvantage compared to other parties, especially as Mr. Iannarelli has inserted his own testimony in this case and his credibility is therefore at issue. I am very much concerned it is possible that, just as Mr. Iannarelli has made misrepresentations to the Court in the past in support of his motions for extension of time, (see e.g. D.I 31, 32, 35, 36) he may well be making misrepresentations in D.I. 50 as well.[1]

Lastly, the undersigned notes that he is adversely affected by Plaintiffs' extensive delays in this case. As noted previously, the undersigned suffers from posttraumatic stress disorder (PTSD). *See* D.I. 43. The further stress of the many false allegations made by Plaintiffs in this

---

[1] Mr. Iannarelli's misrepresentations to this Court are not confined to those in support of extensions of time. See e.g. D.I. 43 (explaining how Mr. Iannarelli has been misrepresenting his interactions with OATH).

2

case, combined with Plaintiff Akhtar's physical violence against him and assault of a dog in front of him for intimidation purposes, carried out subsequent to the filing of the Complaint in this case, take a continued mental toll and make it challenging for the undersigned to defend himself. *See* D.I. 43.  Further dragging out the final resolution of this case because of Plaintiffs' many failures to comply with court deadlines, despite being explicitly told by Judge Clarke that Plaintiffs will not be allowed further extensions not conforming to the rules, would be unfair to, harm, and prejudice the undersigned.

Dated (and executed in):       Miami, Florida                Respectfully submitted,
                               February 19, 2024

                                                            s/      *Eric Eisenberg*
                                                            ERIC EISENBERG
                                                            1300 S Miami Ave
                                                            Unit 1408
                                                            Miami, FL 33130
                                                            (646) 801-6705
                                                            ericeis@gmail.com

cc: all parties (by ECF)