UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MOHAMED JOHN AKHTAR and LA BUCA RESTAURANT, INC. d/b/a SWING 46 JAZZ AND SUPPER CLUB,

                       Plaintiff

      -against-                    23-CV-6585 (JGLC)(VF)

ERIC ADAMS, Mayor of the City of New York, ROHIT T. AGGARWALA, New York City Department of Environmental Protection, ERIC I. EISENBERG and JOHN AND JANE DOES ONE THROUGH THIRTY,

                       Defendants

_____

**ERIC EISENBERG'S LETTER-MOTION TO UNSEAL DOCKET ITEM 50 FILED BY PLAINTIFFS**

Dear Magistrate Judge Figueredo,

    I, Eric Eisenberg, write to request that the Court unseal docket item 50, which was wrongly filed by Plaintiffs under seal in support of Plaintiffs' motion for extension of time (D.I. 49), so as to provide the public and the undersigned with access to same.[1]

    This matter is in a somewhat unique posture, as Plaintiffs accomplished their filing of docket item 50 under seal, in a manner precluding the undersigned's access to it, through an apparent misrepresentation that docket item 19 was a "Motion or Order to File Under Seal." *See* below docket entry:

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2024 | 50 | ***SELECTED PARTIES*** LETTER MOTION for Extension of |

---

[1] In the alternative, the undersigned requests that, even if the public is not provided with access, that he be provided with access to D.I. 50.

1

|  | Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2024. Document filed by Mohamed John Akhtar, Eric Adams.[2] Motion or Order to File Under Seal: 19 .(Iannarelli, Anthony) (Entered: 02/19/2024) |
|---|---|

Contrary to Plaintiffs' representation, no motion or order to file under seal is present in this case. Docket Item 19 is simply a summons form. Absent this misrepresentation, the under-seal filing would have not been permitted. Your Honor's Individual Rules at I(g) ("Filing under seal requires permission of the Court.")

The court explicitly relied on docket item 50 as the basis for granting Plaintiffs' motion. *See* Court's Order at docket item 54. It is thus a "judicial document." *Brown v. Maxwell,* 929 F.3d 41, 49 (2d Cir. 2019) (explaining that a court "performs the judicial function . . . when it rules on motions currently before it" and that a [document is thus relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion …") (internal citations and quotations omitted). "Once an item is deemed relevant to the exercise of judicial power, the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal citations and quotations omitted). Here, as docket item 50 was filed with the court[3] and formed the basis for the court's granting of a motion, the presumption of public access is great. Conversely, as Plaintiffs never filed a motion to file under seal or obtained any sort of sealing order, Plaintiffs have offered no meaningful explanation how any law, rule, regulation or policy precludes Mr. Iannarelli from publicly disclosing the document or disclosing the document to the undersigned, or why other countervailing considerations override the presumption of public access.

The undersigned is of course not sure of the contents of docket item 50. However, the undersigned notes that counsel Mr. Iannarelli has attempted to insert himself as a fact and expert witness in this case, providing extensive testimony in both regards. Declaration of Anthony N. Iannarelli Jr., D.I. 34-3. Thus, in addition to the importance of public access to judicial

---

[2] The undersigned does not know why the document was filed by Mr. Iannarelli on behalf of Mayor Adams.
[3] In the correspondence submitted as Exhibit 1 hereto, Mr. Iannarelli makes a complaint about the undersigned communicating with counsel for the City Defendants; however, as those communications were not submitted to the Court, they are beyond any presumption of public access. *Brown v. Maxwell,* 929 F.3d 41, 50 (2d. Cir. 2019) (explaining that "[d]ocuments that are never filed with the court . . . lie entirely beyond the presumption's reach").

documents relied on by the Court in its performance of the judicial function, other documents that may pertain to Mr. Iannarelli, or may be used to call into question his truthfulness or competence, may potentially have relevance to causes of action in this case.

Mr. Iannarelli has repeatedly refused to respond to my requests to meet and confer regarding this matter, or for him to provide me with a copy of docket item 50. Exhibit 1 hereto. He briefly stated by email that "[m]y letter was submitted to all counsel and there is no need for Court intervention." However, despite this confusing statement, the fact remains that Mr. Iannarelli still refuses to provide me with a copy of docket item 50, and neither I nor the public have access to it.

| | | |
|---|---|---|
| Dated (and executed in): | Miami, Florida<br>March 8, 2024 | Respectfully submitted,<br><br>s/     _Eric Eisenberg_<br>ERIC EISENBERG<br>1300 S Miami Ave<br>Unit 1408<br>Miami, FL 33130<br>(646) 801-6705<br>ericeis@gmail.com |

cc: all parties (by ECF); Encl. (Exhibit 1)