UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. d/b/a SWING 46 JAZZ
AND SUPPER CLUB,

                       Plaintiffs

            -against-                            23-CV-6585 (JGLC)(VF)

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, New York
City Department of Environmental Protection,
ERIC I. EISENBERG and JOHN AND JANE
DOES ONE THROUGH THIRTY,

                       Defendants
_____

**ERIC EISENBERG'S REPLY IN SUPPORT OF HIS LETTER-MOTION TO UNSEAL DOCKET ITEM 50 FILED BY PLAINTIFFS**

Dear Magistrate Judge Figueredo,

    I, Eric Eisenberg, write in support of my letter motion (D.I. 57) requesting to unseal docket item 50, and in reply to Plaintiffs' opposition thereto (D.I. 58).

    My letter motion largely relies on the guidance of *Brown v. Maxwell,* 929 F.3d 41 (2d Cir. 2019) discussing when the public is entitled to access to a judicial document. Plaintiffs make no attempt to explain how this authority is inapplicable. Plaintiffs decline, for example, to explain why Plaintiffs' interest in secrecy outweighs the public's interest in access to a document relied on by the Court in granting a motion and thus in better understanding the judicial process. Accordingly, Plaintiffs' assertion that my motion to unseal is "clearly frivolous" is not well taken.

    Additionally, my motion to unseal, contrary to Plaintiffs' claim that I failed to specify the misrepresentation, was clear that the misrepresentation at issue is that Plaintiffs filed docket item

1

50 under seal based on a false representation that docket item 19 was a "Motion or Order to File Under Seal," when it is in fact a mere summons form. *See below docket entry.*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/19/2024 | 50 | ***SELECTED PARTIES*** LETTER MOTION for Extension of Time addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 02/19/2024. Document filed by Mohamed John Akhtar, Eric Adams. Motion or Order to File Under Seal: 19 .(Iannarelli, Anthony) (Entered: 02/19/2024) |

This false claim, as explained in my letter motion, allowed Plaintiffs to evade Your Honor's Individual Rules at I(g) ("Filing under seal requires permission of the Court.") It also allowed Plaintiffs to evade electronically-imposed restrictions on under-seal filing built into the ECF system.

Plaintiffs' newly raised, but creative, requests for relief, have no relationship to my letter motion seeking access to one document. These requests should have been raised, if at all, by separate motions and consistent with this Court's and Your Honor's rules of practice. For example, to the extent that Plaintiffs seek a further extension of time to oppose the City Defendants' motion to dismiss, Plaintiffs ought to follow the specific requirements of Your Honor's individual rules of practice at I(e).

Plaintiffs' request for an *in-person* settlement conference before the Court, again wholly unrelated to the relief sought in my letter motion, is unnecessary and appears intended to burden and frighten me. I have never turned down, and have no intention of turning down, an opportunity to discuss settlement with Plaintiffs' counsel, by email or over the phone. However, as I have previously explained to the court, and documented with video evidence, Plaintiff Akhtar has attempted to intimidate me by physically attacking me and by engaging in a cruel and violent act against a defenseless dog in front of me. Moreover, as indicated below, I am presently in Florida. Physically meeting in New York would thus be both burdensome and also dangerous for me.

Certainly, there is no need to delay finalization of briefing on a motion to dismiss pending settlement, as Plaintiffs offer no explanation as to how decisions on the motions to dismiss could possibly *delay* final resolution of the case. There has already been widespread and consistent agreement, and approval by the Court, that the motions to dismiss should proceed, and other

items, such as discovery and conferences, should await the outcome of these motions. *See* D.I. 47 and 52.

      Plaintiffs' assertions as to "hubristic belief" and the merits of their case -- if not before this Court, then before the Second Circuit on appeal -- are once again a *non sequitur* given the subject of the present motion to unseal, and are better addressed in the context of the motions to dismiss themselves and any appeals thereon. In any event, the undersigned is optimistic that all involved will have more clarity as to the merits of the instant action *after* decisions are rendered on the motions to dismiss.

| | | |
|---|---|---|
| Dated (and executed in): | Miami, Florida<br>March 11, 2024 | Respectfully submitted, |
| | | s/    *Eric Eisenberg*<br>ERIC EISENBERG<br>1300 S Miami Ave<br>Unit 1408<br>Miami, FL 33130<br>(646) 801-6705<br>ericeis@gmail.com |

cc: all parties (by ECF)