UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                      Plaintiffs,                  **23-CV-06585 (JGLC) (VF)**

      -against-                        **ORDER**

ROHIT AGGARWALA et al.,

                      Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      On February 19, 2024, Plaintiffs' counsel filed a letter requesting an extension of time for Plaintiffs to file their response in opposition to the pending motion to dismiss. See ECF No. 49. In that letter, which was not filed under seal and does not contain any viewing restrictions, Plaintiffs' counsel did not give a reason for the extension request and stated that "[c]onsistent with [HIPAA]," he would file a separate letter explaining the basis for his request. Id. That same day Plaintiffs' counsel filed the letter explaining the grounds for his extension request. See ECF No. 50. That letter was filed under seal and is viewable only to Court users and Plaintiffs. On March 8, 2024, pro se Defendant Eric Eisenberg filed a letter requesting that the letter at ECF No. 50 be unsealed and that all viewing restrictions be removed. See ECF No. 57.

      Plaintiffs' counsel cites broadly to HIPAA as the basis for sealing the letter at ECF No. 50. That by itself is not a sufficient basis for sealing the letter. For example, some courts in this Circuit hold that there is no common law or First Amendment right to medical records protected by HIPAA, whereas other courts apply the traditional balancing test outlined in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). See Valentini v. Grp. Health Inc., No. 20-CV-9526 (JPC), 2020 WL 7646892, at *1 (S.D.N.Y. Dec. 23, 2020) (citations omitted).

Plaintiffs' counsel is therefore directed to submit any renewed request to seal his letter at ECF No. 50 that makes a sufficient showing under <u>Lugosch</u> by no later than **April 5, 2024.** The Clerk of Court is respectfully directed to maintain ECF No. 50 under seal for the time being.

In filings from both Plaintiffs' counsel and Defendant Eisenberg, there appears to be confusion about the briefing schedule for the pending motion to dismiss. The prior deadline for Plaintiffs' opposition was March 9, 2024. **<u>The Court hereby extends that deadline to April 9, 2024. Any replies from Defendants are new due April 16, 2024.</u>**

Lastly, in his letter at ECF No. 58, Plaintiffs' counsel raises the idea of settling the claims in this case. A pre-settlement conference call to discuss the potential for a settlement conference is scheduled for **<u>Tuesday, April 30, 2024 at 10:00 a.m.</u>** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. **Please dial (888) 808-6929; access code [9781335].**

SO ORDERED.

DATED:   New York, New York
         March 13, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge