**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty,<br><br>　　　　Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

# Plaintiffs Opposition to Defendants' Motion to Dismiss

Anthony N. Iannarelli Jr.
74 Lafayette Avenue
Suite 202 No. 116
Suffern, New York 10901
212-431-1031
Attorney for Plaintiff

1

## Introduction

The simple facts of the case are that plaintiff, Mohamed John Akhtar, along with his business, plaintiff La Buca Restaurant, Inc. , d/b/a Swing 46 Jazz and Supper Club were besieged with noise complaints over a two year period starting in 2022. The complaints were initiated by defendant Eric Eisenberg and purportedly mailed to the New York City Department of Environmental Protection.

The complaints were invalid for several reasons: Upon information and belief, defendant Eisenberg had not been trained in the use of sensitive noise detecting equipment, the equipment had not been calibrated, and there was no independent means to validate the "evidence" turned over to the NYC Defendants.

The NYC Defendants either by intention, or neglect, continued to impose fines against plaintiffs with complaints that were invalid and unlawful. To further make the NYC Defendants' acts or omission City defendants would share the proceeds from fines collected with a civilian "noise evidence collector."  In plaintiffs' case it was defendant Eric Eisenberg.

The NYC Defendants either knew, or should have known, the system was ripe for abuse, because they were taking in substantial sums of money.  See Exhibit 1, Declaration of Anthony Iannarelli, attached.

Plaintiff Mohamed John Akhtar is the only person of color, as well as a Muslim, in the near vicinity of where he operated his business.  The evidence suggests plaintiff Akhtar was targeted because of his race and religion. Declaration, of Mohamed John Akhtar, attached as Exhibit 2.

Legal Argument

The NYC Defendants motion is akin to a summary judgment motion in which discovery have been completed.   Plaintiffs do not have to be encyclopedic in opposing defendants' motion.  Nor do they need to cite sixty cases.

The leading case for a dismissal on the pleadings is <u>Vega v. Hempstead Union Free School District</u>, 801 F.3d 72 (2d Cir. 2015)  The Circuit Court of Appeals reversed a district court's dismissal of plaintiff's complaint because, among other reasons,  the plaintiffs could proceed under a theory of discrimination pursuant to 42 U.S.C. Sec. 1983.  Additionally, the plaintiffs had made out a prima facie showing of the allegations. <u>Id</u>.

Defendants' motion should be denied because defendants have not shown, under the relevant case law, that plaintiffs' case should be dismissed simply as a matter of law.  Under defendants' theory, virtually any plaintiff's case would not survive a motion to dismiss on the pleadings.

## Conclusion

For the reasons stated above, and upon consideration of relevant case law, defendants' motion should be denied.

Dated: April 17, 2024      /s/ *Anthony N. Iannarelli Jr.*
.                                             Anthony N. Iannarelli Jr.
                                                Attorney for plaintiffs