EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,<br><br>    Plaintiffs,<br><br>        v.<br><br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty,<br><br>    Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

## Declaration of Anthony N. Iannarelli Jr.

I, Anthony N. Iannarelli Jr., of full age, declare and affirm under the penalty of perjury, to the truth of the following. I make these statements upon my direct knowledge, and if not within my direct knowledge, upon information and belief, gathered from reliable and reputable individuals, that are willing to testify at trial.

1. I am the attorney for plaintiffs Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club (hereinafter "Plaintiffs").

2. Plaintiffs are Responding in Opposition to defendants Eric Adams, Mayor,

1

City of New York, Rohit T. Aggarwala, New York City Department of Environmental (herein after "NYC Defendants") Notice of Motion, dated January 26, 2024, to dismiss plaintiffs' Complaint.

3. With specificity, plaintiffs' Verified Complaint, dated July 23, 2024, describes how all defendants in this matter violated plaintiffs' statutory and constitutional rights. The NYC Defendants would have this Court believe that after targeting Mohamed John Akhtar, ostensibly because he is a Muslin and a person of color, and attempting to ruin his business, Swing 46, they should not be held accountable under any theory of statutory nor constitutional law.

4. The facts are straightforward: NYC defendants would utilize defendant Eric Eisenberg, and possibly others, to target plaintiffs for violating a local noise code. The NYC Defendants knew, or should have known, that Eisenberg in collecting what can be loosely referred to as "evidence," was trespassing upon plaintiffs, creating a disturbance among patrons, using a device, that, upon information and belief, was neither calibrated for accurately testing for decibels, nor did it appear Eisenberg was trained for its proper use, along with falsely swearing on noise complaints. As the ultimate goal NYC Defendants intended to share the proceeds, for any fine money collected, with defendant Eisenberg.

5. Attached is a copy of a summons, dated October 11, 2022, written by

2

defendant Eisenberg In the heading of the summons is a section indicating "ENFORCEMENT AGENCY" followed by a blank line in which the name Eric Eisenberg is typed in bold letters. Presumably, the NYC Defendants will attempt to explain at trial how they came to deputize defendant Eisenberg as an enforcement agent, the type of training they provided, supervision of Eisenberg's work, along with a certification that the equipment used had been calibrated by a trained technician.

6. NYC Defendants will also be able to explain at trial how they came to authorize defendant Eisenberg to commit the offense of trespass while collecting "evidence" for the NYC DEP. They will also have the opportunity to reveal how they procured a search warrant, authorizing an administrative search of plaintiffs' property, when Eisenberg entered, without permission from plaintiffs, while acting as an agent of NYC DEP.

7. New York City defendant will also have the opportunity to explain how NYC Department of Environmental Protection came to accept summonses that included an affirmation, subscribed under the penalty of perjury, containing information they knew, or should have known, were false.

8. This case is in the early stages of litigation, and by all defendants' insistence,

was ripe for corruption.

11. Plaintiffs' will produce at trial an expert witnesses, in field of scientific

equipment was inadequate, and the operators were not trained.  Thus, according to the expert witness, there would be no validity to the claims of excessive noise.

12.  Plaintiffs will produce experts in the field of internal investigations that will offer expert opinions on how the NYC defendants failed, upon receiving complaints of potentially unlawful conduct, perpetrated by individuals within NYC Department of Environmental Protection, to follow up on those complaints and refer the complaints through the appropriate channels for further review and investigation. The failure of NYC officials, by design or neglect, to appropriately respond to plaintiffs' concerns caused great harm to plaintiffs.

13.  When I first took on the case, and before filing the complaint herein, I attempted to reach out to employees of the City of New York to alert them to was occurring and attempt to come to a resolution.  My attempts were to no avail; either the phones were unanswered, or a message would be left with a supervisor. And even then, no one would return my calls.

14.  The NYC Defendants would have this Court believe the violations of plaintiffs federal constitutional and statutory civil rights should be handled "administratively."    No one who is potentially a crime victim should be denied respectful treatment nor have their day in court denied.  If a New York City employee were caught stealing taxpayers' funds, the New York City Defendants would not, nor should not, suggest the matter be handled "administratively."

15.   What the plaintiffs have complained of in their Complaint, that they are fighting against an attempt of the unlawful, and potentially criminal, cash grab from the business by unscrupulous individuals employed by, or running, the City of New York. By their own behavior, it is revealing that the NYC Defendants are desperate to get plaintiffs' civil rights claims out of Court.

16.   Upon information and belief, the fines imposed by NYC Defendants upon plaintiffs is in excess of $30,000.00. And that's from one individual, Mohamed John Atkar and his business. From press reports of more victims City wide. The NYC Defendants were desperate to keep this going, no matter what fraud was being committed to keep the government's scheme intact.

17.   New City Defendants want to claim the process has been amended to reduce the bounty for these complaints. Whatever the case may be, it is immaterial to plaintiffs' claims.  Their federal constitutional and civil rights have already been violated and they have been damaged.

18. More specifically addressing the "administrate remedy," on May 12, 2023, I sent a Notice of Appearance, a Denial of the Allegations made against my clients, a Request for Discovery, Motion to Consolidate and Suppress Evidence. These items were all mailed to the Hearings Officer at the Office of Administrative Hearing and Trials (OATH)  at 66 John Street, New York 10036. (OATH's web page at the time did not reveal the names of anyone that occupies its office.)  I also separately copied

the letter to NYC Department of Environmental Protection.  No one from either office to this day has ever responded to that correspondence.

19. On July 1, 2023, I sent a detailed letter to Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the New York City Law Department.  In that letter I brought to her attention the problems my clients were encountering, including, and most significantly, my client's inability to defend on the complaints because NYC Department of Environmental Protection refused to turn over discovery, and the lack of cooperation of the purported adjudicative body OATH.

20. The aforementioned letter sent to Corporation Counsel was copied to Eric Adams, Rohit T. Aggarwala, now both defendants herein, and Jocelyn Stauber, Commission of the Department of Investigation.  Not one single individual, nor their staff, bothered to reply.

21.  I also attempted to make numerous phone calls to the Oath office. On one occasion I finally got through to a woman who did not identify herself. I explained that I could not defend on behalf of my client because I had not received any discoverable material related to the complaints.  I was told that the cases would be adjourned to comply for the NYC Defendants to comply with plaintiffs' discovery requests. Instead, they defaulted against plaintiffs, and I am left still waiting for the discovery to be turned over.

22.  The lack of any response suggests that management within New York City

government were well aware of the fraud that had been occurring. And since large sums of money were involved, the intent was to keep the cash flowing even in the face of violating plaintiffs' civil right.

23. I have read all 19 pages of NYC Defendants' Motion to Dismiss plaintiffs' Complaint. It cites over sixty cases, but does not address the allegations against these defendants, that they, through fraud and other torts, denied plaintiffs' federal constitutional and statutory rights. At best it reads as a Motion for Summary Judgment, but such a motion is considered after discovery for which plaintiffs are entitled as a matter of law.

For all of the reasons stated above, and upon all papers submitted, it is respectfully requested that the Motion to Dismiss be denied in its entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 16, 2024.                    _____
                                          Anthony N. Iannarelli Jr.
                                          Attorney for Plaintiffs

8

## 0256000004004015

### SUMMONS • FOR CIVIL PENALTIES ONLY

\*\*RESPONDENT: Please provide to Eric Eisenberg, well prior to the hearing, a list of the names of witnesses who may be called and copies of documents to be submitted into evidence\*\*

## SUMMONS NUMBER: 0216 392 386

ENFORCEMENT AGENCY: ERIC EISENBERG

AGENCY CONTACT INFORMATION: ERICNOISE @ DIVISION HOTMAIL.COM

LAST NAME OR COMPANY NAME (BILL)  FIRST NAME

LA BUCA RESTAURANT, INC. DBA SWING 46

CELL PHONE #:

STREET ADDRESS  349 W 46TH ST       APT. NO.

CITY  NEW YORK      STATE  NY        ZIP 10036

ID NUMBER:

TYPE OF ID/ISSUED BY:

DATE OF OCCURRENCE: 10 / 11 / 22    TIME OF OCCURRENCE: 7:05PM

PLACE OF OCCURRENCE: 349 W 46TH ST

BOROUGH OF OCCURRENCE: MANHATTAN      CB No.

☐ Alternative Service

You must respond to the Summons. You can appear on the hearing date and the location below or choose another option. For other options on how to respond, see the back of this page.

HEARING DATE: 12 /11 /23   AT: 9:00AM

OATH ADMINISTRATIVE TRIALS AND HEARINGS

_____  See reverse side for address

[borough]

Phone: (844)628-4692

### FOR HEARING OPTIONS, SEE THE BACK OF THIS PAGE
### REFER TO THE SUMMONS NUMBER ABOVE ON ALL CORRESPONDENCE

WARNING: If you do not respond, you may be found automatically responsible and you may owe larger penalties. If you do not pay any unpaid penalties, you may lose your ability to keep or get a City license, permit or registration. The City might also take further legal action against you. See the back for more information.

Section/Rule  NYC AD. CODE 24-244(B)    Violation(s)   AN   9   6

                OATH Code

Mail-In Penalty: $ 880          Maximum Penalty: $ 3500

☐ Respondent must appear in person.  ☒ I OBSERVED RESPONDENT PLAYING MUSIC TO PUBLIC STREET FROM (LOUD) PERFORMANCE FROM SPEAKER (E.G. IN AWNING) OUTSIDE OF JAZZ CLUB (AUDIBLE ON SIDEWALK). PRIOR SUMMONS #'S INCLUDE 0216401177 – SECOND VIOLATION.

☐ Property Removed   ☐ 1-2 Family   ☐ Multiple Dwelling   ☐ Commercial

NYC Charter Sections 1048 and 1049-a and the Rules of the City of New York authorize the NYC Office of Administrative Trials and Hearings (OATH) to hold hearings.

I, an employee of the enforcement agency named above, affirm under penalty of perjury that I personally observed the commission of the violation(s) charged above and/or verified that I entered the information correctly. False statements made herein are punishable as a Class A Misdemeanor pursuant to section 210.45 of the Penal Law.

RANK (OPT.) SIGNATURE OF COMPLAINANT           REPORT LEVEL  [signature]   Correct'd. Eval. Unit. etc.

COMPLAINANT  ERIC EISENBERG      TAX REGISTRY NUMBER   AGENCY  999

LAST NAME  EISENBERG       FIRST NAME  ERIC

STREET ADDRESS  PO BOX 2452

CITY  NEW YORK       STATE  NY      ZIP 10108

OATH

0216 392 386