UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. d/b/a SWING 46 JAZZ
AND SUPPER CLUB,

                        Plaintiff

         -against-                  23-CV-6585 (JGLC)(VF)

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, New York
City Department of Environmental Protection,
ERIC I. EISENBERG and JOHN AND JANE
DOES ONE THROUGH THIRTY,

                        Defendants

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ERIC EISENBERG'S MOTION TO DISMISS PURSUANT TO RULES 12(B)(1), 12(B)(2), 12(B)(4), 12(B)(5) AND 12(B)(6)**

## Table of Contents

INTRODUCTION………………………………………………………………………………………….1

LACK OF SUBJECT-MATTER JURISDICTION AND LACK OF RIPENESS……………...………………..2

PERSONAL JURISDICTION, PROCESS, AND SERVICE OF PROCESS…..………………………….….. 3

FAILURE TO STATE A CLAIM…...……………………………………………………………..………… 5

    New Facts in Opposition………………………………………………………………..……….5

    Constitutional Claims…………………………………………………………….………………..6

    Fraud Claim……….…………………………………………………………………….………..8

    Infliction of Emotional Distress Claim………...............................................................................9

AMENDMENT OF COMPLAINT…...……………………………………………………………….. 9

## Table of Authorities

### Caselaw

*177 Christie v. Environ. Control Bd. Of N.Y.*, 2010 N.Y. Slip Op. 30009 (N.Y. Sup. Ct. 2010)………………….2

*Jeremy F. DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54 (S.D.N.Y. 2010)………………..……………....6

*GH Ville Inc. v. New York City Environmental Control Board,* 194 Misc. 2d 503, 755 N.Y.S.2d 794 (N.Y. Sup. Ct. 2002)……………………………………………………………………………………………………….…...2

*Lombardo v. 333 East 49th Partnership, LP*, 2022 NY Slip Op 30665(U), Docket No. 160424/2020 (N.Y. Sup. Ct. March 3, 2022)………………………………………………………………………................................4

*McCormack v. Goldstein*, 204 A.D.2d 121 (1st Dep't 1994)……………………………….............................4

### Administrative Decisions

*Dietmar Detering, CC v. Church of Scientology of New York*, OATH Appeals Division, Appeal No. 2300319, June 29, 2023
(available at https://archive.citylaw.org/wp-content/uploads/sites/42/oath_hearings/2300319.pdf)................2

### Rules

F.R.C.P. 4(a)(1)(B)……………………………………………………………………………………….….…..5

F.R.C.P. 12(d)………………………………………………………………………………………………......1


N.Y. Rule of Professional Conduct 3.7(a)…………………………………………………………………….7

Juge Jessica G.L. Clarke's Individual Rules in Civil Cases, Rule 4(e)………………………………..………10

The undersigned, Eric Eisenberg,[1] submits this reply memorandum of law in further support of his motion to dismiss for lack of subject matter (F.R.C.P. 12(b)(1)) and personal (F.R.C.P. 12(b)(2)) jurisdiction, for insufficient process (F.R.C.P. 12(b)(4)) and/or insufficient service of process (F.R.C.P. 12(b)(5)), and for failure to state a claim upon which relief can be granted (F.R.C.P. 12(b)(6)).

## INTRODUCTION

Plaintiffs' Opposition (D.I. 34 through 34-3) to the undersigned's motion to dismiss (D.I. 24 and 25) generally fails to address the arguments and authority explaining why there has not been proper service or a properly directed summons, why there is no subject matter jurisdiction as to this unripe controversy where Plaintiffs have not taken advantage of their administrative remedies (*e.g.* before OATH), and why the Complaint (D.I. 1) fails to state any claim against the undersigned. Nor do Plaintiffs present any relevant legal authority of their own as to why the Motion to Dismiss should not be granted.

Rather, Plaintiffs' Opposition offers new, previously unpled, and often insulting and/or demonstrably false, facts. These facts should be excluded by the court, *e.g.* with respect to the 12(b)(6) aspect, pursuant to its authority under F.R.C.P. 12(d). It would be inequitable to allow Plaintiffs to present new facts subsequent to the complaint, while Plaintiff Akhtar, owner of Plaintiff Swing 46, during the course of this litigation sought to intimidate the undersigned, to keep the undersigned from investigating the facts himself, by not only menacing the undersigned but also throwing a defenseless dog. Eisenberg Decl., ¶ 7. Government records clearly demonstrate Plaintiffs' facts relating to Plaintiffs' and its counsel's interactions with New York City's Office of Administrative Trials and Hearings ("OATH") are mere deception. Eisenberg Decl., ¶¶ 2, 3, 16 Exhs. 1, 2, 7. Similarly, claims that Swing 46's music is inaudible on the public sidewalk

---

[1] The undersigned does not have the middle initial "I", unlike the Eric I. Eisenberg of West 54th or 55th Street in Manhattan identified in the Complaint (D.I. 1) and/or in the Summonses (see D.I. 20 and 23) issued in this case. However, in light of Plaintiffs' imprecision as to which Eisenberg is sought to be sued, the undersigned will herein refer to himself as "the undersigned" and such Eisenberg(s) named in the complaint or accused of wrongdoing by plaintiffs as "the accused."

1

are both new and false. Eisenberg Decl., ¶¶ 7, 8, 12. In any event, consideration of the new facts would not save Plaintiffs' still-implausibly pled and inadequately supported claims.

### LACK OF SUBJECT-MATTER JURISDICTION AND LACK OF RIPENESS

Plaintiffs have not pled exhaustion of the extensive administrative remedies available before OATH/ECB as to noise summonses, such as by showing up at OATH hearings to defend themselves and/or by appealing or filing an Article 78 proceeding if an OATH Hearing Officer issued an adverse hearing decision. *See* D.I. 25 at 4-7; *see also* City Defendant's Motion to Dismiss, D.I. 42 at 4, 7-9, and 18.

Rather, Plaintiffs make two other arguments. Plaintiffs argue that (1) OATH is not the venue to address civil rights or constitutional issues, and (2) OATH is believed by Plaintiffs' counsel Mr. Iannarelli to be "a phantom" that has not responded to Mr. Iannarelli's correspondence, by way of example, correspondence Mr. Iannarelli sent to OATH on May 12, 2023. (D.I. 34 at 5-6; D.I. 34-3 at ¶ 17).

As to the first argument, the basis of Plaintiffs' alleged "federal civil or constitutional rights" case is, in short, that they received OATH-returnable noise summonses that Plaintiffs believe to be meritless. Other noise ticket recipients having such beliefs fight their noise tickets before OATH, or before state court in Article 78 proceedings, sometimes successfully. *See e.g. Dietmar Detering, CC v. Church of Scientology of New York*, OATH Appeals Division, Appeal No. 2300319, June 29, 2023, available at https://archive.citylaw.org/wp-content/uploads/sites/42/oath_hearings/2300319.pdf (affirming dismissal of noise summons where sound was used solely for non-commercial dissemination of religion); *GH Ville Inc. v. New York City Environmental Control Board*, 194 Misc. 2d 503, 508-509, 755 N.Y.S.2d 784 (N.Y. Sup. Ct. 2002) (finding noise summons should have been dismissed due to use of indoor speakers in conjunction with a closed door, and further finding it was not necessary to reach constitutional challenge); *see also* Eisenberg Decl., ¶¶13-15, Exhs. 5-6. Constitutional issues may be raised in conjunction with State Court challenges to New York City noise summonses. *See e.g. 177 Christie v. Environ. Control Bd. of N.Y.*, 2010 N.Y. Slip Op. 30009 (N.Y. Sup. Ct. 2010) (finding noise summons appropriately upheld where noise was

allowed to escape to the outside through an open door, and holding that New York City commercial noise statute at issue was consistent with the First Amendment).

By refusing to take advantage of the available, extensive procedures before OATH for challenging noise summonses, and/or before State Court for challenging adverse OATH decisions, Plaintiffs have prevented this dispute from transforming from abstract and conjectural to real, particularized and concrete.

With respect to OATH being "a phantom" that does not respond to Mr. Iannarelli's correspondence, such as his May 12, 2023 correspondence, government records clearly indicate that not only does OATH exist, but that Mr. Iannarelli is misleading the Court by making such claims "under penalty of perjury" (D.I. 34-3, page 12) while omitting the existence of extensive correspondence between himself and OATH, including a response written by OATH to Mr. Iannarelli's May 12, 2023 correspondence. Eisenberg Decl., ¶ 2, Exh. 1. Indeed, Plaintiff La Buca Restaurant, Inc. d/b/a Swing 46 is well aware it can obtain due process before OATH; it has successfully obtained from OATH a decision vacating a default issued against it on a non-noise summons written by the New York City Fire Department. Eisenberg Decl., ¶ 3, Exh. 2. (showing that a new, future, hearing date of May 1, 2024 was granted after Plaintiff Swing 46 defaulted on the OATH-returnable summons). And it has successfully advocated in the past for dismissal or reduced penalties at the (non-noise) hearings before OATH it selectively chose to attend. Eisenberg Decl., ¶16, Exh. 7.

OATH's Hearings Division has processed over nineteen million summonses. Eisenberg Decl., ¶ 4, Exh. 3. Discounting Plaintiffs' implausible misrepresentations as to OATH being a nonexistent "phantom," Plaintiffs' plight is similar to that of many, many other unhappy summons recipients. If OATH-returnable summons recipients ran to New York City's Federal Courts every time they received a summons they disagreed with, the Southern and Eastern District New York Federal Courts would cease functioning.

**PERSONAL JURISDICTION, PROCESS, AND SERVICE OF PROCESS**

Plaintiffs fail to address the undersigned's detailed arguments that the alleged service on the undersigned was compliant with neither Federal (F.R.C.P.) nor New York State (C.P.L.R.) service rules.

3

Plaintiffs have not complied with the specific steps required under the rules for service by leaving papers with a person at a place of business, or even provided any evidence as to where the undersigned's place or places of business may be. And leaving papers with a residential building employee is insufficient where the building employee does not block access to the residential building. The undersigned cited several decisions for the latter proposition, including *Lombardo v. 333 East 49th Partnership, LP*, 2022 NY Slip Op 30665(U), Docket No. 160424/2020 (N.Y. Sup. Ct. March 3, 2022) ("Plaintiff's service of the pleadings on Dziena by delivery to her alleged doorman is insufficient absent an indication that the doorman refused to provide access to Dziena's apartment.") (copy submitted herewith as Eisenberg Decl., ¶ 11, Exh. 4) and *McCormack v. Goldstein*, 204 A.D.2d 121 (1st Dep't 1994). (D.I. 25 at 2-3). Plaintiffs however falsely claim the undersigned cited, and Plaintiffs dissect, a different decision, *Lombardo v. 333 East 49th Partnership, LP*, 211 A.D. 3D. 649 [*sic.:* 639], 179 N.Y.S. 3rd 562 (1st Dept. Dec. 29, 2022). And Plaintiffs do not even address *McCormack*. Plaintiffs thus fail to distinguish the undersigned's cited authority, and their residential service attempt fails.

The undersigned also has not appointed anyone, at the alleged office or residential address or otherwise, as his agent for service of process, and has not provided instructions to anyone to evade or assist with evading service of process. Eisenberg Decl., ¶¶ 5, 6. Plaintiffs' allegations that the undersigned sought to evade service are as unsupported as they are insulting. Plaintiffs' theory that Mr. Iannarelli allegedly not being permitted access to the Chrysler Building's elevator without being on a guest list is somehow evidence of "eva[sion] of service of process" (D.I. 34 at 7-8) is rank speculation. Rather, at most it is evidence of reasonable security measures at the Chrysler Building. Plaintiffs' theory that an alleged statement by a building employee that someone living in the building is a lawyer is somehow evidence that

4

the building employee "had accepted papers in the past," is again nothing more than rank speculation. (D.I. 34 at 8).[2] In sum, Plaintiffs fail to refute that service of process was improper.

Plaintiffs also fail to address the undersigned's arguments that Plaintiffs did not simply misspell the undersigned's name, but rather Plaintiffs identified, *e.g.* on the Summonses, an entirely different person, an Eric I. Eisenberg who Mr. Iannarelli admits he met with at Eric I. Eisenberg's 145 West 54th (or 55th) Street home and spoke with on the phone. (D.I. 20). Plaintiffs offer no explanation as to how the Summonses, directed to this existing "Eric I. Eisenberg" of 145 West 54th (or 55th) Street, could possibly be directed to the undersigned (who has a different name and address), as would be required by the Rules for there to be proper process on the undersigned. F.R.C.P. 4(a)(1)(B) ("A summons must: [] be directed to the defendant.") In the nearly nine months that have passed since the July 28, 2023 complaint filing, Plaintiffs inexplicably never sought a summons directed to any Eisenberg other than this admittedly existing New York City resident, Eric I. Eisenberg. In sum, Plaintiffs fail to refute that the Summons, and thus process itself, was improper.

**FAILURE TO STATE A CLAIM**

*New Facts in Opposition*

Plaintiffs' Opposition rely on myriad newly introduced facts, not mentioned in the complaint, which seem to be directed more to slander than bolstering Plaintiffs' causes of action against the accused. Plaintiffs make various new claims as to trespassing after being told not to,[3] wearing a mask,[4] having a disturbing appearance,[5] "prowl[ing] the streets,"[6] disturbing patrons, fabricating that music can be heard

---

[2] Mr. Iannarelli has on several occasions made clearly documented misrepresentations in papers submitted to this Court (*see e.g.* D.I. 31, 32, 32-1, 35, 36, 36-1 and as discussed herein). For at least this reason, in the event that the Court considers Mr. Iannarelli's claims as to what was said or what happened during Mr. Iannarelli's alleged service attempts on the undersigned to be case dispositive, jurisdictional discovery, including deposing Mr. Iannarelli, would appear necessary.
[3] Despite allegedly knowing a PO Box for the accused, Plaintiffs do not allege ever having sent a letter asking the accused not to step on Swing 46's patio. Plaintiffs also identify no specific statement made, or date on which such statement was made, telling any person not to step on Swing 46's patio.
[4] Sadly, there has been an ongoing COVID-19 pandemic since at least early 2020.
[5] The undersigned has feelings and does not appreciate the insinuations that he is ugly.

outside of Swing 46 or "recording sound that could be only discernable by unlawfully entering plaintiffs' property,"[7] screaming at, giving the middle finger to, and telling Sarah Hayes[8] to "[expletive omitted] off," and "yelling at the host and cursing in a loud, offense (sic.) manner." Mr. Akhtar also presents low-quality images taken from behind an individual (1) on the sidewalk a distance away from a corner restaurant that is not the mid-block music club Swing 46, and (2) elsewhere on the public sidewalk near a road.[9] (D.I. 34-1).

These new facts should, pursuant to F.R.C.P. 12(d), be excluded for purposes of the 12(b)(6) Motion. *Jeremy F. DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 59-61 (S.D.N.Y. 2010) (excluding affidavit and exhibits submitted in opposition to 12(b)(6) motion to dismiss that were not attached to, incorporated by reference in, or integral to the complaint) (collecting authority). Equity precludes Plaintiffs from relying on newly collected facts while simultaneously engaging in physical aggressiveness against the undersigned and a dog to intimidate the undersigned and interfere with the undersigned's collection of evidence regarding, *inter alia*, how Swing 46 plays music plainly audible on the public sidewalk (through outdoor speakers and/or a propped open door) to promote its musical acts. Eisenberg Decl., ¶¶ 7, 8, 12.

However, even if the Court considers Plaintiffs' newly asserted facts, they fail to sufficiently buttress Plaintiffs' threadbare claims and render them plausibly pled, for example for the reasons given in the undersigned's opening brief and as discussed further below.

<u>Constitutional Claims</u>

Plaintiffs rely on ¶¶ 11 and 29 of the Complaint as showing "mainly plaintiffs' case is about Eisenberg, along with others, violating Mohamed John Akhtar's civil and constitutional rights." (D.I. 34 at 3).

---

[6] The undersigned is a person, not a jungle cat. Pejoratively referring to him walking as "prowling" is unnecessary.
[7] A video of Sarah Hayes using multiple speakers to blast her own (lovely) live music to the public sidewalk in front of Swing 46's patio can be viewed at https://www.youtube.com/watch?v=-bKCzySi5qo. Eisenberg Decl., ¶ 8. Swing 46's music was also plainly audible on the public sidewalk during the incident when Plaintiff Akhtar attacked the undersigned, and on other dates such as October 11, 2022. Eisenberg Decl., ¶¶ 7, 12.
[8] Ms. Hayes alleges she has video verification of some of her claims, but Plaintiffs have not made the video available.
[9] Following an individual throughout a neighborhood and taking pictures of them literally behind their back is extremely disturbing, threatening behavior, but pales in comparison to conduct of Plaintiff Akhtar discussed herein, in order to intimidate the undersigned.

Paragraph 11 of the Complaint (D.I. 1) is a conclusory claim of subject matter jurisdiction with no specific factual allegations. Paragraph 29, not civil rights or constitutionally-related, simply conclusorily refers to fraudulent issuance of noise complaints by multiple individuals to "harass[] and wrongly attempt[] to collect money from plaintiff through a fraudulent bounty system sustained by [the City Defendants]." Paragraph 29 is a threadbare accusation sounding in "fraud," (i.e., Count Five) forms of which "fraud" term it uses twice.

Neither paragraph provides notice that Plaintiffs are pursuing civil rights or constitutional causes of action (e.g. Counts One through Three) against the undersigned. Plaintiffs fail to address the undersigned's argument that Counts One through Three specifically mention the specific City Defendants but do not mention Eisenberg (a private citizen), while only Counts Four and Five refer to "all defendants." Plaintiffs thus fail to refute that civil rights and constitutional Counts One through Three are pled only against the specifically mentioned City Defendants, and not against the undersigned or any other "private citizen."

Plaintiffs also newly assert that the accused's alleged incompetence in using or calibrating sound measurement devices, and filing complaints with DEP despite his alleged incompetence, "*de facto* resulted in substantive violations of plaintiff Akhtar (*sic.*) civil rights under federal law." (D.I. 34 at 5). This argument relies on its counsel Mr. Iannarelli's newly introduced expert testimony, expressed "within a verifiable degree of scientific certainty," (D.I. 34-3 at 13) as to the need for specific testing procedures when issuing summonses,[10] as well as regulations relating to "breath analysis instruments." However, Plaintiffs fail to explain how police incompetence with respect to breath analysis instruments gives rise to a civil rights violation, as opposed to, say, merely a reason a criminal prosecution for driving while intoxicated should fail. Nor do Plaintiffs explain how the issuance of a mere *administrative* noise summons to a business has the same civil rights concerns as may be present with a *criminal* prosecution of an individual. To the extent Plaintiffs believe the evidence backing any noise summons they may have received lacks suitable scientific

---

[10] The undersigned questions the propriety of Mr. Iannarelli serving as both Plaintiff's advocate and also as an expert witness on inspection procedures. *See* N.Y. Rule of Professional Conduct 3.7(a).

7

rigor, their remedy is to take advantage of available due process, such as actually showing up to an OATH hearing and explaining their position to an OATH Hearing Officer.

Plaintiffs also allege in their opposition that Plaintiff Akhtar "is an imigrant (sic.), a person of color, a minority business owner and as such, he is within a protected class." (D.I. 34 at 5). However, Plaintiffs don't plead, let alone plausibly plead, that the accused took any action based on Mr. Akhtar's protected characteristics, or explain how others, similarly situated but without those protected characteristics, are treated any differently by Defendants. Nor is it pled that Plaintiff Akhtar, as opposed to Swing 46, even had a ticket issued against him. Moreover, it would be particularly implausible that the accused private citizen acted out of any discriminatory animus, when Plaintiffs admit that noise summonses against it were issued by plural "private citizens." (D.I. 1, ¶ 15). This is not a situation like in *Vega*,[11] where the plaintiff detailed numerous slights by the school district specifically based on the plaintiff's Hispanic race and Spanish-language speaking ability. And not only have Plaintiffs failed to adequately plead any discriminatory enforcement of the noise code, but government records demonstrate none exists. *See* Eisenberg Decl., ¶ 13. It is implausible summonses were issued for race or religion rather than for sidewalk-audible music.

<u>Fraud Claim</u>

Plaintiffs fail to address the undersigned's arguments that the elements of fraud are not adequately pled against him, particularly under the heightened pleading requirements of F.R.C.P. 9(b). Plaintiffs instead simply state in their Opposition that "[a]s for fraud, defendant Eisenberg, while in the act of trespassing, defendant observed placing what appeared to be a cell phone, or other listening device, directly against the plaintiffs' speakers or windows recording sound that could be only discernable by unlawfully entering plaintiffs' property." (D.I. 34 at 7).

Initially, as discussed above, the trespassing portion of this allegation is entirely new, not present in the Complaint, and thus cannot be relied on in showing the complaint adequately pleads fraud. Plaintiffs

---

[11] Cited by Plaintiffs at D.I. 67, p. 3.

also fail to specifically, let alone consistently with F.R.C.P. 9(b), allege when the alleged trespassing occurred, or when and how the undersigned was allegedly instructed not to step within Swing 46's publicly accessible patio. It also strains plausibility that, even though Plaintiffs were aware of a P.O. Box for Eric I. Eisenberg, (D.I. 1, ¶ 7) and even though Plaintiffs allegedly wanted him never to enter their property, they never allege they wrote him a letter to that effect.

And, even supposing, *ad arguendo*, that trespassing had been pled, Plaintiffs still fail to plead *any* of the elements of fraud, as discussed in the opening brief.

Moreover, as discussed above in the "New Facts in Opposition Section" and at footnote 7, this new allegation that "sound . . . could be only discernable by unlawfully entering plaintiffs' property" is obviously false, an attempt to mislead the Court, rebutted by videos obtained during an incident where Plaintiff Akhtar intimidated the undersigned and on other dates, and should be excluded.

Plaintiffs' arguments that the undersigned somehow admitted touching a cell phone directly to a Swing 46 sound source or window are also illogical. (*See* D.I. 34 at 11-12). The undersigned did no such thing. Eisenberg Decl., ¶ 9. That the undersigned believes gathering evidence by touching a speaker or window would provide additional information confirming the source of noise is not an admission that the undersigned touched Swing 46's speaker or window.

<u>Infliction of Emotional Distress Claim</u>

Plaintiffs' Opposition does not directly address any of the arguments or authority made by the undersigned with respect to failure of Plaintiffs to state a claim as to infliction of emotional distress.

**<u>AMENDMENT OF COMPLAINT</u>**

Plaintiffs' Opposition, (D.I. 34) filed January 2, 2024, indicates an intent to amend their complaint to cure any defects and add other causes of action. They provide no indication as to when they plan to file such an amended complaint.

Plaintiffs should not be permitted to amend. Plaintiffs have a long history of ignoring procedures and deadlines in this case. *See e.g.* D.I. 6, 20, 23 (failure to timely file proof of service); miscellaneous notice of July 31, 2023 (failure to correct deficient cover sheet); D.I. 3 (failure to file proof of service of Court's Individual Rules and Practices); D.I. 31, 32, 32-1, 35, 36, 36-1 (failure to accurately apprise court of counterparty's position and filing for extension after deadline had been missed); D.I. 49 (again filing for extension after deadline had been missed); D.I. 50 (filing of document under seal without prior Court approval, based on misrepresentation that D.I. 19 was a sealing order); D.I. 60 (indicating missed March 9, 2024 opposition deadline); D.I. 66, 67 (reply filing missed April 17, 2024 reply deadline). Plaintiffs have been warned by Judge Jessica G.L. Clarke that violating the Court's rules will have actual consequences. (D.I. 39) (". . . no further extensions requested by counsel for Plaintiff that violate this Court's Individual Rules will be granted.") Judge Clarke's Individual Rules and Practices in Civil Cases (4(e)), applicable at the relevant time, required Plaintiffs to indicate within 10 days of receipt of the undersigned's instant motion to dismiss (that is, by December 7, 2023) whether and when Plaintiffs would be amending. Plaintiffs, once again in violation of Judge Clarke's Individual Rules, failed or refused to do so.[12] Judge Clarke's Rule 4(e) further provides that "Non-moving parties are on notice that declining to amend their pleadings to respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing."

It is time to put an end to this lawsuit. Plaintiffs and/or their counsel have engaged in enough refusal to engage with the proper administrative channels, enough nonsensical pleading against an Eric I. Eisenberg they knew to be an incorrect defendant, enough missed deadlines and procedural impropriety, enough misrepresentations to this Court, enough outlandish and reputation-harming accusations, and enough intimidation of the undersigned.

---

[12] Plaintiffs also failed to amend as a matter of right within 21 days of either Motion to Dismiss filed in this case.

10

Dated:  Miami, Florida  Respectfully submitted,
April 22, 2024

s/      *Eric Eisenberg*
ERIC EISENBERG
1300 S Miami Ave
Unit 1408
Miami, FL 33130
(646) 801-6705
ericeis@gmail.com

11