No. 2022-30665
Supreme Court, New York County

# Lombardo v. 333 E. 49th P'ship

2022 N.Y. Slip Op. 30665
Decided Mar 3, 2022

Index 160424/2020

03-03-2022

JOSEPH LOMBARDO, Plaintiff, v. 333 EAST 49TH PARTNERSHIP, LP, 333 EA 4TH PARTNERSHIP, LP, 330 EAST 50TH PARTNERS, LP, DENNIS DZIENA ASSOCIATES, LLC, MADELEINE DZIENA, Defendants. Motion Seq. No. 002

Barbara Jaffe, Judge
Unpublished Opinion

PRESENT: HON. BARBARA JAFFE, Justice

**DECISION + ORDER ON MOTION**

Barbara Jaffe, Judge

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28-47, 49 were read on this motion for *summary judgment*.

By notice of motion, plaintiff moves for an order granting him summary judgment against defendants 333 East 49th Partnership, LP, 333 EA 4th Partnership, LP, and 330 East 50thPartners, LP, and a default judgment against defendants Dennis Dziena Associates LLC and Madeleine Dziena. Defendant 333 East 49th opposes and cross-moves for an order dismissing the action or, alternatively, for an order granting it leave to amend its answer to include cross claims against the defaulting defendants. Plaintiff opposes the cross motion.

I. PERTINENT BACKGROUND

2   This action was commenced by plaintiff in moving for summary judgment in lieu of complaint. (NYSCEF 1, 2). By decision and order dated June 9, 2021, the motion was denied on the ground that the underlying order did not qualify as a judgment or instrument for the payment of money only. (NYSCEF 25). The motion papers were thus converted into the summons and complaint and answer. (CPLR 3213). *2

As plaintiff submits a statement of material facts, to which defendants fail to respond, the following pertinent facts are deemed undisputed:

(1) On July 17, 1995, the owner of the premises at issue, defendants 333 East 49th Partnership, LP, 333 EA 4th Partnership, LP, and 333 East 50th Partner, LP (collectively, owner) and prime tenant, defendant Dennis Dziena Associates (DDA), entered into a two-year lease agreement commencing August 1, 1995, and thereafter entered into additional rent-stabilized renewal leases through 2007.

(2) On December 2, 2003, plaintiff entered into a two-month lease with DDA and thereafter remained in occupancy pursuant to renewal agreements from 2004 through 2009.

(4) On or about February 24, 2009, plaintiff filed a lease renewal complaint with the State of New York Division of Housing and Community Renewal (DHCR) against DDA and Dziena, alleging that DDA had refused to offer him a one-year renewal lease, that Dziena was an illusory prime tenant, and that owner should be compelled



to recognize plaintiff as the actual tenant, and that the apartment was rent-stabilized and he had been overcharged.

(5) On or about February 27, 2009, plaintiff filed a rent overcharge complaint with the DHCR against defendants DDA and Dziena; on March 25, 2009, the DHCR Rent Administrator (RA) consolidated the complaints.

(6) On December 4, 2009, the RA found that plaintiff had been overcharged in the sum of $201,593.29 by DDA and Dziena, that there was no evidence that owner collected an amount in excess of the legal regulated rent, and that owner should offer plaintiff a vacancy lease.

(7) In December 2009, after DDA had asked that the matter be re-opened and reconsidered and that all claims against Dziena be dismissed on the grounds that she was *3 protected from personal liability, the RA issued an order removing Dziena as a responsible party and finding that DDA was solely responsible for the rent overcharge.

(8) On October 22, 2010, plaintiff filed a Petitioner for Administrative Review (PAR) against the reconsideration order, and in April 2012, the DHCR commissioner remanded the matter to the RA, finding that the decision to absolve Dziena from liability was not supported by the evidence.

(9) On June 18, 2014, the RA found that owner and DDA were jointly and severally liable for the overcharge to plaintiff, in the sum of $263,942.29, including interest and treble damages. The RA found insufficient evidence to hold Dziena personally liable for the overcharge.

(10) Both owner and DDA filed PARs, and in July 2015, the commissioner denied them.

(11) Owner then commenced an CPLR article 78 proceeding in this court, which was denied and dismissed. After owner appealed the decision, the Court ordered a remand to DHCR and directed it to modify the prior order by finding Dziena personally liable, along with owner and DDA, and to recalculate damages.

(12) On February 28, 2019, DHCR found that Dziena was personally liable for the rent overcharges to plaintiff, including interest and treble damages; that the correct amount of damages was $196,163.49 plus interest; and that owner, DDA, and Dziena were jointly and severally liable for the rent overcharge and were required to refund plaintiff.

(13) Dziena then commenced a CPLR article 78 proceeding in this court, which was denied and dismissed in July 2019. Her motion for leave to renew and reargue was granted, but *4 the justice then presiding adhered to her decision and dismissed the proceeding. Defendants filed no further appeals and their time to do so has expired.

(14) The February 28, 2019 order and opinion of the DHCR provides that upon the expiration of the period for seeking review of this order and opinion pursuant to CPLR article 78, the order and opinion may be filed and enforced as a judgment.

(15) On or about January 30, 2020, Plaintiff filed a notice of certification of overcharge penalties (RN-14) pursuant to DHCR fact sheet 16, "Collecting overcharges in rent stabilized apartments in New York City." On or about November 18, 2020, the RN-14 was returned to plaintiff on the ground that it could not be used to collect overcharges against the named tenant, and plaintiff was instructed therein to initiate judicial proceedings to obtain the overcharges.

(16) Shortly thereafter, plaintiff filed the instant action.

## II. ANALYSIS

As plaintiff establishes that the issues raised in this action have been extensively litigated, that defendants have had numerous opportunities to defend themselves against plaintiffs claims and have done so, and that this action seeks to enforce

DHCR's findings against defendants, he demonstrates, *prima facie,* entitlement to summary judgment. (*See e.g., Gersten v 56 7th Ave. LLC,* 88 A.D.3d 189 [1st Dept 2011], *app withdrawn* 18 N.Y.3d 954 [2012] [party barred from relitigating issue of rent-stabilized status of apartment which had already been determined in DHCR proceeding]).

Defendants are bound by the factual findings made against them by DHCR and the trial and appellate courts, and thus are unable to raise a triable issue here. Nor may they assert new defenses to the litigated claims. *5 (*See e.g., 50411th Street Corp. v New York State Div. of Housing and Community Renewal,* 28 A.D.3d 663 [2d Dept 2006] [landlord estopped from opposing rent overcharge claim as defense already rejected by DHCR and upheld by trial court in article 78 proceeding, from which landlord did not appeal]). For the same reasons, their cross motion to dismiss or to amend is denied.

Plaintiff also moves for a default judgment against Dziena and DDA. Plaintiffs service of the pleadings on Dziena by delivery to her alleged doorman is insufficient absent an indication that the doorman refused to provide access to Dziena's apartment. (*See McCormack v Goldstein,* 204 A.D.2d 121 [1st Dept 1994], *lv denied* 85 N.Y.2d 801[1995] [delivery to doorman did not constitute proper service where doorman never prevented process server from attempting to reach defendant's apartment]). Nor does plaintiff submit an affidavit as to Dziena's military status subsequent to her default, and fails to demonstrate that complied with CPLR 3215(g) after he served DDA by delivery to the Secretary of State.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED, that plaintiffs motion for summary judgment against defendants 333 East 49th Partnership, LP, 333 EA 4th Partnership, LP, and 330 East 50th Partner, LP is granted, and judgment is granted as against said defendants, jointly and severally, in the sum of $196,163.49 plus interest from February 28, 2019, for a total sum of $ ___, and the clerk of the court is directed to enter judgment accordingly; it is further

ORDERED, that plaintiffs motion for a default judgment against defendants Dennis Dziena Associates LLC and Madeleine Dziena is denied, and plaintiff is directed to renew his motion within 60 days of the date of this order, or his claims will be dismissed as against said defendants; and it is further *6

ORDERED, that defendants' cross motion is denied.

casetext
Part of Thomson Reuters