UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

                                            Plaintiffs,

                                                                               23 CV 6585 (JGLC)(VF)

                    -against-

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

                                            Defendants.

------------------------------------------------------------------- x

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

                                              HON. SYLVIA O. HINDS-RADIX,
                                              Corporation Counsel of the City of New York
                                              *Attorney for the City Defendants*
                                              100 Church Street
                                              New York, New York 10007
                                              Tel: (212) 356-2212

MICHELLE GOLDBERG-CAHN
MARK MUSCHENHEIM
KERRI A. DEVINE
GENAN F. ZILKHA
            *Of Counsel,*

May 1, 2024

Defendants, Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, Commissioner of the New York City Department of Environmental Protection ("DEP"), and DEP (collectively "City Defendants"), by their attorney, HONORABLE SYLVIA O. HINDS-RADIX, Corporation Counsel of the City of New York, submit this memorandum of law in further support of City Defendants' Motion to Dismiss the Amended Complaint ("Dfts' Moving Br.")(ECF 20) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT

Plaintiffs' two-page opposition brief to City Defendants' Motion to Dismiss does not in any meaningful way address City Defendants' arguments as to why the Amended Complaint should be dismissed. Indeed, they do not address City Defendants' arguments with respect to the Due Process, First Amendment, infliction of emotional distress or fraud claims at all and such claims should therefore be considered abandoned. Hauschild v. United States Marshals Serv., 21 CV 7580, 2023 U.S. Dist. LEXIS 39052, *39 (S.D.N.Y. Mar. 8, 2023). Other than asserting generally that the "noise complaints" are invalid, the lone "legal argument" appears to relate to their Equal Protection claim and states in conclusory fashion that Plaintiffs have "made out a prima facia showing of the allegations." See Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pltfs' Opp.")(ECF 67) at 3. In support of this assertion, Plaintiffs cite to Vega v. Hempstead Union Free School District, 801 F.3d 72 (2d Cir, 2015), which addressed the sufficiency of claims of employment discrimination and retaliation and does not provide any support for plaintiffs' claim selective enforcement claim. Pltfs' Opp. at 3. As set forth in City Defendants' moving brief, Plaintiffs' Equal Protection claim, apparently premised on a claim of selective enforcement, should be dismissed due to Plaintiffs' failure to identify similarly situated comparators, and the Plaintiffs' opposition brief does nothing to cure this deficiency. Dfts' Moving Br. at Point I(C). Plaintiffs' vague assertions that Mohamed John Akhtar is "the only person of color, as well as a Muslim, in

2

the near vicinity of where he operated his business" (Pltfs' Opp. at 3) is insufficient to plead that he was similarly situated in all material respects to the individuals with whom he seeks to compare himself.  See Hu v. City of New York, 927 F.3d 81, 96 (2d Cir. 2019).  Accordingly, Plaintiffs' Equal Protection claim fails.  See McDaniels v. Mertens, 2023 U.S. App. LEXIS 23291, *2 (2d Cir. 2023).[1]

Plaintiffs allegations in their opposition brief that the "noise complaints" are generally invalid based on evidentiary issues—that Co-Defendant Eisenberg was not trained in the use of noise detecting equipment, that such equipment had not been calibrated and that there was no independent way to validate the evidence (Pltfs' Opp at 2)—also fail to address and have no bearing on the sufficiency of the allegations and claims set forth in the Amended Complaint.

---

[1] To the extent that Plaintiffs attempt to cure pleading deficiencies through the annexation of the Declarations of Anthony N. Iannarelli Jr., and Mohammed John Akhtar (collectively "Declarations"), those also fall short. For example, the Declarations neither identify any similarly situated business owners as required for the Equal Protection claim. Further, although Plaintiffs allege that they have been issued "numerous" summonses (Complaint ¶ 24) with a first offense penalty of $1,000 (Complaint ¶ 17) they do not include any specifics as to such summonses in the Amended Complaint and annex only one summons with a $800 penalty to the Declaration of Anthony N. Iannarelli, Jr.

**CONCLUSION**

For the foregoing reasons, as well as those set forth in City Defendants' moving brief, City Defendants' motion to dismiss the Amended Complaint should be granted, together with such other relief as the Court deems just and proper.

Dated:     New York, New York
            May 1, 2024

                                      **HON. SYLVIA O. HINDS-RADIX**
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendants*
                                        100 Church Street
                                        New York, New York 10007
                                        (212)356-2214
                                        kdevine@law.nyc.gov

               By:     /s/ *Kerri A. Devine* /s/ *Genan Zilkha*
                                        Kerri A. Devine
                                        Genan Zilkha