UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Sohel Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,<br><br>Plaintiffs,<br><br>v.<br><br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty,<br><br>Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

PLEASE TAKE NOTICE that Mohamed John Sohel Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club' objects to the Report and Recommendation of Magistrate Judge Valerie Figueredo, dated June 6, 2024 [42].

Anthony N. Iannarelli Jr.<br>
74 Lafayette Avenue<br>
Suite 202 # 116<br>
Suffern, New York 10901<br>
212-431-1031<br>
anilaw2@gmail.com<br>
Attorney for Plaintiffs

1

Anthony N. Iannarelli Jr., attorney for plaintiffs Mohamed John Sohel Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club (hereinafter "plaintiffs") objects to the Report and Recommendations, dated June 6, 2024, of Magistrate Judge Valerie Figueredo on the following grounds:

1. The standard of review for a dismissal with prejudice, as the Magistrate recommend for counts I & IV of plaintiffs' Complaint, is set at a high bar and an extreme remedy, particularly on the pleadings where no discovery has been conducted.

2. Dismissal without prejudice, as the Magistrate recommend for counts II, III, & V, is not necessary where, as in the instant matter, plaintiffs have indicated it would be their intention to amend their initial complaint.

3. Plaintiffs, upon their pleadings and supporting documents, including sworn statements of fact, have raised very serious allegations of discrimination based upon defendants' racial and ethnic animus

towards plaintiff Mohamed John Sohel Akhtar and his business, La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club. It has been well established that plaintiffs have access to the federal courts to adjudicate these claims. Particularly so because of the unfortunate history of local courts denying access to plaintiffs to have these claims addressed.

4. The standard of review applied by the Magistrate appears to be that akin to that of summary judgment. Here, no discovery at all has been conducted, and indeed, defendants spoiled their own arguments for dismissal by their opposition to having any discovery conducted and amendment of the complaint by plaintiffs.

For the reasons stated above, and based upon the previous pleadings and filings, it is respectfully requested that dismissal, with prejudice or without, not be granted for the plaintiffs' complaint herein.

Dated: June 21, 2024

_____
Anthony N. Iannarelli Jr.
Attorney for Plaintiffs

3