UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. d/b/a SWING 46 JAZZ
AND SUPPER CLUB,

                            Plaintiff

                -against-                      23-CV-6585 (JGLC) (VF)

ERIC ADAMS, Mayor of the City of New
York, ROHIT T. AGGARWALA, New York
City Department of Environmental Protection,
ERIC I. EISENBERG and JOHN AND JANE
DOES ONE THROUGH THIRTY,

                            Defendants
_____

### ERIC EISENBERG'S LETTER OPPOSITION TO PLAINTIFFS' JUNE 21, 2024 LETTER MOTION FOR EXTENSION OF TIME (D.I. 77)

Dear Judge Jessica G. L. Clarke,

    I, Eric Eisenberg, write in opposition to Plaintiffs' letter motion of June 21, 2024, (D.I. 77) seeking, after the June 20, 2024 deadline to file objections to Magistrate Judge Figueredo's Report and Recommendations (D.I. 72), a *nunc pro tunc* extension of time to file objections.

    I do not believe such *nunc pro tunc* extension to be appropriate in light of Plaintiffs' continued disregard of this Court's deadlines and procedures and continued misleading statements to the Court.

    Your Honor, at D.I. 39, previously granted Plaintiffs a *nunc pro tunc* extension, but stated in no uncertain terms that "**no further extensions requested by counsel for Plaintiff that violate this Court's Individual Rules will be granted**." (emphasis added). Yet, Plaintiffs' June 21, 2024 extension request violates Your Honor's Individual Rules. Your Honor's Individual Rules and Practices in Civil Cases, 2(e) states, *inter alia*:

1

> The letter-motion [for an extension of time] must state . . . whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent[. . .]. Absent an emergency, any request for extension or adjournment shall be made as early as possible, and *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline. (emphasis in original)

Plaintiffs' letter-motion does not state whether defendants consent, and indeed the undersigned received no communication from Plaintiffs' counsel regarding the requested extension of time. Plaintiffs' refusal to abide by Your Honor's procedures by asking for and including the undersigned's reasons for not consenting prejudiced the undersigned by forcing him to prepare this letter. And despite Your Honor's clear warning to Plaintiffs, Plaintiffs' request for extension was made not at least 48 hours prior to the deadline, but rather on the day after the deadline.

There is no "emergency" here justifying the missed deadlines. Plaintiffs' counsel had nearly two weeks prior to his June 19, 2024 medical appointment, part of his continuing eye treatment regimen, to prepare objections. And an injection into one eye, while unfortunate, is not claimed to preclude Plaintiffs' counsel from using word processing software or filing documents. There is no reason that Plaintiffs' counsel could not have moved for an extension, timely, and prior to his eye procedure, on June 18, 2024 (48 hours pre-deadline), per Your Honor's Individual Rules.

Plaintiffs' counsel claims he is "of the reasonable belief that none of the parties will be adversely impacted by the Court granting me an extra day." But that extra day allowed Plaintiffs an undue advantage of being able to review and consider the undersigned's timely-filed objections while preparing their own objections.

Moreover, Plaintiffs latest missed deadline is just the latest part of an extreme pattern of Plaintiffs missing deadlines and obligations in this case, a pattern including, for example, the following:

(1) Never correcting the deficient Civil Cover Sheet, contrary to the following court notice:

> Jul 31, 2023    ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Anthony Nicholas Iannarelli, Jr. The party information for the following party/parties has been modified: La Buca Restaurant, Inc., Eric Adams. The information for the party/parties has been modified for the following reason/reasons: party text was omitted; alias party name was omitted. (vf)

(2) Never serving this Court's Individual Rules on defendants, or providing proof of service. *See* D.I. 3;

(3) Failing to serve the summons and complaint within 90 days. *See* D.I. 5;

(4) Failing to file proof of service of summons and complaint on Eric Eisenberg by November 10, 2023. *See* D.I. 6, 20, 23;

2

(5) Missing court-ordered December 27, 2023 Eisenberg motion-to-dismiss opposition deadline, instead filing *nunc pro tunc* extension request on January 2, 2024. D.I. 33, 35, 37;

(6) Missing City Defendants' motion-to-dismiss opposition deadline, instead filing *nunc pro tunc* extension request on February 19, 2024. D.I. 41, 49, 50, 51;

(7) Missing March 9, 2024 extended deadline to oppose City Defendants' motion-to-dismiss. *See* D.I. 60;

(8) Missing April 17, 2024 again extended deadline to oppose City Defendants' motion-to-dismiss. D.I. 66, 67; and, of course

(9) Missing June 20, 2024 deadline to file objections, a deadline clearly spelled out at D.I. 72.

At some point, there ought to be actual consequences to Plaintiffs for repeatedly missing deadlines, especially given Your Honor's explicit warning to Plaintiffs on January 9, 2024 (D.I. 39).

Plaintiffs also, potentially misleadingly, represent in their June 21, 2024 letter-motion that "it is noteworthy that *pro se* defendant Eric I. Eisenberg[1] (correctly) filed his opposition to the report today as well." Plaintiffs made this representation even though the undersigned timely filed his objections as D.I. 73 on June 20, 2024 under the ECF event "Appeal of Magistrate Judge Decision to District Court," simultaneously serving the objections on all counsel by ECF. In response to a June 21, 2024 Court request to refile under a different ECF event "Objection to Report and Recommendations," the undersigned promptly did so as D.I. 74. Unlike Plaintiffs' objections, the undersigned's objections, first filed on June 20, 2024, are timely and were timely made available to opposing counsel.

Thank you kindly for your consideration of the foregoing.

Dated :
June 22, 2024

Respectfully submitted,

s/      *Eric Eisenberg*
ERIC EISENBERG
(646) 801-6705
ericeis@gmail.com

cc: all parties (by ECF)

---

[1] That is not the undersigned's name.

3