UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

Mohamed John Akhtar and
La Buca Restaurant, Inc. d/b/a
Swing 46 Jazz and Supper Club,

                                        Plaintiffs,

                                                          23 CV 6585 (JGLC)(VF)

                  -against-

Eric Adams, Mayor of the City of
New York, Rohit T. Aggarwala, New
York City Department of
Environmental Protection, Eric I.
Eisenberg, and John and Jane
Does One through Thirty,

                                          Defendants.

------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE FIGUEREDO

                                           **MURIEL GOODE-TRUFANT**
                                           Acting Corporation Counsel of the City of New York
                                           *Attorney for the City Defendants*
                                           100 Church Street
                                           New York, New York 10007
                                           Tel: (212) 356-2212

MICHELLE GOLDBERG-CAHN
MARK MUSCHENHEIM
KERRI A. DEVINE
GENAN F. ZILKHA
         Of Counsel,

July 2, 2024

Defendants, Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, Commissioner of the New York City Department of Environmental Protection ("DEP"), and DEP (collectively "City Defendants"), by their attorney, MURIEL GOODE-TRUFANT, Acting Corporation Counsel of the City of New York, submit this memorandum of law in Opposition to Plaintiffs' Objections ("Objections") to the Report and Recommendation ("Report and Recommendation") of Magistrate Judge Valerie Figueredo (ECF 76).

## PRELIMINARY STATEMENT

Plaintiff La Buca Restaurant. Inc. d/b/a Swing 46 Jazz and Supper Club. ("Swing 46") is a restaurant owned by Plaintiff Mohamed John Akhtar ("Akhtar") (collectively "Plaintiffs"). In this action, Plaintiffs challenge summonses issued to them *via* the Citizen's Complaint Program for violations of the New York City Noise Control Code ("Noise Code"); Plaintiffs assert various claims including violations of, inter alia, the First and Fourteenth Amendment by the City Defendants. The Report and Recommendation correctly dismissed Plaintiffs' claims for failing to sufficiently plead any allegations to support them, including even the basic, underlying facts, such as "the number of summonses received, the dates they were issued, who they were issued to, or even the specific conduct that allegedly led to the issuance of the summonses." Report and Recommendation at 14.

## STANDARD OF REVIEW

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" Windward Bora LLC v. Lungen, No. 22 CV 4743 (VB), 2023 U.S. Dist. LEXIS 220900, at *1-2 (S.D.N.Y. Dec. 11, 2023) (quoting 28 U.S.C. § 636(b)(1)).

"Parties may raise objections to the magistrate judge's report and recommendation, but they must be 'specific[,] written,' and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2)." Quinones v. Lee, No. 20 CV 4621 (VB), 2023 U.S. Dist. LEXIS 226906, at *2 (S.D.N.Y. Dec. 18, 2023). For a dispositive motion, "[w]here timely objections are made, the court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Lewis v. Zon, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (citations omitted). "When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt v. Joie, No. 96 CV 0324 (LTS)(THK), 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. Mar. 4, 2002).

## ARGUMENT

### PLAINTIFFS FAIL TO MAKE SPECIFIC OBJECTIONS TO THE REPORT AND RECOMMENDATION

Plaintiffs have failed to submit specific objections to the Report and Recommendation and, therefore the District Court should review it for clear error, and adopt it as there was no clear error in the Report and Recommendation.

In objecting to the Report and Recommendation, Plaintiffs do not set forth any meaningful or specific objections other than generally asserting that the Court applied the incorrect standard of review, without providing any specific examples of such alleged error. Objection ¶¶1, 4. This objection is, in any event, baseless. The Court applied the correct standard of review in assessing the sufficiency of the pleadings and dismissed Plaintiffs' claims due to the lack of sufficient, non-conclusory factual allegations to set forth the elements of any of the claims asserted. See Report and Recommendation at 6, 7, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 28; see Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiffs do not specifically refute or even address any of the Court's findings with respect to the paucity of supporting factual allegations in the Complaint.[1]

Plaintiffs make no specific objection to the Court's correct recommendation that Count I be dismissed with prejudice due to the fact that 42 USC "§ 1983 creates no independent, substantive constitutional rights but rather is a vehicle for enforcing such rights." Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989); see Report and Recommendation at 20. Similarly, Plaintiffs make no specific objection to the Court's correct recommendation that Count IV be dismissed with prejudice, as Plaintiffs did not allege that they filed a Notice of Claim – a condition precedent to commencing any tort action against a municipal defendant, see Report and Recommendation at 21, and because causes of action for intentional infliction of emotional distress are prohibited against government entities. See Report and Recommendation at 22; see also Frederique v. County of Nassau, 168 F. Supp. 3d 455, 483 (E.D.N.Y. 2016) ("Pursuant to New York law, '[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity.'" (citations omitted)).

Plaintiffs also, puzzlingly, object to the dismissal of Counts II, III and V without prejudice and for which the Court granted Plaintiffs leave to amend, as "not necessary" as "plaintiffs have indicated that it would be their intention to amend their initial complaint[.]" Objection ¶2. This objection should be disregarded as the Court appears to have granted Plaintiffs

---

[1] The Court also recommended that Plaintiffs should be deemed to have abandoned their Due Process, Equal Protection, First Amendment, infliction of emotional distress and fraud claims due to their failure to respond to any of the arguments set forth in City Defendants' motion to dismiss as to why those claims should be dismissed; plaintiffs raise no objection to that recommendation. Report and Recommendation at 12.

the relief they seek. Moreover, this objection lacks specificity as to why the intent to amend is somehow contrary to the Court's recommended dismissal without prejudice which, explicitly granted leave to amend. Therefore, since Plaintiffs' objections are conclusory and lack specificity, the District Court should review the Report and Recommendation for clear error and the Court need not make a de novo determination.

## CONCLUSION

For the foregoing reasons, the District Court should only review the Report and Recommendation for clear error and, after conducting such a review, adopt the Report and Recommendation as there was no clear error.

Dated: New York, New York
July 2, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212)356-2214
kdevine@law.nyc.gov

By:    /s/Kerri A. Devine /s/ Genan Zilkha
Kerri A. Devine
Genan Zilkha