UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
|
MOHAMED JOHN AKHTAR and LA BUCA |
RESTAURANT, INC. d/b/a SWING 46 JAZZ |
AND SUPPER CLUB, |
                    Plaintiff |
|
      -against-                 |   23-CV-6585 (JGLC)(VF)
|
ERIC ADAMS, Mayor of the City of New |
York, ROHIT T. AGGARWALA, New York |
City Department of Environmental Protection, |
ERIC I. EISENBERG and JOHN AND JANE |
DOES ONE THROUGH THIRTY, |
|
                  Defendants |
_____|

**ERIC EISENBERG'S RESPONSE TO PLAINTIFFS' OBJECTIONS (D.I. 76) TO
REPORT AND RECOMMENDATION (D.I. 72)**

The undersigned[1] submits this response to Plaintiffs' Objections (D.I. 76) Magistrate Judge Figueredo's Report and Recommendation (D.I. 72). Plaintiffs' Objections were filed on June 21, 2024.

Plaintiffs' Objections to the Report and Recommendation argue, at a high level of generality, that there is a high bar for dismissal with prejudice (Item 1), and that dismissal is inappropriate where "plaintiffs have indicated it would be their intention to amend their initial complaint" (Item 2). Plaintiffs also argue they should have been entitled to rely on various facts outside of the pleadings, (Item 3) and that a standard of review "akin to that of summary judgment" was allegedly improperly used (Item 4).

Contrary to Plaintiffs' Items 1 and 2, dismissal with prejudice, and without leave to amend, is entirely appropriate given the specific history of this case. On November 27, 2023, while this case was assigned to the Honorable Judge Jessica G. L. Clarke, the undersigned filed and electronically served a motion seeking dismissal of all of Plaintiffs' claims (D.I. 24 and 25). Judge Clarke's Individual Rules of Practice in Civil Cases, at 4(e), provides that:

> If a motion to dismiss is filed, the non-moving party shall, within 10 days of receipt of the motion, notify the Court and its adversary in writing whether (1) it intends to file an amended pleading and when it will do so; or (2) it will rely on the pleading being attacked. Non-moving parties are on notice that declining to amend their pleadings to respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing. [...]

Nonetheless, in violation of this Rule, Plaintiffs never made the required Individual Rule 4(e) notification, let alone within the 10 days required by this Rule (that is, by December 7,

---

[1] To be absolutely clear, the undersigned is not the "Eric I. Eisenberg" who lives in the West 50s of Manhattan who was named in the complaint.

1

2023, while this case remained assigned to the Honorable Jessica G. L. Clarke) - and thereby Plaintiffs necessitated time-consuming motion practice.

The undersigned's November 27, 2023 motion to dismiss "made apparent" many fatal defects in the Complaint, for example:

- The dispute lacks ripeness because, *inter alia*, "Swing 46 does not allege that it participated in even a single merits-based hearing before an OATH Hearing Officer," does not allege it made use of OATH's "procedures for vacating [default] determinations," and did not identify the specific noise summons(es) at issue. D.I. 25 at 5; *see* D.I. 72 at 11, n. 9;
- The Complaint named "Eric I Eisenberg", a specific individual actually living in the West 50s in Manhattan, known to Plaintiffs' attorney not to be a correct defendant. D.I. 25 at 8, 10;
- Counts One through Three were not alleged against any Eric Eisenberg. D.I. 25 at 12;
- Count Five (fraud) was inadequately pled as to each and every element, especially under the heightened pleading standard of F.R.C.P. 9(b) and the heightened substantive standard of N.Y. Civ. Rights Law §76-A. D.I. 25 at 14-20; and
- Count Four (emotional distress claims) was likewise inadequately pled as to each and every element. D.I. 25 at 20-24.

Having received the undersigned's motion on November 27, 2023, clearly identifying numerous specific and obviously fatal flaws with the Complaint, Plaintiffs, under Judge Jessica G. L. Clarke's Individual Rule 4(e), were faced with a choice requiring an answer in writing by December 7, 2023. Plaintiffs' choice was to either indicate Plaintiffs "intend[] to file an amended pleading and when [Plaintiffs] will do so" or indicate Plaintiffs "will rely on the pleading being

2

attacked." Had Plaintiffs chosen the first option, the parties and the Court would not have needed to waste their time briefing and determining the obvious insufficiency of the initial Complaint. Had Plaintiffs chosen the second option, it would have amounted to an acknowledgment of the "waiver of [Plaintiffs'] right to use the amendment process to cure any defects that have been made apparent by the briefing."

Plaintiffs' non-compliance with Judge Clarke's Individual Rule 4(e) should not be rewarded with multiple bites at the apple, namely, allowing Plaintiffs to brief the two motions to dismiss the original fatally-flawed Complaint and then also allowing Plaintiffs to file a second Complaint (which will in all likelihood require a second time-consuming round of dismissal briefing). Rather, by choosing to simply brief the motions-to-dismiss and disobey Individual Rule 4(e), Plaintiffs should be deemed to have waived their right to use the amendment process to fix their fatally flawed Complaint, and no amendment should be allowed.

Declining an opportunity for Plaintiffs to amend is particularly appropriate where Plaintiffs have shown such consistent disrespect for this Court and its procedures and deadlines throughout the course of this litigation, for example as follows:

(1) Never correcting the deficient, unsigned, Civil Cover Sheet, contrary to the following court notice:

> Jul 31, 2023        ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Anthony Nicholas Iannarelli, Jr to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): Signature Error. Form is not signed. Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. (vf)

(2) Never serving this Court's Individual Rules on defendants, or providing proof of service. *See* D.I. 3;

(3) Failing to serve the summons and complaint within 90 days. *See* D.I. 5;

(4) Failing to file proof of service of the summons and complaint on Eric Eisenberg by November 10, 2023. *See* D.I. 6, 20, 23;

3

(5) Failing to comply with Judge Clarke's Individual Civil Rule 4(e) through a required written statement due on December 7, 2023 in Response to the undersigned's November 27, 2023 motion to dismiss;

(6) Missing court-ordered December 27, 2023 Eisenberg motion-to-dismiss opposition deadline, instead filing a *nunc pro tunc* extension request on January 2, 2024. D.I. 33, 35, 37;

(7) Missing City Defendants' motion-to-dismiss opposition deadline, instead filing a *nunc pro tunc* extension request on February 19, 2024. D.I. 41, 49, 50, 51;

(8) Missing March 9, 2024 extended deadline to oppose City Defendants' motion-to-dismiss. *See* D.I. 60;

(9) Missing April 17, 2024 again extended deadline to oppose City Defendants' motion-to-dismiss. D.I. 66, 67; and

(10) Missing June 20, 2024 deadline to file objections, a deadline clearly spelled out at D.I. 72.

Indeed, Plaintiffs' and their counsel's misconduct in this case goes well beyond merely missing deadlines, but extends even to making misrepresentations to this Court and engaging in physical aggressiveness against the undersigned and a dog as an intimidation tactic intended to discourage the gathering of evidence relevant to this proceeding. *See* D.I. 68 at 1, 3, 6, and 9-10; D.I. 69, ¶¶ 2, 7 and 16 and Exhs. 1 and 7 thereto. Further stretching out this litigation provides yet more opportunities for deception and intimidation by Plaintiffs.

As to Item 3, Plaintiffs' frequently insulting and/or false facts provided in opposition to the motion-to-dismiss need not be considered on a 12(b)(6) motion for failure to state a claim, and, even if, *ad arguendo*, such newly alleged facts were true, they would still not save Plaintiffs' threadbare and insufficiently-pled claims. *See generally* D.I. 68 at 1-3, 5-9.

As to Item 4, the undersigned notes that a standard of review "akin to that of summary judgment" was not employed by Magistrate Judge Figueredo in determining that all claims should be dismissed. Rather, the Report and Recommendation explicitly cites, *inter alia*, the

*Twombly* and *Iqbal* plausibility standard with respect to the 12(b)(6) aspect of the dismissal. D.I. 72 at 5-6. Indeed, the Report and Recommendation makes no mention of "summary judgment." In any event, given that Plaintiffs have failed to explain how there is, at a minimum, either plausible pleading or a genuine issue of fact as to each element of any of its causes of action, it is not clear how a different result would be reached as between a summary judgment standard and the *Twombly* / *Iqbal* standard. Moreover, Plaintiffs' demand for discovery appears to be little more than a fishing expedition and attempt to force a nuisance settlement, given that Plaintiffs have not plausibly pled any claim for relief, either via the Complaint, or via offering an Amended Complaint within the mandated time periods after the motions-to-dismiss were served.

In sum, the undersigned respectfully requests that the Court not disturb the Report and Recommendation's basic recommendation that all claims in the Complaint be dismissed. However, in light of Plaintiffs' and its counsel's consistently problematic behavior throughout the course of this case and in light of Plaintiffs not so much as hinting as to how they might plead any of their causes of action plausibly, dismissal ought to be with prejudice and without leave to amend.

Dated:   July 5, 2024                                          Respectfully submitted,

                                                            s/   *Eric Eisenberg*
                                                            ERIC EISENBERG
                                                            (646) 801-6705
                                                            ericeis@gmail.com

cc: all parties, by ECF