UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc.  d/b/a  Swing 46 Jazz and Supper Club,<br>　　　　Plaintiffs,<br>　　　　　v.<br>Eric M, Eisenberg, and John and Jane Does One through Thirty<br>　　　　Defendants. | **AMENDED NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>CIVIL ACTION No.  23–cv–06585 |

　　　Plaintiffs in the above captioned matter allege as follows:

　　1. Mohamed John Akhtar, hereinafter "plaintiff Akhtar," is a person and resident of the City of New York, County of New York, with a business address of 349 West 46th Street, New York, and is a plaintiff in the above captioned matter.

　　2. La Buca Restaurant, d/b/a Swing 46 Jazz and Supper Club, hereinafter "plaintiff La Buca Restaurant," is a New York Corporation, with a business address of 349 West 46th Street, New York, County of New York. The corporation is owned and operated by plaintiff Mohamed John Akhtar, and is, itself, a plaintiff in the above captioned matter.

　　3. The term "Plaintiffs" in the plural, standing alone, refers to both plaintiffs  Akhtar and La Buca Restaurant together.

1

4. Plaintiffs' case was originally filed in the United District Court for the Southern District Court of New York on July 28, 2023 and docketed as Civil Action No. 23-cv-06585.

5. The aforementioned case is still pending against defendant Eric M. Eisenberg, (hereinafter defendant Eisenberg"). The trial court judge, Hon. Jessica Clarke, U.S.D.J., granted a defense motion, based merely on the pleadings of plaintiffs' complaint, for that portion of the case against defendant Eric M. Eisenberg. That motion was granted without prejudice with leave for plaintiffs to refile their complaint.

6. No discovery had been conducted and the plaintiffs opposed the dismissal motion.

7. Plaintiffs' amended their complaint against defendant Eisenberg and filed it on October 7, 2024, and that portion of the case is still pending under the same docket number of 23-cv-06585.

8. Additionally, and in the same case, Eric Adams, Mayor, New York City Department of Environmental Protection, along with its Commissioner, Rohit T. Aggarwala, herein after "NYC Defendants," had been named as defendants by plaintiffs Akhtar and La Buca Restaurant in their complaint. But the trial court granted a motion for dismissal solely on plaintiffs' complaint,

also without the benefit of conducting discovery, brought by City Defendants.

9. Plaintiffs again opposed the dismissal motion, but it was granted and this time, significantly, with prejudice. Meaning, even with amendments to the complaint, the plaintiffs would not be allowed to have their case heard in a court of law.

10.  Plaintiffs timely appealed the trial court's orders of dismissal, and that appeal is now pending before the U.S. Court of Appeals for the Second Circuit under 24-2370.

11.  Plaintiffs alleged in their case that all of the foregoing named defendants devised a scheme to falsely accuse plaintiffs of making excessive noise without credible evidence. Then the City Defendants imposed crippling fines, and without due process of law, among other constitutional and statutory violations.

12.  Defendant Eisenberg, who was the alleged complaining Witness, but not a New York City employee, was to be given, or expected to be given, a share of the fine money imposed upon plaintiffs. Plaintiff Akhtar, a person of color, a legal émigré from the County of Bangladesh and an American citizen, a Muslim, and essentially a minority within minorities, was believed to be targeted by these defendants because of his race, color, national origin and religion. Akhtar is the only minority

business owner in the near vicinity of his restaurant, and was targeted most frequently and severely by defendants with false complaints.

13. Plaintiffs were never afforded the opportunity to conduct discovery before the trial court considered, and ultimately granted, defendants' individual motions for dismissal solely upon plaintiffs' complaint.

14. Now in a separate state court action plaintiffs Akhtar and La Buca Restaurant have been named as defendants in a civil case filed, upon information and belief, on about October 8, 2024 in the Supreme Court of the State of New York, County of New York. That action is captioned as <u>City of New York v. Swing 46</u>, Index No. 452761/2024. Exhibit One.

15. That action is an attempt by defendants to collect money damages derived from defendants' fraudulent acts and omissions as outlined in this case, and still currently being litigated under the same Civil Action Number 23-cv-06585. That is, the ill gotten means for money damages that plaintiffs complained of in the case before this Court are being sought in a separate and subsequent proceeding. Defendants are attempting this before all matters have been completed before the district court, and now, upon appeal, before the U.S. Court of Appeals for the Second Circuit.

16. Most onerously, the City Defendants, that is, the government of the City of New York, brought another case while knowing, and having been provided proof, that the sums of money they are seeking are based upon fraudulent acts perpetrated by all defendants.

17. In the New York State Supreme Court action the City of New York is listed as the sole plaintiff. That litigant has clearly now identified itself a "John Doe One" for the purposes of the plaintiffs' complaint herein. Accordingly, plaintiffs Akhtar and La Buca Restaurant intend on amending to substitute the City of New York for John Doe One of their complaint in this Court.

## TIMELINESS OF REMOVAL

18. Plaintiffs do not concede that Swing 46 was properly served by the City of New York in its state court action. For purposes of this removal action herein, because an attempt was made by defendant to serve summons and complaint upon Swing 46 on or about October 31, 2024, and then having been altered to the new case's existence, plaintiffs moved on November 30, 2024 to remove the new case to this Court.

19. Plaintiffs, again, do not concede any attempts for service by the City of New York upon any plaintiff were proper. Rather, it has merely informed plaintiffs the identity

of defendant John Doe One, that is, the City of New York, and that John Doe One is attempting to file a separate cause of action in another jurisdiction. In other words, the City of New York, and on behalf of all defendants in this case, is attempting to circumvent a matter before this Court that has been ongoing since July 28, 2023.

20. This is a blatant act of subterfuge because the City of New York had ample notice of this case, and it simply could have counter-claimed before this Court. It is an attempt at forum shopping by defendants even though they litigated these issues in this Court for over a year.

21. Further, a check of New York Supreme Court's "ecourt," for New York County, by either Index Number or defendant "Swing 46," does not show New York City's case appearing within the state electronic filing system. But that index number, appears on the first page, top right-hand corner, of its pleadings included as Exhibit One.

22. Plaintiffs removal is not only timely, but it would be contrary to court rules in both jurisdictions for defendants to forum shop, and now, particularly more so because part of the case is now before the U.S. Court of Appeals for the Second Circuit.

BASIS FOR JURISDICTION

23.   This Court has original jurisdiction over this action because it involves the same case or controversy that has already been pending before the Court under Civil Action 23-cv-06585.

24.   Petitioner City of New York was aware, or should have been aware, that the same facts of its case were already being addressed before this Court.

WHEREFORE, defendants file this Notice to Removal of a Civil Action that may be pending, or about to be pending, in the Supreme Court of the State of New York, County of New York, as City of New York v. Swing 46, Index No. 452761/2024, from that court to the U.S. District Court for the Southern District of New York as Civil Action 23-cv-06585.


Dated: December 20, 2024   /s/   *Anthony N. Iannarelli Jr.*
                      Anthony N. Iannarelli Jr.
                      Attorney for Plaintiffs John Akhtar
                           and La Buca Restaurant