UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,<br>　　　　Plaintiffs,<br>　　　　　v.<br>Eric M, Eisenberg, and John and Jane Does One through Thirty<br>　　　　Defendants. | **CIVIL ACTION No.  23–cv–06585**<br><br>**Notice of Motion Requesting the Court take Judicial Notice that Service of the Amended Complaint was Perfected by Defendant Eric M. Eisenberg's use of the Court's Electronic Case Filing System, or, in the alternative, for additional time to permit an Alternative Method of Service upon Defendant Eric M. Eisenberg because he cannot be served by Personal Service.** |

　　Anthony N. Iannarelli Jr., of full age and attorney-of record for Plaintiffs-Appellants in the above captioned matter affirms to the following:

　　1. This is a Motion asking that the Court take judicial notice of the fact that service of plaintiffs' Amended Complaint has been perfected by   defendant Eric Eisenberg's use of the courts' Case Management/Electronic Case Files (hereinafter "ECF"), or, alternatively, for permission to serve plaintiffs' amended complaint upon defendant Eric M.

1

Eisenberg by alternative means, that is, a means other that personal service such as, but not limited to, electronic mail.

    2. Prior to making this motion, Mr. Eisenberg has been asked if he would acknowledge service of the plaintiffs' Amended Complaint, but he has indicated he <u>will not</u>.

    3. Additionally, prior to making the motion herein, Mr. Eisenberg was asked if he intended on opposing the motion on the merits. Mr. Eisenberg indicated he will <u>oppose</u> this motion.

    4. The relief sought herein may be a case of "first impression" and of significant public importance. The Questions presented are, and as society has become more economically stratified, whether 1.) can those residing within "gated communities" avoid service of process, and outside the jurisdiction of the courts, by remaining insulated from the outside world behind locked gates; and, 2. can a user of the Court's Case management System (CMS), particularly attorneys at law of New York, receive and transmit documents through CMS, but then decline others and refuse to acknowledge service thereof?

    5. Plaintiffs are of the belief that, and unless the Court finds defendant Eisenberg has been served through his volujtary use of electronic filing, there is no other remedy available to serve their plaintiffs'

2

amended complaint than to seek leave to serve Mr. Eisenberg by means other than personal service.

6. A number attempts have been made to perfect personal service of plaintiffs' Amended Complaint upon Mr. Eisenberg, including at his residence in Manhattan, but they have all been unsuccessful.

7. By Order dated January 25, 2025, the Court has given a directive regarding service of plaintiffs' amended complaint upon defendant Eisenberg.   ECF 116

8. Based upon the law of this case, that is, the Court's prior decisions on service, counsel cannot affirm that defendant Eric M. Eisenberg has been served as a matter of law. Rather, counsel can only report the steps taken to perfect service of the amended complaint upon Mr. Eisenberg.

9. Mr. Eisenberg has been known to residence at 454 West 46th Street, Apt. 1ES, New York, New York 10036. This locality is what is known as a "gated community," and without what is commonly referred to as a "doorman."   In order to gain access to the interior of the property where residents can be rung or have their doors knocked upon, a visitor must enter through a steel gate that leads to a foyer.   A visitor cannot proceed beyond that point, unless admitted by someone within, because

3

there is another gate that is always locked. The visitor must "ring" an occupant though the use of an electronic directory in the foyer.

10. Once a visitor is allowed to pass though the second locked gate, there is a garden area with pathways that lead to individual residentail units.

11. Attempts have been made to locate and serve Mr. Eisenberg outside his residence, but they have all been unsuccessful. Plaintiff Mohamed John Akhtar has encountered Mr. Eisenberg "hanging around" outside of his Swing 46 Restaurant, at 349 West 46th Street, Manhattan several times over the last few months. Of course, Mr. Akhtar cannot serve defendant Eisenber because he is a party. And Mr. Akhtar cannot afford to hire a process server to stay at the club in the hope Mr. Eisenberg will by chance pass by.

12. In addition to Mr. Akhtar, a witness, Sarah Hayes, has encountered Mr. Eisenberg while hanging out in the vicinity of the Swing 46. Exhibit 1. And while Mr. Eisenberg has utilized a Florida address in his papers filed with this Court, he has been sighted frequently enough to confirm he has not left the Manhattan jurisdiction.

13. Undersigned counsel is familiar with the area and is

there frequently.    However, there have not been any encounters with Mr. Eisenberg that would afford the opportunity to personally serve the plaintiffs' amended complaint.   On virtually all occasions counsel has passed the Eisenberg residential complex, there has not been any activity, that is, people coming and going through the gated entrance.

14.  However, on the evening of Friday, January 3, 2025, the undersigned observed individuals in the vicinity   of the gated area at 454 West 46th Street address.   Counsel entered the first gate that is open to the public as delivery people have been observed coming and going. Not observing Mr. Eisenberg, an attempt to contact him was made through the electronic directory. The directory did disclose a listing for an Eric Eisenberg at a residence numbered 1ES, and attempt was made to communicate through the electronic directory; however, was there no answer from anyone at that residence.

15.   An individual, that counsel met on a previous attempt at service of the original complaint, approached from the inside of the locked gate. That individual had previously identified himself as the superintendent of the building. The superintendent indicated, as he did the previous occasion, that he could accept papers for Mr. Eisenberg and would turn them over when he saw him next. Counsel then gave the

superintendent the summons and amended complaint to be turned over to Mr. Eisenberg.

16. Counsel is without knowledge that the superintendent actually resides at that location, or that he is a "responsible individual," as defined by law, for the purpose of accepting service of process. Therefore, counsel cannot affirm that Mr. Eisenberg has been served. All counsel can do is affirm that a source disclosed that Mr. Eisenberg resides at that location.

17. Shortly thereafter, counsel mailed a summons and amended complaint by both regular and priority mail with tracking, to Mr. Eisenberg at that same residential address. Neither were returned as undelivered, and the priority mail tracking indicated the item was delivered. While these facts might not support actual "legal" service upon defendant Eisenberg, it does strongly suggest Mr. Eisenberg remains at the location and is accepting his mail there as well.

18. For recent confirmation of receipt of mailing at that address, counsel made another regular mailing of plaintiffs' summons and complaint addressed to Mr. Eisenberg on January 21, 2024. That correspondence was not returned. While admittely that does not

constitute service, it does indicate Mr. Eisenberg continues to receive mail at that Manhattan address.

19. Plaintiffs also retained a private process server and three attempts were made to serve the summons and complaint at that same address. However, those attempts were unsuccessful as well.

20. Previously, and as the Court was made aware, counsel was barred on two occasions from going to the law firm where Mr. Eisenberg was believed to be employed to serve the original summons and complaint. Since then, and upon information and belief, Mr. Eisenberg is no longer at that location. There is no information available to plaintiffs on Mr. Eisenberg's current place of employment.

21. Given that efforts at personal service upon Mr. Eisenberg have proved to be elusive, plaintiffs request that this Court take judicial notice that Mr. Eisenberg has used the Court's electronic filing system. Plaintiffs argue that Mr. Eisenberg cannot be selective when it comes to its use. That is, he cannot use it when it is convenient for him to file documents against his party opponents, but then claim it cannot be used by those same litigants to serve papers upon him, that is, plaintiffs' complaint.

22. Besides receiving numerous communications through the

7

use of the electronic filing system, defendant Eisenberg used it at least fourteen times to serve papers upon party opponents, that is, plaintiffs. See ECF 24, 25, 28,43, 51, 55, 59, 62, 64, 68, 69, 74, 79 & 84.

23. It is anticipated Mr. Eisenberg will not acknowledge receipt of the plaintiffs' amended complaint through the use of the courts electronic filing system. ECF 104. Yet, as stated above, he has utilized the system for his own convenience.

24. Most telling is the fact that Mr. Eisenberg has utilized the electronic filing system for communication with the the United States Court of Appeals for the Second Circuit where part of the case herein is under review.

25. According to the Circuit Court's Appellate Case Management System (hereinafter "ACMS"), docket No. 9, the following is a summary of what was transmitted to the Court by Mr. Eisenberg:

*LETTER, dated 09/20/2024, informing the Court that attorney Eric M. Eisenberg does not represent the Appellee in this appeal and would like to be removed as counsel, on behalf of Appellee Eric I. Eisenberg, RECEIVED. Service date 09/20/2024 by E-mail. [Entered: 09/23/2024 01:00 AM]*

26. In the original case in the district court, plaintiffs' incorrectly pled

8

Eric M. Eisenberg as Eric I. Eisenberg, but that has since been corrected naming Eric M. Eisenberg in the amended complaint.   But it is noteworthy that Mr. Eisenberg has represented to the appeals court that his address is not in New York, but rather in Miami Florida, with a street address of 1300 S. Miami Avenue, Unit 1408.

27.  Based upon the forgoing, and because counsel is constrained at affirming to   matters of unsettled law,   counsel can only state the facts regarding a determination of whether service of plaintiffs' amended complaint has been perfected upon defendant Eric M. Eisenberg. Based upon the law of this case, counsel's assessment is that service is ambivalent until there is a decision on the findings presented above either by this Court, or, by the Court of Appeals for the Second Circuit.

28.  It is also noted that a request for a summons for defendant Eric M.  Eisenberg was only made in an abundance of caution. ECF 105. It was anticipated that if the amended complaint had been served without a summons, it would argued that the complaint without a summons,   had a material defect. But the necessity of a summons for an amended complaint, for a defendant that has already received notice and participated in the proceedings, is another legal question that remains open.

29.  If a summons were required, and because the summons was

not issued until November 14, 2024. (ECF 112),   arguably that would have enlarged the time for service of the summons and complaint. (Ninety days from November 14, 2024 because of a finding the complaint could not be served without the summons.) But since defendant Eisenberg could not be personally served, those points are moot.   The ultimate resolution is whether defendant Eisenberg was served by his use of electronic filing, or, alternatively,is   to be served by alternative means.

30.  Counsel is further constrained by the fact that the district court has not had the opportunity to evaluate and rendered a final Order on the issues presented above. Along with that. is the fact that the Court has rendered a final decision on plaintiffs' request for permission to file an Interlocutory Appeal. ECF.   94.

WHEREFORE, plaintiffs ask this court to render a final opinion and Order on whether the use of the Court's electronic filing system by an attorney at law cannot be selective, that is, if used for some documents, it must be applied to all documents, including service of plaintiffs' amended complaint. Alternatively, it is respectfully requested that the district court allow for alternative service other than personal service of plaintiffs' Amended Complaint upon defendant Eric M. Eisenber.

Dated: January 31, 2025          /s/  *Anthony N. Iannarelli Jr.*

Anthony N. Iannarelli Jr.
Attorney for Plaintiffs John Akhtar
and La Buca Restaurant, dba Swing 46