UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
|
MOHAMED JOHN AKHTAR and LA BUCA |
RESTAURANT, INC. d/b/a SWING 46 JAZZ |
AND SUPPER CLUB, |
                Plaintiff |
|
      -against-               | 23-CV-6585 (JGLC)(VF)
|
ERIC M. EISENBERG and JOHN AND JANE |
DOES ONE THROUGH THIRTY, |
|
                Defendants |
|
_____|

**ERIC M. EISENBERG'S OBJECTIONS, PURSUANT TO FED.R.CIV.P. 72(A), AS TO THE MAGISTRATE JUDGE'S FEBRUARY 5, 2025 WRITTEN ORDER (D.I. 119) FINDING SERVICE OF THE AMENDED COMPLAINT VIA ECF**

The undersigned submits these objections, pursuant to Fed.R.Civ.P. 72(a), to Magistrate Judge Figueredo's written Order (D.I. 119) (hereinafter, the "Order"), finding that an automatic NEF upon Plaintiffs' filing of the amended complaint constituted service on the undersigned, and directing the undersigned to respond to the amended by complaint by March 4, 2025.

**1.    The Order improperly relied on a selective reading of the July 24, 2023 Electronic Case Filing Rules & Instructions, as well as a misunderstanding of how the NEF actually operated with respect to the undersigned, and of the caselaw, in finding that personal jurisdiction was created via ECF filings.**

As explained in the Order, and as background, the undersigned previously successfully moved to dismiss the original complaint. (Order at 1). The Order, however, fails to mention that the original complaint was dismissed, *inter alia*, as "the Court lacks personal jurisdiction because Plaintiffs did not properly serve [the undersigned] with the summons and complaint." (R & R, D.I. 72 at 7) (adopted in its entirety at D.I. 85). The Order also fails to mention that the original complaint named Eric I. Eisenberg, (that is Eric Ira Eisenberg of 145 West 54th/55th Street, an individual counsel for Plaintiffs has spoken with) while the October 7, 2024 amended complaint is the first time a complaint has added the undersigned, Eric M. Eisenberg, as a new party. (*See* D.I. 1; D.I. 20 at ¶¶1-3 and p. 4).

The Order, at page 1 and footnote 1, cites to Section 9.1 of the July 24, 2023 Electronic Case Filing Rules & Instructions (available at https://tinyurl.com/yacf8jwd), with respect to the language "service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court ***(see the NEF for a list of who did/did not receive notice electronically)***. Transmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as recipients of notice by electronic mail.") (italics and bold used where language, effectively ellipsed over by the Order's citations, is reinserted by the undersigned). However, the undersigned understands that, with respect to the NEFs for the October 7, 2024 amended complaint (D.I. 104) and the November 14, 2024

1

issued summons (D.I. 112), the undersigned is not listed amongst the recipients of notice by electronic mail, but rather as someone for whom "Notice has been delivered by other means to: Eric M. Eisenberg 1300 S Miami Ave Unit 1408 Miami, FL 33130." (representative excerpt as to October 7, 2024 amended complaint reproduced below):

----

**1:23-cv-06585-JGLC-VF Notice has been electronically mailed to:**

Anthony Nicholas Iannarelli , Jr &nbsp &nbsp anilaw2@gmail.com

Genan Faye Zilkha &nbsp &nbsp gzilkha@law.nyc.gov, gzilkha@gmail.com

Kerri Ann Devine &nbsp &nbsp kdevine@law.nyc.gov

**1:23-cv-06585-JGLC-VF Notice has been delivered by other means to:**

Eric M. Eisenberg
1300 S Miami Ave
Unit 1408
Miami, FL 33130

----

The undersigned, as not amongst those listed as "recipients of notice by electronic mail," is deprived of the opportunity to receive a free copy of these documents from the ECF system, and moreover the undersigned has not received copies of these documents at the mailbox for the above Miami address, and can only speculate that these documents were never physically mailed. Accordingly, even according to the language of the cited Section 9.1, transmission of the NEFs would not constitute service on the undersigned.

2

The Order also reads Section 9.1 divorced from the context of the July 24, 2023 Electronic Case Filing Rules & Instructions as a whole. It is a well accepted rule of construction that "the specific controls over the general," and the July 24, 2023 Electronic Case Filing Rules & Instructions are clear that they do not control with respect to service of the summons and complaint, but rather Fed.R.Civ.P 4 does. July 24, 2023 Electronic Case Filing Rules & Instructions, at Section 14.8 (available at https://tinyurl.com/yacf8jwd) ("**Does the method for serving a summons and complaint remain the same?** Yes. Although new civil and miscellaneous cases must be commenced with the court through electronic filing, the method of serving a summons and complaint remains the same pursuant to Fed.R.Civ.P. 4") (emphasis in original).

The Order erred by failing to analyze whether the ECF filings of the summons and amended complaint met the requirements of service under Fed.R.Civ.P 4(e), especially as to a first complaint naming the undersigned after the original complaint had been dismissed for lack of service and thus lack of personal jurisdiction. Indeed, the Order erred in failing to address the *Cassano* decision cited by the undersigned. (D.I. 118 at 1, *citing Cassano v. Altshuler*, 186 F.Supp.3d 318, 320-22, 323-24 (S.D.N.Y. 2016) (dismissing amended complaint against pro se attorney defendant Aleksandr Altshuler for noncompliant service, and denying extension of time to serve, despite Altshuler having "actual notice of the action.") (considering service under Fed.R.Civ.P 4(e))). In *Cassano*, attorney Altshuler participated via ECF between the original complaint not naming him and the amended complaint naming him, but was nonetheless determined not to have been properly served with the amended complaint. *Id.; see also* enclosed Altshuler-signed document at D.I. 5 of that case, indicating ECF filing. The Order indicates no portion of Fed.R.Civ.P. 4(e) or borrowed state service law that permits service of a summons and complaint under these facts.

While the undersigned would not be likely to quibble with service of an amended complaint by ECF, if he had already been properly served with an original complaint naming him, or if he had not successfully objected to service of the original complaint, those are not the facts of the case at bar.

3

Plaintiffs' deficient service of the original complaint should not be treated as creating proper service of the amended complaint, simply because the undersigned participated in proving the original service was deficient to clear a cloud over his head. The Order's holding would effectively dispense with the need for any plaintiff to engage in proper service of an original summons and complaint, because the plaintiff could simply engage in improper service of the original complaint, and either obtain a default judgment, or, should the defendant appear to challenge service, amend the complaint so as to automatically acquire service over him or her. That would be an absurd result.

The decisions cited in the Order do not support this absurdity of permitting a court to **_first_** acquire personal jurisdiction over a defendant simply via ECF filing of an amended complaint. In *Shukla v. Deloitte Consulting LLP*, which involved an action removed from state court, "the original state summons and complaint along with a service notice to Defendant from the Department of State" had been provided, with the Third Amended State Complaint therefore merely being an "interlocutory" document that could be e-filed. 1:19-cv-10578 (AJN) (SDA), at 11-12 (S.D.N.Y. Feb. 27, 2020). The language attributed to *Shukla* quoted in the Order is actually quoted, without citation, from *Masterson v. NY Fusion Merch.. LLC*, 300 F.R.D. 201, 205 (S.D.N.Y. 2014). Again, in *Masterson*, service of the original complaint had occurred well prior to any amendment. *Masterson* 300 F.R.D. at 203-204. Thus, it made some sense that the *Masterson* court referred to Fed.R.Civ.P. 5, rather than Fed.R.Civ.P. 4, as to service of the FAC. Similarly to *Shukla*, in *Ndugga v. Bloomberg L.P.*, No. 20-CV-7464 (GHW) (GWG), 2024 WL 3755564 (S.D.N.Y.) (Aug. 12, 2024), involving a proposed narrowing amendment to a Fifth Amendment Complaint, service of the pre-removal complaint and pre-removal amended complaint had already been accomplished pursuant to the New York Partnership Law on defendant Bloomberg L.P.. *Ndugga v. Bloomberg L.P.*, No. 20-CV-7464 (GHW) (GWG), Removal Notice's Affidavit of Service, at D.I. 1-3 (enclosed).

4

**2. The Order improperly overlooked and failed to address that the existence of personal jurisdiction via proper service is a legal conclusion not properly established through the taking of judicial notice.**

The Order failed to address the undersigned's argument that propriety of service based on ECF filing – an ultimate legal conclusion that Plaintiffs represented to be "of first impression" (Notice, ¶ 4) cannot be established by "judicial notice," which was the relevant relief that Plaintiffs requested. F.R.E. 201(b) defines the appropriate scope of judicial notice, and, in short, judicial notice is for facts not subject to reasonable dispute, not ultimate or disputable legal conclusions as to whether a newly-named party may have been served proper process solely via ECF events.

3. **The Order improperly overlooked and failed to address that the "Notice of Motion" was procedurally improper.**

The Order failed to address that the "Notice of Motion", (D.I. 117) filed by plaintiffs on ECF as a "letter motion" was procedurally improper according to Judge Figueredo's own individual practices. The letter, which, *inter alia*, requested an extension of time to serve, was not three pages or less as required (it was ten). It was unfair to the undersigned to have to respond to a ten page filing with only three pages of argument, as required for letters under Judge Figueredo's local rules. Plaintiffs' Notice of Motion did not indicate the original date of the deadline. It failed to provide the reasons given by the undersigned for refusing to consent, even though I provided reasons. (See D.I. 118-1 at Exhibit 1). *See* Figueredo Individual Practices at I.(a) and I.(e). The "Notice of Motion," despite being ten pages, lacked a table of contents and authorities. *See* Figueredo Individual Practices at III.(b). It was also untimely, being filed 116 days after the October 7, 2025 amended complaint, itself three weeks late given the Court's Order requiring filing by September 16, 2024.(D.I. 85).

All this was contrary to specific warnings from this Court. This Court has ordered that such untimely or non-compliant extension requests will not be considered or granted. D.I. 81 ("further untimely filings will

5

not be considered and [] further extension requests that violate this Court's Individual Rules will not be granted.") (June 24, 2024); D.I. 85 ("Plaintiffs are warned that further disregard for the Court's Individual Rules and deadlines may result sanctions, including dismissal with prejudice.") (August 19, 2024). The Notice is just the latest example of rule-breaking behavior by plaintiffs. See e.g. D.I. 79 at 2-3. It was error to reward such rule-breaking, which prejudiced the undersigned by having to waste a portion of my limited three pages addressing the rule-breaking.

4. **The Order improperly overlooked and failed to address that Attorney Iannarelli Supported his "Notice of Motion" with a Falsified Document**

Attorney Iannarelli supported his "Notice of Motion" with a Declaration (D.I. 117-1) that he falsified by claiming to witness Sarah Hayes' declaration signature on September 9, 2024 (see 117-1 at page 5), as to an event that actually occurred on October 9, 2024. *See D.I. 118* at 3; Eisenberg Decl. at 118-1, ¶¶ 6-9. Equity, as well as the sanctity of the truthful behavior in the Court, demands that a falsified submission not be rewarded by requesting relief. It was error that attorney Iannarelli's submission of a document that he himself falsified, at least with respect to his witnessing of a September 9, 2024 signature date, was not considered or in any way analyzed in the Order.

5. **The Order improperly overlooked and failed to address Prejudice to the Undersigned**

Despite a demonstration in the undersigned's papers that Plaintiffs were submitting false and harmful information about him, and despite an explanation that Plaintiffs were unnecessary complicating this action by repleading, in the amended complaint, Counts for violation of Section 1983 and for infliction of emotional distress that had already been dismissed with prejudice and without leave to replead, that prejudice was not considered in the Order, and, in equity, should have been.

Accordingly, the undersigned respectfully requests consideration of these objections, if possible well prior to the **March 4, 2025** date set in the Order for responding to the amended complaint.

Dated:       February 5, 2025                                        Respectfully submitted,

                                                                      s/      *Eric M. Eisenberg*
                                                                      ERIC M. EISENBERG
                                                                      1300 S Miami Ave
                                                                      Unit 1408
                                                                      Miami, FL 33130
                                                                      ericeis@gmail.com


Encl.  (Altshuler letter; Ndugga proof of service)