UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| |
| --- |
| MOHAMED JOHN AKHTAR and LA BUCA RESTAURANT, INC. d/b/a SWING 46 JAZZ AND SUPPER CLUB, |
| Plaintiff |
| -against- |
| ERIC M. EISENBERG and JOHN AND JANE DOES ONE THROUGH THIRTY, |
| Defendants |

23-CV-6585 (JGLC)(VF)

_____

**ERIC M. EISENBERG'S OBJECTIONS, PURSUANT TO FED.R.CIV.P. 72(A), AS TO THE MAGISTRATE JUDGE'S FEBRUARY 7, 2025 WRITTEN AMENDED ORDER (D.I. 121) GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME (D.I. 117)**

The undersigned submits these objections, pursuant to Fed.R.Civ.P. 72(a), to Magistrate Judge Figueredo's written Amended Order (D.I. 121) (hereinafter, the "Amended Order"), granting Plaintiffs' improper and falsified-in-part motion for an extension of time to serve the amended complaint.

1. **The Amended Order improperly overlooked and failed to address that the "Notice of Motion" was procedurally improper.**

The Amended Order, granting the motion for extension of time, provided no explanation for why the motion for extension of time was granted. It failed to address that the "Notice of Motion", (D.I. 117) filed by plaintiffs on ECF as a "letter motion" was procedurally improper according to Judge Figueredo's own individual practices. The letter, (D.I. 117) which requested an extension of time to serve, was not three pages or less as required (it was ten). *See* Figueredo Individual Practices at I.(a). It was unfair to the undersigned to have to respond to a ten page filing with only three pages of argument, as required for letters under Judge Figueredo's local rules. *Id.* Plaintiffs' Notice of Motion did not indicate the original date of the deadline. *See* Figueredo Individual Practices at I.(e). It failed to provide the reasons given by the undersigned for refusing to consent, even though I provided reasons to counsel for plaintiffs. (See D.I. 118-1 at Exhibit 1); Figueredo Individual Practices at 1(e).

Even if (incorrectly) interpreted as a standard, non-letter motion, the motion at D.I. 117 was inconsistent with the rules. For example, the "Notice of Motion," despite being ten pages, lacked a table of contents and authorities, and/or a separate memorandum of law. *See* Figueredo Individual Practices at III. (b).

The Notice of Motion was also untimely, being filed 116 days after the October 7, 2024 amended complaint (and thus 26 days after the deadline), with the amended complaint itself being three weeks late given the Court's Order requiring filing by September 16, 2024. (D.I. 85).

1

All this was contrary to specific warnings from this Court. This Court has ordered that such untimely or non-compliant extension requests will not be considered or granted. D.I. 81 ("further untimely filings will not be considered and [] further extension requests that violate this Court's Individual Rules will not be granted.") (June 24, 2024); D.I. 85 ("Plaintiffs are warned that further disregard for the Court's Individual Rules and deadlines may result sanctions, including dismissal with prejudice.") (August 19, 2024). The Notice is just the latest example of rule-breaking behavior by plaintiffs. See e.g. D.I. 79 at 2-3. It was error to reward such rule-breaking, which prejudiced the undersigned by having to waste a portion of my limited three pages addressing the rule-breaking. And it was error for the Amended Order to grant a non-compliant extension request, after this Court has explicitly held that non-compliant extension requests would not be granted.

2. **The Amended Order improperly overlooked and failed to address that Attorney Iannarelli Supported his "Notice of Motion" with a Falsified Document**

Attorney Iannarelli supported his "Notice of Motion" with a Declaration (D.I. 117-1) that he falsified by claiming to witness Sarah Hayes' declaration signature on September 9, 2024 (see D.I. 117-1 at page 5), as to an event that actually occurred on October 9, 2024. *See D.I. 118* at 3; Eisenberg Decl. at 118-1, ¶¶ 6-9. Equity, as well as the sanctity of the truthful behavior in the Court, demands that a falsified submission not be rewarded by granting the requested relief. It was error that attorney Iannarelli's submission of a document that he himself falsified, at least with respect to his witnessing of a September 9, 2024 signature date, was not considered or in any way analyzed in the Order. Particularly weighed in conjunction with the non-compliant nature of the letter motion, it was error to grant a motion that also incorporated a document falsified by attorney Iannarelli.

2

**3. The Amended Order improperly and failed to address that no good cause exists for Plaintiffs' Failure to Timely Serve**

The Amended Order failed to address that only one attempt at service was made prior to January 5, 2025, and only two days before that deadline, despite that plaintiffs alleged the undersigned had been "hanging around" outside Swing 46.  Notice, ¶¶ 11, 12, 14. Nor did the order address whether good cause could exist in light of the failure of plaintiffs to make any service attempts, timely or otherwise, in the vicinity of the Miami apartment regularly indicated on the undersigned's papers (e.g. D.I. 24, 25, 36, 38, 51, 55, 57, 59, 64, 68, 69).

Despite these facts, the Amended Order failed to identify any basis, justifying an extension, that the failure of service was due to exceptional circumstances beyond Plaintiffs' control, or did not amount to inadvertence, mistake, or neglect. To the contrary, the Amended Order in no way considered the undersigned's cited authority, *Cassano v. Altshuler*, 186 F.Supp.3d at 322, citing Spinale v. United States, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd* 352 Fed.Appx. 599 (2d Cir. 2009). *(*"A plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control. Inadvertence, mistake or neglect does not constitute good cause for an extension."*) (internal citations and quotation marks omitted).*

4**. The Amended Order improperly overlooked and failed to address Prejudice to the Undersigned**

Despite a demonstration in the undersigned's papers that Plaintiffs were submitting false and harmful information about him, which may have professional consequences, and despite an explanation that Plaintiffs were unnecessary complicating this action by repleading, in the amended complaint, Counts for violation of Section 1983 and for infliction of emotional distress that had already been dismissed with

prejudice and without leave to replead, that prejudice was not considered in the Order, and, in equity, should have been.

There is significant prejudice to the undersigned in this Court permitting an amended complaint to be served on him that is clearly inconsistent with this Court's prior order (D.I. 85) dismissing the Section 1983 and infliction of emotional distress claims, including but not limited to loss of the undersigned's time further addressing those dismissed-with-prejudice claim. It was error not to address this matter.

The prejudice is only compounded by the physically harassing behavior against the undersigned, that the court is now well aware, of plaintiff Akhtar and Swing 46's agents.  Eisenberg Decl. at D.I. 118-1, ¶ 8 (extended physical harassment by Sarah Hayes shown in the video, with plaintiff Akhtar showing approval of the interaction and threatening to spit on me); Earlier Eisenberg Decl., D.I. 69,  ¶ 7 (Akhtar shown in videos hitting my hand and/or phone with his cell phone and throwing a dog down stairs into a metal table or chairs, apparently to intimidate me). As this court is also aware from my prior submissions, I suffer from diagnosed post-traumatic stress disorder (PTSD). The fear I have, given my condition, whether or not the fear is 'rational,' that agents of plaintiff, purporting to be accomplishing service, may engage in further physical harassment or violence against me is significant. Accordingly, extending the time for service is prejudicial to me for this further reason.

Accordingly, the undersigned respectfully requests consideration of these objections and denial of Plaintiffs' motion for extension of time (D.I. 117).

Dated:         February 7, 2025                             Respectfully submitted,


                                                            s/      *Eric M. Eisenberg*
                                                            ERIC M. EISENBERG
                                                            1300 S Miami Ave
                                                            Unit 1408
                                                            Miami, FL 33130
                                                            ericeis@gmail.com

4