**Anthony N. Iannarelli Jr.**
*Attorney at Law*
74 Lafayette Avenue
Suite 202 # 116
Suffern, New York 10901
212-431-1031
anilaw2@gmail.com

February 20, 2025

Hon. Jessica G.L. Clarke, Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

   Re: <u>Mohamed John Akhtar et al. v. Eric Adams et al.</u>
     23-cv-06585 (JGLC)

Dear Judge Clarke,

  I am in receipt of defendant Eric M. Eisenberg's letter, dated February 18, 2025, to the Court. In that correspondence Mr. Eisenberg is requesting permission to respond to plaintiffs' correspondence (ECF 125) (correctly) dated February 18, 2025, and docketed on that same date.

  There is <u>no</u> objection from plaintiffs to Mr. Eisenberg's request for permission to respond. The request to strike should be denied because plaintiffs' document is a rebuttal of Mr. Eisenberg's allegations of misconduct made to the Court dated February 7, 2025. If Mr. Eisenberg had not made false statements, there would be no need for plaintiffs to respond. Allegations that are not rebutted might be presumed to be truthful; but as the documentary evidence clearly shows it is Mr. Eisenberg that has been untruthful in his various pleadings. Because Mr. Eisenberg might dislike the revealing of the truth, it is not a basis for striking the truth from the record.

  To strike would allow patently false statements made by Mr. Eisenberg to remain in the record. For example, the records document that Mr. Eisenberg's legal address is in New York while he has insinuated otherwise, and requested special treatment by requiring plaintiffs to ship additional documents to a Florida address. Yet he can use electronic filing for service of his documents upon plaintiffs. Should not my client be treated equally by requiring Mr. Eisenberg to file his pleadings by mail as well? And by his own admission he places himself not only in New York, but at plaintiffs' place of business, while plaintiffs' case for various forms of harassment against him are pending.

  Mr. Eisenberg is correct with respect to typographical errors: the title of plaintiffs' caption, for papers filed on February 18, 2025, should that have read Magistrate-Judge's Report and Recommendation's <u>Amended</u> <u>Order</u>. The two words, Amended Order were left out, and reference to amended order was correct with the exception of

1

the year. It was incorrectly dated February 6, 2027; rather, the correct date should have been February 6, 2025.

Mr. Eisenberg is in error by suggesting the filings were a request to be relieved; rather; they were a request for an accommodation. I also have obtained the assistance of a proofreader to flush out any typographical errors that might occur in the future.

The additional typographical corrections I have made in my Declaration include page 24, the signature page reads Feb 18, 2023, but it should read Feb. 18. 2025. In paragraph number 15, subparagraph f, the date reads February 11, 2024, but it should read February 11, 2025. In paragraph 17, the date reads February 18, 2025, but it should read February 11, 2025. This has been confirmed through date stamped photographs. Paragraph 39 indicates a date of September 17, 2024, but should read September 16, 2024. ECM 101.

All of the above corrections have been made to my Declaration of February 18, 2025 and refiled as a corrected document. There have not been any substantive changes to the document.

As long as Mr. Eisenberg continues to make wild, unsubstantiated allegations against myself and my clients of misconduct, plaintiffs have no choice but to respond. He can write all the missives he wants from Florida, but he cannot deny his residence is, and has been, in New York--as the documentary evidence shows.

Thank you for your attention of the foregoing.

Respectfully submitted,

_____
Anthony N. Iannarelli Jr.
Attorney for Plainitffs

Copy
Mr. Eric Eisenberg, Esq.
    Attorney *pro se*

Via email
Mr. Mohamed John Akhtar
    LaBuca Restaurant, Inc. d/b/a Swing 46

## Affirmation of Service

Anthony N. Iannarelli Jr., attorney for plaintiffs, affirms to the following:

On February 20, 2025, I served the above correspondence to Eric M. Eisenberg via the Court's electron filing, and by U.S. Mail, postage paid, to

<u>New York Residential Address</u>:
Eric M. Eisenberg
454 West 46 Street
Unit EIS
New York, New York  10036

&

<u>Requested Additional Florida Mailing Address</u>:
 Eric M. Eisenberg
1300 S. Miami Avenue
Unit 1408
Miami, Florida 33130


I affirm to the truth of the foregoing. I understand I can be subject for any statement internationally made false.

Dated: February 20, 2025

_____
Anthony N. Iannarelli Jr.
Attorney for Plaintiffs