UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. d/b/a SWING 46 JAZZ
AND SUPPER CLUB,
                       Plaintiffs

                -against-                      23-CV-6585 (JGLC) (VF)

ERIC M. EISENBERG and JOHN AND JANE
DOES ONE THROUGH THIRTY,
                       Defendants
_____

**ERIC M. EISENBERG'S LETTER RESPONSE TO PLAINTIFFS' MARCH 10, 2025 LETTER (D.I. 132)**

Dear Magistrate Judge Figueredo,

I write in response to Plaintiffs' March 10, 2025 letter (hereinafter, the "March 10 Letter"). Although the letter is largely 'informational,' and does not appear to request any relief, much of the information contained therein is false and/or misleading, thereby necessitating a reply to attempt to clarify the record for the Court's consideration.

**False, Misleading, Inaccurate, or Improper Material in the March 10 Letter**

Initially, the March 10 Letter, at pages 1 and 2, refers to "1300 South Miami Avenue, Unit 14 08 (*sic*.: 1408), Miami, Florida, the location Mr. Eiseberg's (*sic*.: Mr. Eisenberg) requested that pleadings be sent" / "1300 South Miami Avenue, Unit 1408, is . . . where [the undersigned] insisted court documents be sent." In the absence of any citation, it is not clear what request of the undersigned to send pleadings or court documents to any particular location the March 10 Letter may be referring to. Thus, it appears this statement is false or misleading.

The March 10 Letter, at page 1, appears to misrepresent that a server's affidavit (March 10 Letter, Exhibit A) demonstrated, on March 5, 2025, that the server "le[ft] summons and complaint affixed to the door" / "left the summons and amended complaint affixed to the door." Rather, this Exhibit A, providing detail as to only one – wholly inadequate – attempt,[1] merely claims in relevant respect "LEFT ***CONTACT NOTICE*** AFFIXED TO DOOR."[2] **(**emphasis added). Therefore, Plaintiffs are misrepresenting what documents may have been left.

---

[1] Bizarrely, two of the "Attempts" listed on the document are less than two minutes apart, and the timing of these attempts is inconsistent with the narrative provided.

1

Similarly, Plaintiffs assert, again at page 1 of the March 10 letter, and again based on Exhibit A to the March 10 Letter, that the server "rang several times," when instead the server, in the actual affidavit, claimed instead to have "KNOCK[ED]." While a slight discrepancy, it does further cement that Plaintiffs' counsel is either unwilling to, or incapable of, accurately communicating facts to this Court. Nor is it clear that mere knocking would be effectively heard by the female who was actively engaged in a phone conversation.

The March 10 Letter then misleadingly claims, at page 2, "As I [plaintiffs' attorney] correctly anticipated, the process server would have problems with access to the residential portion of the building." However, this is contradictory to Exhibit A of the March 10 Letter, which confirms that the process server was able to travel all the way to the door of residential unit 1408, from where he was able to listen in on a female individual's phone conversation.

The Exhibits attached to the letter also appear to be improper. First, there is a lack of authentication of any of them. Exhibit A is blank as to which court it applies to. Exhibit B appears to be composed of several, marked-up (e.g. with highlighting) documents. Exhibit C lacks the complete email chain, in which Plaintiffs' counsel did in fact agree to withdraw his (improper) Sunday communication. Enclosed Eisenberg Declaration, ¶ 2, Exh. 1. Exhibit D is again marked-up (e.g.) with highlighting, is comprised of only "Page 1 of 2," and appears to merely represent an email from Iannarelli in which he appears to have copy-pasted a mere incomplete portion of prior correspondence from me. Exhibit E has been marked-up with highlighting, has had its page numbering manually crossed out, and has stray language at the top – indicating it is not a complete email chain either.

It is worth noting that Plaintiffs, at pages 2-3 of the March 10 Letter, take issue with my raising that Iannarelli's Sunday correspondence attempting to "facilitate service" of process was "in violation of Florida, if not also New York Law," as well as my position that attorney Iannarelli has been engaging in anti-semitic targeting of the instant lawsuit against me, despite my already explaining my positions in some detail in connection with the Second Circuit Appeal. (2nd Cir. Appeal No. 24-2370, D.I. 91.1, at pages 7-8) (excerpted below).

> 14-16. Iannarelli also misquotes the undersigned, claiming I stated "you and/or your clients will be liable for damages." *See* Iannarelli Affirmation, ¶ 16. Rather, the relevant communication stated "I believe your below communication [which contacted me regarding service on a Sunday] is in violation of Florida, if not also New York, law, and **may make you and/or your clients liable** for damages." (emphasis added). Indeed, I understand that Florida law provides for damages for contacting defendants on Sundays in connection with service attempts therein. *See* 2024 Florida Statutes, Section 48.20 (titled "Service of process on Sunday") ("… the person

---

[2]The undersigned has not, to date, found any documents affixed to the Unit 1408 door. Enclosed Eisenberg Declaration, ¶ 4.

> serving or executing, or causing it to be served or executed, is liable to the party aggrieved for damages ..."); *see also* N.Y. Gen. Bus. Law § 11 (titled "Serving civil process on Sunday.")
>
> Iannarelli also takes extreme exception to my belief that he and/or his clients may have been targeting me in this lawsuit in an antisemitic fashion. Iannarelli Affirmation, ¶ 17. Iannarelli also mischaracterizes the cited email chain. *Id.* I have explained to Iannarelli, in writing, that continuing to legally pursue me (a Jewish person with a Jewish name), and not others (who don't have Jewish names) who have taken action against his clients' illegal noise pollution, may be due to anti-Jewish prejudice or targeting. Accompanying Eisenberg Reply Decl., ¶ 7, Exh. R4. ("Moreover, as indicated in my prior declarations, your client has continued to blast music outdoors after filing this federal lawsuit. It has thus been a nuisance to the city of New York. Multiple individuals have documented this behavior, but for some reason you insist, perhaps out of anti-jewish prejudice, on pursuing me."). Iannarelli's outrage is, at best, ironic, given that the gravamen of the claims he is now pursuing on behalf of his clients against the undersigned is that I have allegedly engaged in anti-Muslim targeting of noise complaints against a jazz club. 1:23-cv-06585-JGLC-VF, D.I. 104, October 7, 2024 Amended Complaint, ¶¶ 32, 35, 39. In any event, the relevance, to the instant motion, of my belief that Iannarelli may be engaging in antisemitic abuse of legal processes is beyond me.

Despite my detailed explanations, Plaintiffs misleadingly insist that I have not "responded substantively" in support of my allegations of antisemitism. While I earnestly believe that Iannarelli may have abused his position as an Officer of the Court by filing pleadings differentially targeting me, (but not any non-Jewish citizen who has prosecuted noise cases against Swing 46) privately raising Iannarelli's apparent anti-semitism with Iannarelli does not amount to "retaliation."

The March 10 2025 Letter, at page 3, also appears to again reference, this time as some sort of purported "admission," the October 9, 2024 incident in New York. *See* D.I. 118-1 at ¶¶ 7-9. While I don't dispute that I was in New York on October 9, 2024, I have subsequently been in Miami on all dates relevant to service of the amended complaint. *See* D.I. 118-1 at ¶ 4-5; Enclosed Eisenberg Declaration, ¶ 3.

**Action by this Court**

In any event, Plaintiffs still have not served the undersigned. The New York attempt described at D.I. 133 is palpably improper for multiple reasons, *inter alia*, and most obviously, as a matter of law, that the March 10, 2025 filing of proof of service was not made within twenty days of the latter of affixing or mailing. CPLR § 308(4). Were it proper, service would be complete on March 20, 2025, ten days after the court's deadline. *Id.* Moreover, Plaintiffs are estopped from ignoring their explicit undertaking to serve the undersigned where I have been, in Miami. *See* D.I. 128 (Feb. 18, 2025), ¶¶ 2, 13, 17-18, 61. Dismissal appears appropriate.

| | |
|---|---|
| Dated (and executed in):<br>March 11, 2025 (Miami, Florida) | Respectfully submitted,<br><br>s/      *Eric Eisenberg*<br>ERIC M. EISENBERG<br>(646) 801-6705<br>1300 South Miami Avenue<br>Unit 1408<br>Miami, FL 33130<br>ericeis@gmail.com |

cc: all parties on ECF

(submitted with accompanying declaration of Eric M. Eisenberg)

4