UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| |
MOHAMED JOHN AKHTAR and LA BUCA |
RESTAURANT, INC. d/b/a SWING 46 JAZZ |
AND SUPPER CLUB, |
                              Plaintiffs |
|
              -against-                           |    23-CV-6585 (JGLC) (VF)
|
ERIC M. EISENBERG and JOHN AND JANE |
DOES ONE THROUGH THIRTY, |
                              Defendants |
_____|

**ERIC M. EISENBERG'S LETTER MOTION REGARDING FALSE STATEMENT IN ANTHONY N. IANNARELLI JR.'S AFFIRMATION OF SERVICE (D.I. 135)**

Dear Magistrate Judge Figueredo,

    I write with respect to a false statement in plaintiffs' counsel Anthony N. Iannarelli Jr.'s Affirmation of Service (D.I. 135),[1] as well as regarding Plaintiffs' counsel's condition more generally.

    As to D.I. 135, Paragraph 1 of that affirmation states "On March 10, 2025 I served plaintiffs' Declaration of Service of Summons and Amended Complaint upon defenant [*sic.*] Eric M. Eisenberg via email @ [*sic.: at*] ericeis@gmail.com, and ericnoise@hotmail.com." This statement appears to reference email service of the March 10, 2025 Declaration, titled "Declaration of Service of Summons and Complaint Upon Defendant Eric M. Eisenberg" filed at D.I. 133.[2] However, Plaintiffs' counsel did not, on March 10, 2025 or otherwise, email the D.I. 133 document to the undersigned. Accompanying Eisenberg Declaration, ¶ 2.

    Accordingly, Paragraph 1 of D.I. 135 is false. To the extent Plaintiffs disagree with this, they can (and ought to) respond by providing documentation that Iannarelli did in fact already email the undersigned the D.I. 133 document.

---

[1] The document is labeled "UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT" at the top, and apparently inaccurate defendants in the caption, but also contains the Southern District's case number and was filed in this Court. It thus appears intended for this Court.

[2] This D.I. 133 declaration is substantively deficient for at least the reasons discussed at the end of my March 11, 2025 responsive letter (D.I. 134).

1

Moreover, D.I. 135 states the following:

I, Anthony N. Iannarelli Jr., of full age declares [*sic.*] and affirms [*sic.*], under the penalty of perjury, to the truth of the following. I make these statements upon my direct knowledge, and if not within my direct knowledge, upon information and belief, gathered from reliable and reputable individuals, that are willing to testify at trial . . . I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I understand I can be subject to punishment for statements intentionally made false.

D.I. 135 at ¶ 1 and page 3.

It does not appear, from the long history of this case and the many false or misleading statements and assertions he has made and which have been documented, that Iannarelli simultaneously possesses both the willingness and the ability to be consistently truthful to this Court (or, for that, matter, to consistently abide by Court-imposed deadlines). It is prejudicial to the undersigned to be forced to constantly pore over filings by Iannarelli for false and/or misleading statements, particular when the accuracy of many of these statements may be more easily ascertained by Iannarelli than by the undersigned – Iannarelli is not a reliable source of truth, even where he swears to his statements.

Iannarelli has recently provided detailed assertions regarding his physical and/or mental condition, in connection with the Second Circuit appeal in the instant case. (2nd Cir. Appeal No. 24-2370, D.I. 97.1, Iannarelli Affirmation in Support of Motion, ¶¶ 10-12 (reproduced in part below):

10.   I am still undergoing regular and painful treatment every four weeks. I cannot adequately describe with words the emotional toll endured by just the thought of losing one's sight. And I experience the emotional drain before, during, and after every treatment. They require an injection directly through my eyeball into the retina.

11.   While I wish it would end there, it does not. Because the condition is related to age and genetics, and I must live with the fact that my other eye can be prone to the same aliment. In addition to the actual visual disorder, and because optic nerves from each eye converge into one

2

> strand of nerve tissue, I experience "mixed signals" upon the visual information reaching my brain.
>
> 12. Where I have the greatest difficulty is correctly identifying some numbers and letters. There are occasions where a letter my not register at all, digits may actually transmit as completely different number.

      Based on such representations, if true, along with his conduct throughout this case, it appears that Iannarelli lacks the capacity to perform basic tasks, most notably accurately perceiving and processing information, (and accurately reporting that information to a court) required for him to function as an attorney in this action. Yet, apparently contrary to the Rules of Professional Conduct, he has not yet sought to withdraw from representation. New York Rules of Professional Conduct (as amended through June 10, 2022), Rule 1.16(b) ("Except as stated in paragraph (d), a lawyer shall withdraw from the representation of a client when . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client.")

      The undersigned respectfully requests that this Court issue appropriate relief with respect to the instant false statement by Iannarelli as to email service, and his history of false and/or misleading statements throughout this case, which have been amply documented and pointed out by the undersigned throughout this proceeding. In particular, the undersigned believes that, considering Iannarelli's asserted mental and/or physical condition, which clearly interferes with his basic functioning as an attorney, it would be appropriate and in the interests of justice for the Court to order that Iannarelli withdraw as counsel, or be replaced, consistent with the New York Rules of Professional Conduct.

Dated (and executed in):                                          Respectfully submitted,
March 11, 2025 (Miami, Florida)

                                                                             s/ *Eric Eisenberg*
                                                                    ERIC M. EISENBERG
                                                                    (646) 801-6705
                                                                    1300 South Miami Avenue
                                                                    Unit 1408
                                                                    Miami, FL 33130
                                                                    ericeis@gmail.com

cc: all parties on ECF

(submitted with accompanying declaration of Eric M. Eisenberg)