UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| |
|---|---|
| MOHAMED JOHN AKHTAR and LA BUCA RESTAURANT, INC. d/b/a SWING 46 JAZZ AND SUPPER CLUB, <br>                                 Plaintiffs <br><br> -against- <br><br> ERIC M. EISENBERG and JOHN AND JANE DOES ONE THROUGH THIRTY, <br>                                 Defendants | 23-CV-6585 (JGLC) (VF) |

_____

**ERIC M. EISENBERG'S REPLY LETTER IN FURTHER SUPPORT OF HIS MOTION AS TO FALSE STATEMENT IN ANTHONY N. IANNARELLI JR.'S AFFIRMATION OF SERVICE (D.I. 135)**

Dear Magistrate Judge Figueredo,

    I submit this reply letter in further support of my original letter motion (D.I. 136) regarding the false statement in plaintiffs' counsel Anthony N. Iannarelli Jr.'s Affirmation of Service (D.I. 135), as well as regarding Plaintiffs' counsel's condition more generally.

    Unfortunately, Plaintiffs' opposition filing (D.I. 138) only seems to support that Iannarelli's publicly self-professed mental and/or physical condition materially impairs his performance of basic legal tasks, mandating withdrawal. *See* New York Rules of Professional Conduct (as amended through June 10, 2022), Rule 1.16(b).

    First, the opposition filing (D.I. 138) misdirects from a central issue. Plaintiffs, beyond a nonsensical blanket denial of my entire letter motion, fail to rebut that Paragraph 1 of D.I. 135 was false, that is, Plaintiffs never emailed me a copy of D.I. 133. *See* D.I. 136-1 at ¶ 2. My letter motion clearly stated "[t]o the extent Plaintiffs disagree with [Paragraph 1 of D.I. 135 being false], they can (and ought to) respond by providing documentation that Iannarelli did in fact already email the undersigned the D.I. 133 document." D.I. 136 at 1. Failure to include the purported March 10, 2025 email in Plaintiffs' response is tantamount to an admission the email was never sent. Yet, rather than admit Paragraph 1 of D.I. 135 was false or a mere error, Iannarelli persists with blanket denial of, *inter alia*, the statement's falsity. Given Iannarelli's publicly self-professed medical condition, it is hard to tell whether this represents deceit or confusion, but neither state is consistent with Iannarelli properly continuing to serve as counsel.

    The opposition filing is replete with basic errors inconsistent with Iannarelli's extensive legal career, further confirming that his ability to provide legal services has been materially impaired by his physical or mental condition. For example, (1) the D.I. 138 ECF filing event

confirms that Iannarelli filed the opposition as a response to the wrong letter motion (D.I. 137 when it should have been D.I. 136) – and Iannarelli has not sought to correct this error; (2) every single defendant listing is incorrect, inconsistent with the Amended Complaint and in some cases they vary amongst themselves (D.I. 138 at pages 1, 3 and 5 of 6); (3) captions variously fail to include the SDNY court name (D.I. 138 at page 1 of 6) or incorrectly indicate this court is the Second Circuit (D.I. 138 at page 5 of 6); (4) pages are labeled out of order, proceeding as 3, 4, 1, 2, blank, blank; and (5) The letter at D.I. 138, pages 3-4 of 6, is marked as "Confidential" and Plaintiffs wish it sealed (D.I. 138 at page 4 of 6), yet Iannarelli filed the letter on the docket publicly, ignoring the procedures under Your Honor's Individual Practices and the SDNY's ECF procedures for properly submitting a request to file under seal with the proposed confidential document initially submitted under a viewing restriction.

Diving deeper into the more substantive positions in the opposition filing, they are shallow, flawed, and largely irrelevant. Iannarelli nakedly accuses the undersigned of bad motives such as "retaliation for a letter I wrote to the Court dated March 10, 2025" and vaguely repeats his prior allegations of "disturbing communications" (D.I. 138 at page 1 of 6, ¶¶ 2-3) – which subject has already been separately briefed at D.I. 132 and 134. No support is offered for Plaintiffs' position, beyond conjecture. Iannarelli further insists he had an "ethical obligation to bring the emails to the Court's attention," but fails to identify the relevant obligation. *Id* at ¶ 3.

Iannarelli then posits that his own recent, suddenly very extreme-sounding, detailing of his physical and/or mental condition, which he publicly submitted in a non-sealed filing before the Second Circuit, (2nd Cir. Appeal No. 24-2370, D.I. 97.1 at pages 12-13 of 62) (Mar. 6, 2025) *in an appeal of this very action*, should in this court "be placed under seal" because Iannarelli allegedly "did not consent to the release, nor allow, [*sic*.] for the purpose they are being used by defendant Eisenberg." Iannarelli cannot use his physical and/or mental condition as both a sword (to obtain court relief) and a shield (to prevent me from raising it) in this proceeding. With respect to the prior communications "request" referenced by Iannarelli at D.I. 138, page 2 of 6, ¶ 5, Iannarelli, while demanding I withdraw my motion, threatening sanctions, and purporting to "prohibit[]" me from disseminating any of his medical information, repeatedly failed to provide any legal basis for his intimidating demands. Accompanying Eisenberg Declaration, ¶ 2, Exh. 1.

In the "Confidential" letter, (D.I. 138 at 4-5 of 6) Iannarelli argues that he believes staying on as counsel is to his clients' benefit. But Iannarelli's unsupported belief cannot override New York Rule of Professional Conduct 1.16(b), which uses mandatory language: " . . . a lawyer ***shall withdraw*** from the representation of a client when . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." (emphasis added).

This letter then asserts that the undersigned is allegedly "aware [Iannarelli's] clients are indigent." I am not. Plaintiffs have never provided any documentation, beyond Iannarelli's own assertions, of his clients' alleged indigence, and I lack independent knowledge of same. Accompanying Eisenberg Declaration, ¶ 3. Moreover, this position is irrelevant to whether Iannarelli is materially impaired, or has made misrepresentations at D.I. 135, ¶ 1 or elsewhere. Likewise irrelevant is that Iannarelli allegedly only publicly revealed the striking aspects of his physical or mental condition, on March 6th, "to rebut [my alleged] character attacks against

[him]"; what matters is whether his condition is a material impairment that, *inter alia*, appear to make it difficult for him to process and truthfully relay information.

      Also striking is Iannarelli's continued practice, not just in the prior correspondence (Accompanying Eisenberg Declaration, ¶ 2, Exh. 1) concerning the instant letter motion, but even in Plaintiffs' opposition, of publicly issuing vaguely-founded, but serious, allegations and threats. Iannarelli vaguely alleges "[n]or does it appear that [the undersigned is] willing to conform to the rules of professional responsibility," but identifies no rule that I allegedly may have broken. D.I. 138, page 3 of 6. And he threatens "I did not seek sanctions . . . That was my mistake, and I will reserve such a request for a future date." *Id*. Iannarelli responding to this motion not by addressing the relevant facts or relevant law, but by issuing vague threats of future sanctions based on unrelated private correspondence exchanged between the undersigned and himself, tends to again suggest that Iannarelli's legal acumen may be materially impaired.

      Plaintiffs' letter then continues with another *non-sequitur* in the context of the present motion: "I[, Iannarelli,] have reasonable [*sic*.] belief that Mr. Eisenberg has been served, so I must ask the Court for a discovery Order to have the case move forward. . . ". D.I. 138 at page 4 of 6. However, Iannarelli's belief as to proper service of process is not "reasonable" but completely unexplained and unfounded. I already separately addressed, *e.g.* at D.I. 134, page 3, why the purported service is palpably improper, including under the only conceivably applicable section of law, NY CPLR § 308(4). Yet Iannarelli fails to even address this argument, or provide any section of law under which service allegedly had been accomplished, when baldly asserting that his belief of service is reasonable. Given that the purported service of process is palpably improper, proceeding with discovery would be premature.

      Lastly, Iannarelli having his work supervised, reviewed, or edited, by (presumably non-lawyer) support staff (see D.I. 138 at page 4 of 6) has, *e.g.* in view of Plaintiffs' haphazard opposition, clearly not worked properly to date. New York Rule of Professional Conduct 1.16(b)'s terms should ensure that courts, clients, and their adversaries all have the benefit of dealing with lawyers that lack material impairment – and so can, *inter alia*, accurately observe and process information, accurately report facts, and present relevant legal argument. These basic functions cannot simply be offloaded to non-lawyer support staff, who necessarily lack the training to fully "review[] and edit[ legal] documents," matters that are ultimately an attorney's responsibility. The issues here go well beyond typos easily catch-able by a proofreader.

Dated (and executed in):                         Respectfully submitted,
March 13, 2025 (Miami, Florida)

                                                              s/     *Eric Eisenberg*
                                                              ERIC M. EISENBERG
                                                              (646) 801-6705
                                                              1300 South Miami Avenue, Unit 1408
                                                              Miami, FL 33130
                                                             ericeis@gmail.com

cc: all parties on ECF
(submitted with accompanying declaration of Eric M. Eisenberg)