UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                                  Plaintiffs,                      **23-CV-06585 (JGLC) (VF)**

             -against-                                    **ORDER**

ROHIT AGGARWALA et al.,

                                  Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On February 6, 2025, the Court extended Plaintiffs' time to serve Defendant Eric M. Eisenberg to March 10, 2025. ECF No. 121. The Court's order noted that, while Plaintiffs had made several attempts to serve Eisenberg in New York, they had not yet attempted to serve Eisenberg in Florida, where he represents that he currently resides. ECF No. 118-1 at ¶ 4. Plaintiffs previously asked the Court to permit alternative methods of service (ECF No. 117), and Plaintiffs now ask the Court to recognize their most recent attempt to serve Eisenberg as proper (ECF No. 133). For the reasons discussed below, service by alternative methods is warranted here.

       Service of process may be made by "following state law for service of a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under New York law, service on an individual is effectuated by "(1) personally delivering the summons and complaint to the person; (2) delivering the summons to a person of 'suitable age and discretion at the actual place of business, dwelling place or usual place of abode' of the individual to be served, and then mailing the documents; (3) delivering the summons and complaint to an authorized agent; or (4) affixing the

summons and complaint to the door of the individual's 'actual place of business, dwelling place or usual place of abode' and then mailing the documents." Windward Bora LLC v. Edinboro, 719 F. Supp. 3d 238, 241 (E.D.N.Y. 2024) (citing C.P.L.R. §§ 308(1)-(4)).

Plaintiffs' counsel represents that five attempts were made to serve Eisenberg in Florida at the address Eisenberg identified on the docket. ECF No. 132 at 1. But public records indicate that Eisenberg is not listed as the owner of the condominium unit at the Florida address, and Plaintiffs' process server was unable to effect service upon Eisenberg personally at that address, and instead affixed the summons and amended complaint to the door of the Florida condominium. Id.

Plaintiffs' counsel further represents that he is "in possession of verifiable documentation that [Eisenberg] remains a current resident at 454 West 46th Street, Apt. 1ES, New York, New York." ECF No. 133 at ¶ 2. Plaintiffs' counsel visited the West 46th Street apartment building and verified that Eisenberg is listed as a current resident in the building directory. Id. at ¶ 4. Plaintiffs' counsel also spoke to the superintendent, who confirmed that Eisenberg was a current resident of the building. Id. at ¶ 5. Additionally, Plaintiffs' counsel saw "a priority mail package" that he had sent to Eisenberg "several days earlier" on the floor by the door to the New York apartment and the package was not "returned as undeliverable." Id. ¶ 6.

Where a defendant has multiple residences or "dwelling places"—as appears to be the case for Eisenberg—service at any one of the dwellings is sufficient. See Karlin v. Avis, 326 F. Supp. 1325, 1329 (E.D.N.Y. 1971) (concluding that defendant who divided his time between Michigan, New York, Mexico, and Europe had a "dwelling place" in New York for purposes of Section 308, where he maintained an apartment in his name). Plaintiffs can therefore serve Eisenberg at his New York address or his Florida address.

On March 10, 2025, Plaintiffs filed an affidavit of service (ECF No. 134), indicating that Plaintiffs served Eisenberg under C.P.L.R. § 308(4) at Eisenberg's New York address, which allows for service by (1) "affixing the summons to the door of the . . . dwelling place or usual place of abode within the state of the person to be served"; (2) within twenty days of affixing, "mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney"; and (3) filing proof of such service with the clerk of court within twenty days of affixing or mailing, whichever is effected later. C.P.L.R. § 308(4). Service under Section 308(4) is "complete ten days after such filing" with the clerk of court. C.P.L.R. § 308(4).

Plaintiffs' counsel indicates in his sworn declaration that he affixed the summons and complaint to the door of Eisenberg's New York dwelling on February 11, 2025, satisfying the first requirement of Section 308(4). ECF No. 133 at ¶¶ 4, 6. On February 14, 2025, Plaintiffs' counsel mailed a copy of the summons and complaint to Eisenberg via U.S. Mail, satisfying the second requirement of Section 308(4). Id. at ¶ 7. It was not until March 10, 2025, however, 24 days after counsel had mailed the summons and complaint, that counsel filed an affidavit of service with the Court. ECF No. 133. Under the plain text of Section 308(4), service is only proper when proof of service is filed within twenty days of affixing or mailing the summons. C.P.L.R. § 308(4). As such, service was not properly effectuated under Section 308(4). And even if service on Eisenberg under Section 308(4) were proper, such service would not be complete until March 20, 2024, ten days after Plaintiffs' counsel filed the affidavit of service.

Regardless, Plaintiffs are entitled to serve Eisenberg by alternative means. Where service according to the enumerated methods in Section 308 is "impracticable," service may be made "in

3

such manner as the court . . . directs." C.P.L.R. § 308(5). Here, Plaintiffs have sufficiently shown that service by the traditional methods enumerated in Section 308 are impracticable, as Plaintiffs' counsel and a process server have both made several attempts to effectuate service at Eisenberg's New York and Florida residences. See ECF Nos. 117, 132, 133; see also Shamoun v. Mushlin, No. 12-CV-3541 (AJN), 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (permitting alternative method of service where plaintiffs "demonstrated numerous actual attempts to serve defendants").

An alternative method of service must comply with due process and "be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action, and afford them an opportunity to present their objections." Windward Bora LLC, 719 F. Supp. 3d at 242-43 (internal quotation marks and citations omitted). E-mail service, for example, has "repeatedly been found by courts to meet the requirements of due process." Pearson Educ. Inc. v. Doe 1, No. 18-CV-7380 (PGG) (OTW), 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) (permitting service by e-mail where defendant stores used e-mail to "operate their online storefronts"). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." F.T.C. v. PCCare247 Inc., No. 12-CV-7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (allowing service by both e-mail and Facebook).

Plaintiffs have demonstrated that Eisenberg regularly monitors the e-mail address listed on the docket. Plaintiffs, for example, point out that Eisenberg utilizes the electronic case filing system ("ECF") here and in the related action in the Second Circuit. ECF No. 117. Indeed, Eisenberg has actively litigated the issue of service in this action by filing letters on ECF, often responding to Plaintiffs' filings within 24 hours of the filing. Eisenberg's quick responses to Plaintiffs' filings strongly suggest that he is monitoring the e-mail address listed on the docket,

where ECF notifications are sent when a filing is made. See, e.g., ECF Nos. 118, 120, 122, 127, 134. Service by e-mail to the e-mail address listed on the docket is therefore sufficient to comply with due process and apprise Eisenberg of the pendency of this action. See Shamoun, 2013 WL 91705, at *2 (allowing service by e-mail and on relevant Secretaries of States where there was "evidence that Defendants in fact use and monitor the e-mail address at issue"); Philip Morris USA Inc. v. Veles Ltd., No. 06-CV-2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (holding that service by e-mail was proper under Federal Rule of Civil Procedure 4(f) because "plaintiff has shown that email and fax correspondence are likely to reach defendants").

Moreover, "[t]he purpose of . . . service . . . is to 'provid[e] the defendant with notice that an action has commenced.'" Moonbug Entm't v. Autumn Sell, No. 21-CV-10328 (NRB) (S.D.N.Y. Feb. 16, 2023) (quoting 1 Moore's Fed. Practice, § 4.03(1) (3d Ed.)); see also U.S. Fire Ins. Co. v. Jesco Constr. Corp., No. 3-CV-2906 (SAS), 2003 WL 21689654, at *3 (S.D.N.Y. July 16, 2003) ("The primary purpose of service of process is to give a defendant legal notice of the claims asserted against him so that he may prepare his defense."). Eisenberg plainly has notice of this action, as demonstrated by his numerous filings on ECF in the case thus far. See, e.g., ECF Nos. 118, 120, 127, 134.

In short, service via an alternative method—namely, e-mail—is appropriate under these circumstances. Plaintiffs are therefore directed to serve Eisenberg at the e-mail address listed on the docket and file a corresponding affidavit of service by **Friday, March 21, 2025**.

**SO ORDERED.**

DATED:   New York, New York
         March 17, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge