UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

|

MOHAMED JOHN AKHTAR and LA BUCA | RESTAURANT, INC. d/b/a SWING 46 JAZZ | AND SUPPER CLUB, |

     Plaintiffs |

|

  -against-      |  23-CV-6585 (JGLC) (VF)

|

ERIC M. EISENBERG and JOHN AND JANE | DOES ONE THROUGH THIRTY, |

     Defendants |

_____|

**ERIC M. EISENBERG'S LETTER MOTION REGARDING FALSE STATEMENTS IN MARCH 18, 2025 EMAIL CORRESPONDENCE FROM ANTHONY N. IANNARELLI JR. AND APPARENT ELECTION LAW VIOLATIONS**

Dear Magistrate Judge Figueredo,

**False Statements by Iannarelli -** I write with respect to false statements in correspondence from plaintiffs' counsel Anthony N. Iannarelli Jr. ("Iannarelli") occurring on March 18, 2025. In short, Iannarelli has falsely claimed, perhaps in order to attempt to excuse or mitigate his filing of my birth date information in this Court, that my birth date information is publicly available from publicly accessible voting materials, as opposed to him or his assistants having simply typed in my birth date information and printed out and filing what was typed in.

Again, I understand that I have a professional obligation to raise, to the Court, such issues of false statements, which appear to raise issues either with respect plaintiffs' counsel's honesty and/or with respect to whether Iannarelli's self-professed physical and/or mental condition (addressed more thoroughly at D.I. 136) materially impairs his fitness to provide representation in this matter – for example because his ability to observe and process information and present truthful and accurate statements may be impaired. *See* NY Rules of Professional Conduct (as amended though June 10, 2022), at Rules 1.15(b)(2) (*re* material impairment due to lawyer's physical or mental condition), 4.1 (*re* truthfulness), 8.3 (*re* obligation to report misconduct to tribunal), 8.4(c) (*re* dishonesty, fraud, deceit and misrepresentation). Particularly on point, with respect to the instant false statements made by Iannarelli to myself by email, is Rule 4.1 ("TRUTHFULNESS IN STATEMENTS TO OTHERS [-] In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person.")

On March 18, 2025, 9:55 AM, Iannarelli falsely wrote me that the filed birthdate-inclusive documents (*see e.g.* D.I. 125, 126, 129 and 143 at page 51 of 63) "are 'open source'

1

documents from voter registration sources, and they were downloaded just as they appear. I only say this in the event you were not aware the voter registration source is posting your date of birth." Accompanying Eisenberg Decl., ¶ 2, Exh. 1, p. 2.

At 10:30 AM, I responded by explaining that "you appear to be speaking inaccurately regarding the government materials. My understanding is you typed in the birthday, then printed out what you typed in. You did not print out a preexisting government record." Accompanying Eisenberg Decl., ¶ 2, Exh. 1, p. 1.

At 11:11 AM, Iannarelli responded angrily, and falsely, issuing explicit threats: "Typing in your date of birth? I did not nothing (*sic: I did nothing*) of the sort and it's another false allegation that suggests you are making an implied threat-which you continue to pile up unabated. Would you like me to report this one as well? Please stop. Any of the documents are open source and available to the public." *Id.*

I responded at 11:21 AM by, *inter alia*, requesting additional information that might dissuade me from my honestly-held belief that Iannarelli was lying to me (and avoid the necessity for a letter such as this): "If you are telling the truth (to be clear, I understand you are not), and my birthdate actually is made available to the general public from a government voting website, please identify how I can access that birthdate." *Id.* Having received no response, I again inquired at 3:29 PM: "Please advise . . . where the birth date is allegedly available in public government voting records." *Id.*

Iannarelli, refusing to meaningfully respond to these requests, simply insisted, at 3:32 PM, "your voter requestrations (*sic.*) speaks for itself (*sic.*)." *Id.* At 3:49 PM, I again sought clarification, "Which 'voter requestrations' document are you referring to?". *Id.* However, more than 48 hours later, Iannarelli has yet to provide me with the requested clarification. Accompanying Eisenberg Decl., ¶ 3.

The simple fact is, the Florida Voter Information Lookup website (*see* D.I. 125, 126, 129 and 143 at page 51 of 63), available at registration.elections.myflorida.com/en/CheckVoterStatus (see indication of URL on the aforementioned documents), does not itself make my birthdate available. Rather, as can be seen on a not-yet-filled-in version of the webpage, it contains a space to "Enter your Birth Date". Accompanying Eisenberg Decl., ¶ 4, Ex. 2. Thus, only after Ianarelli or his assistant entered my birth date in that space was my birth date shown. Moreover, I am not registered to vote in Florida, have never been registered to vote in Florida, and have never applied to register to vote in Florida.  Accompanying Eisenberg Decl., ¶ 5; D.I. 125, 126, 129 and 143 at page 10 of 63 (. . . "no one by the name of Eric M. Eisenberg is registered to vote in [Florida]"). It logically follows that Florida's voter websites do not themselves have access to my birthdate or themselves make my birthdate, or any other information about me, publicly available. Iannarelli's statements to the contrary are necessarily false. Whether the statements were intentionally false or false due to confusion from Iannarelli's self-professed physical and/or mental condition, the result is the same – he should not continue to serve as counsel in this case.

**Illegal Conduct by Iannarelli -** I am also professionally obligated to raise the unlawfulness of Iannarelli's accessing of (or attempts to access), and use of, my voter registration records. *See*

NY Rules of Professional Conduct (as amended though June 10, 2022), at Rules 1.2(d) ("A lawyer shall not . . . assist a client, in conduct that the lawyers knows is illegal . . ."), 8.3 (*re* obligation to report misconduct to tribunal), 8.4(c) (*re* dishonesty, fraud, deceit and misrepresentation). Iannarelli submitted not only the instant Florida printout bearing my birthdate, (*see* D.I. 125, 126, 129 and 143 at page 51 of 63) but also New York voter registration records and information (*see* D.I. 125, 126, 129 and 143 at pages 7, 8, 28 and 34 of 63).

In accessing, or attempting to access, such information, while not himself being the voter (me), Iannarelli misrepresented his identity to intentionally access voting system materials without authorization. With respect to Florida, in order to proceed with Ianarelli's search for my records, he checked a box that "[he] understand[s] and agree[s]" that, *inter alia*, "This website is intended for use by a registered voter to determine his or her voter registration and voting status." (*see* D.I. 125, 126, 129 and 143 at page 51 of 63). New York State's and New York City's voter registration search tools, also used by Iannarelli, similarly clarify that "**To use this page, you must be a registered voter in the (*sic.*) New York State**. Please enter **your Last Name**, First Name, Date of Birth …." and "Please enter your information exactly as it appears on **your voter record**," respectively. Eisenberg Decl., ¶¶ 6-7, Exs. 3 and 4 (emphasis modified). By locating and entering in my personal information, such as birthdate, rather than his own, Iannarelli accessed voting systems without authorization, in apparent violation of Federal Law. 18 U.S. Code § 1030(a)(2)(c) (prohibiting "intentionally access[ing] a computer without authorization or exceed[ing] authorized access, and thereby obtain[ing] . . . information from any protected computer"); 18 U.S. Code § 1030(e)(2) (defining "protected computer" as including computers that are part of voting systems[1] used for the management, support, or administration of a Federal election).

Perhaps even clearer is Iannarelli's apparent violation of New York Law, through his submission of my New York voter registration information in this case for non-election, litigation purposes. New York Consolidated Laws, Election Law – ELN § 3-103(5) (providing that New York State voter registration information "shall not be used for non-election purposes").

**Conclusion -** The undersigned respectfully requests that this Court issue appropriate relief with respect to the instant false statements by Iannarelli in his March 18, 2025 emails, his apparent instant violations of Federal and State election-related law activity in connection with this litigation, and his history of false and/or misleading statements throughout this case, which have been amply documented and pointed out by the undersigned throughout this proceeding. The undersigned once again reiterates his belief that, considering Iannarelli's asserted mental and/or physical condition, which clearly interferes with his basic functioning as an attorney, it would be appropriate and in the interests of justice for the Court to order that Iannarelli withdraw as counsel, or be replaced, consistent with the New York Rules of Professional Conduct. Moreover, it would also appear appropriate to strike the apparently illegally obtained voter registration information.

---

[1] "voting system" is in turn broadly defined by 52 U.S.C. § 21081(b) so as to include, *inter alia*, practices and associated documentation used "to make available any materials to the voter."

Dated (and executed in):                    Respectfully submitted,
March 20, 2025 (Miami, Florida)


                                            s/      *Eric Eisenberg*
                                            ERIC M. EISENBERG
                                            (646) 801-6705
                                            1300 South Miami Avenue
                                            Unit 1408
                                            Miami, FL 33130
                                            ericeis@gmail.com

cc: all parties on ECF

(submitted with accompanying declaration of Eric M. Eisenberg)

4