**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                        Plaintiffs,         **23-CV-06585 (JGLC) (VF)**

        -against-                             **ORDER**

ROHIT AGGARWALA et al.,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

        On March 17, 2025, the Court granted Plaintiffs' request to serve Defendant Eric M. Eisenberg ("Defendant") by alternative methods, namely by e-mail to the e-mail address on the docket. ECF No. 141. On March 19, 2025, Plaintiffs' counsel filed an affidavit of service indicating that the summons and amended complaint were sent to Defendant's e-mail address. ECF No. 148. The affidavit also indicated that the affidavit itself was served on Defendant by e-mail. Id. at ¶ 2.

        On March 20, 2025, Defendant filed a letter stating that he never received a copy of the affidavit by e-mail. ECF No. 152. Defendant, however, does not contest that he received the summons and amended complaint by e-mail. Id.; see also ECF No. 148 at ¶ 1. Plaintiffs did not have to serve the affidavit of service on Defendant in order to effectuate service of the summons and amended complaint. See Fed. R. Civ. P. 4(c)(1) (requiring that summons and complaint be served for proper service); N.Y. C.P.L.R. § 308(1) (requiring that a summons be served for proper service). Plaintiffs' service of the summons and amended complaint by e-mail as described at ECF No. 148 is therefore deemed proper pursuant to the Court's order at ECF No. 141. Defendant is directed to respond to the amended complaint by **April 9, 2025**.

Additionally, at ECF Nos. 145 and 146, Plaintiffs' counsel seeks an order directing Defendant "to limit his communications only to substantive matters pertaining to the legal and factual issues pertaining to the case." See, e.g., ECF No. 146 at 2. Counsel included an example of the type of communication from Defendant that he considers inappropriate. See ECF No. 146 at 3; see also ECF No. 132. Counsel contends that these e-mails from Defendant are "intimidating," have a "chilling effect," and are "disturbing." ECF No. 146 at 1-2. Although the Court does not agree that the e-mails provided by Plaintiffs' counsel are intimidating or disturbing, the Court takes this opportunity to remind all parties that it expects litigants to behave courteously and with respect towards one another. The Court will not tolerate harassing or intimidating behavior by any litigant towards another litigant, and the failure to act in a respectful manner may result in the imposition of monetary sanctions.

At ECF No. 136, Defendant seeks an order compelling Plaintiffs' counsel to withdraw from the case. And at ECF Nos. 152 and 157, Defendant identifies allegedly false statements made by Plaintiffs' counsel, which Defendant contends are grounds for counsel's disqualification, in addition to counsel's health issues. Neither Plaintiff has raised any concern with their attorney.

A motion to disqualify an attorney is committed to the discretion of the district court. Gurvey v. Cowan, Liebowitz & Latman, P.C., 2014 WL 6491281, at *3 (S.D.N.Y. Nov. 20, 2014). "One who seeks to disqualify an adversary's counsel must satisfy 'a high standard of proof . . . for in disqualification matters [a court] must be solicitous of a client's right to freely choose his counsel.'" Gottlieb v. Simon, 1998 WL 66007, at *2 (S.D.N.Y. Feb. 17, 1998) (quoting Government of India v. Cook Industries, Inc., 569 F.2d 737, 739 (2d Cir. 1978)). "In this Circuit, motions for disqualification are generally viewed with disfavor because disqualification of counsel impinges on a party's right to employ counsel of choice, and such

motions are often interposed for tactical purposes." Song v. Dreamtouch, Inc., 2001 WL 487413, at *4 (S.D.N.Y. May 8, 2001) (citing Evans v. Artek Sys. Corp., 715 F.2d 788, 791-92 (2d Cir. 1983)). Disqualification is appropriate only upon a clear showing that there is a significant risk that an attorney's conduct will taint the trial, such as where there is an irreconcilable conflict of interest or where an attorney may use privileged information concerning his adversary to gain an unfair advantage. See Bd. of Educ. of the City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979).

Defendant has not identified any proper basis for the disqualification of Plaintiffs' counsel. Defendant's reliance (see ECF No. 136 at 2-3) on the health of Plaintiffs' counsel is not a proper basis for the compelled disqualification of counsel. Defendant has not identified a conflict of interest and nor has he alleged that Plaintiffs' counsel previously represented him and thus possess information protected by the attorney-client privilege. And, the Court has not noticed any problems with Plaintiffs' counsel's effectiveness due to counsel's health. Moreover, the allegedly false statements Defendant points to are also not a proper basis for counsel's disqualification. See ECF No. 136 at 1; ECF No. 152 at 1. According to Defendant, Plaintiffs' counsel has falsely represented that he sent an affidavit of service and declaration to Defendant via e-mail. But Defendant has not established that counsel lied to the Court; Defendant has merely demonstrated that he did not receive the e-mails which Plaintiffs' counsel's indicates he sent. It is thus not a basis for counsel's disqualification. Accordingly, the motion to disqualify counsel is **DENIED**.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 145, 146, 152, and 157.

**SO ORDERED.**

DATED:   New York, New York
         March 21, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge