UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. d/b/a SWING 46 JAZZ
AND SUPPER CLUB,
                          Plaintiffs

            -against-                                      23-CV-6585 (JGLC) (VF)

ERIC M. EISENBERG and JOHN AND JANE
DOES ONE THROUGH THIRTY,
                          Defendants
_____

**ERIC M. EISENBERG'S LETTER RESPONSE TO PLAINTIFFS' MARCH 25, 2025
LETTERS / LETTER MOTIONS (D.I. 164 and D.I. 165)**

Dear Magistrate Judge Figueredo,

I write with respect to Plaintiffs' two letters filed on March 25, 2025, at D.I. 164 and 165.

D.I. 164, per its ECF filing description, purports to be a:

> FIRST LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/25/2025 re: Case Conference. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony)

It is not. This letter is dated March 20, 2025 (and dated March 20, 2024 in the affirmation section), and appears to relate to redaction issues that have already been addressed by the Court. I hope Mr. Iannarelli is well, as it certainly seems like he is having difficulty performing simple tasks.

D.I. 165, per its ECF filing description, purports to be a:

> LETTER addressed to Magistrate Judge Valerie Figueredo from Anthony Iannarelli dated 03/25/2025 re: Case Conference. Document filed by Mohamed John Akhtar, La Buca Restaurant, Inc...(Iannarelli, Anthony)

This is closer, but still not accurate. The letter is actually dated March 25, **2024**, and it broaches the conference of a settlement conference, as opposed to a case conference.

1

Moreover, Plaintiffs deliberately disobeyed Court procedure, by filing this document, requesting a settlement conference, as a "LETTER" instead of a "Letter Motion." When beginning an attempt to file a so-called "LETTER" to this Court via ECF, a warning appears as follows:

**DO NOT USE THIS EVENT TO FILE A LETTER MOTION (a letter making an application/request to the Court).**

Use the **Motions** menu option to file a Letter Motion.

[Next] [Clear]

Plaintiffs simply ignored this direction from the Court and proceeded to file its motion as a mere "LETTER," rendering it difficult for the undersigned to find an appropriate docket event to file this letter opposition to their motion.

Plaintiffs, at D.I. 165, falsely represent that "[t]here has never been a conference held in this case for any of the issues that have come before the Court." As Plaintiffs' Counsel may recall, a telephone conference was set for, and occurred on, April 30, 2024, 10:00 AM before Your Honor. *See e.g.* Docket Entry at D.I. 60 (indicating "Telephone Conference set for 4/30/2024 at 10:00 AM before Magistrate Judge Valerie Figueredo); *see also* April 30, 2024 minute entry indicating "Status Conference held on 4/30/2024".

Constantly being forced to address Plaintiffs' numerous inaccurate statements and breaches of procedure occurring in most of their filings is tiring and prejudicial, sapping my time, wasting my page counts, and generally interfering with my ability to address the substantive legal issues. Some accountability for Plaintiffs' behavior would be appreciated.

All that being said, a settlement conference would be premature and/or inappropriate for a number of reasons.

First, for reasons largely expressed by me at D.I. 160, I have not been lawfully or properly served.

Second, Plaintiffs' Amended Complaint is utterly meritless. It is in substance largely identical to the initial complaint, all of whose claims were dismissed. Strikingly, and in apparent disrespect of the Court's and the Parties' time, the Amended Complaint reasserts two counts that have already been dismissed with prejudice. The Amended Complaint also continues to assert despite the Court's careful explanation, ethnic, racial and/or religious discrimination without any identification of a 'comparator' noise-making business treated differently. These are just a few of the many issues with the complaint rendering it obviously meritless. Should this obviously meritless counts again be dismissed, there will be no need to expend the Court's or the Parties' time with a settlement conference.

Third, even assuming, arguendo, that the Amended Complaint will not be fully dismissed, I would at that point anticipate asserting a variety of counterclaims against Plaintiffs and claims against various of Plaintiff La Buca Restaurant, Inc.'s agents, based on the tortious

activity they carried out against me (e.g. relating to unlawful anti-Jewish discrimination, violent and/or offensive in-person behavior, newspaper libel, tortious interference, breach of duty with respect to my personal information, and other issues). There is a little point in carrying out a settlement conference before my own claims, which I respectfully submit are far more viable and valuable than Plaintiffs' claims, have been formally asserted. In order to arrive at a settlement, consideration of all parties' claims is clearly necessary.

Fourth, all defendants appear to not yet be present in this lawsuit, as asserted by Plaintiffs, which again would interfere with any productive settlement conference. For example, any alleged fault would need to be apportioned amongst the relevant defendants for purposes of arriving at a settlement figure. Plaintiffs assert that the Amended Complaint is "currently" being asserted at least against the "City of New York" as a "John Doe One" of the Amended Complaint. D.I. 113, ¶¶ 5-6. However, Plaintiffs have not provided this Court with any proof of service on the "City of New York," as such. It is not clear what other John or Jane Does, beyond the "City of New York," may exist, as Plaintiffs have not yet specifically identified them. Plaintiffs letter also indicates, in its re line, that it appears to consider New York City Mayor "Eric Adams" to be another current defendant, despite the Amended Complaint being less than clear on that front. Again, such confusion as to defendants precludes a meaningful settlement conference.

Accordingly, I would respectfully submit that, at this time, Plaintiffs' request to "explore the possibility of a settlement conference" should be declined.

Dated (and executed in):  
March 26, 2025 (Miami, Florida)

Respectfully submitted,

s/      *Eric Eisenberg*  
ERIC M. EISENBERG  
(646) 801-6705  
1300 South Miami Avenue  
Unit 1408  
Miami, FL 33130  
ericeis@gmail.com

cc: all parties on ECF