**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                        Plaintiffs,         **23-CV-06585 (JGLC) (VF)**

        -against-                             **ORDER**

ROHIT AGGARWALA et al.,

                        Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On March 24, 2025, Defendant Eric M. Eisenberg filed a motion requesting that the Court direct Plaintiffs "to cease and desist from harassment, intimidation, disrespect, discourtesy, violence, and threats of violence towards" Defendant, and that the Court "impose monetary and non-monetary sanctions against Plaintiffs." ECF No. 162 at 1. Defendant appears to be seeking a cease-and-desist order, barring Plaintiff from engaging in certain conduct, such as verbally communicating with Defendant, even when Defendant is on or near the premises of Plaintiff restaurant, La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club. Id.

As depicted in what appear to be cellphone videos submitted by Defendant, Defendant complains of verbal conduct that can generally be characterized as use of profanities and taunting. ECF 162-1 at ¶¶ 2, 3, 5. Defendant therefore asks the Court for an order prohibiting speech. "Injunctions prohibiting speech are . . . disfavored because they impose a prior restraint on speech, and a prior restraint carries with it 'a heavy presumption against its constitutional validity.'" Gaming Mktg. Sols., Inc. v. Cross, No. 07-CV-4624 (RJS), 2008 WL 858183, at *5 (S.D.N.Y. Apr. 1, 2008) (quoting Metro. Opera Ass'n, Inc. v. Local 100, Hotel Empls. And Rest. Empls. Int'l Union, 239 F.3d 172, 176 (2d Cir. 2001). While extraordinary circumstances, such

as intimidation or coercion, may warrant a restraint on speech, "current First Amendment principles may [still] prohibit granting an injunction even when [intimidation and coercion] are present." Metro. Opera Ass'n, Inc., 239 F.3d at 177. In any event, the Court is not persuaded by Defendant's videos that Plaintiffs' verbal conduct amounted to intimidation or coercion sufficient to warrant a prior restraint on speech.

Moreover, it is worth noting that the conduct Defendant points to occurred in response to Defendant loitering outside of Swing 46 Jazz and Supper Club while taking video footage. See ECF No. 162-1 at ¶¶ 2-5. And in the videos, it appears that Defendant ignored requests for him to leave. Id. In short, there is no basis on this record for Defendant's request that the Court issue a cease and desist order or that the Court sanction Plaintiffs.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 162.

**SO ORDERED.**

DATED:  New York, New York
        March 26, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge