UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and<br>La Buca Restaurant, Inc. d/b/a<br>Swing 46 Jazz and Supper Club,<br><br>    Plaintiffs,<br><br>    v.<br><br>Eric Adams, Mayor of the City of<br>New York, Rohit T. Aggarwala, New<br>York City Department of<br>Environmental Protection, Eric I.<br>Eisenberg, and John and Jane<br>Does One through Thirty,<br><br>    Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

**Plaintiffs' Response in Opposition to Defendant Eric M. Eisenberg's Objection to Magistrate Judge Valerie Figuerdo's Order of March 26, 2025**

### Declaration of Anthony N. Iannarelli Jr.

Anthony N. Iannarelli Jr., of full age declares and affirms, under the penalty of perjury, to the truth of the following. I make these statements upon my direct knowledge, and if not within my direct knowledge, upon information and belief, gathered from reliable and reputable individuals, that are willing to testify at trial.

    1. I am the attorney for plaintiffs Mohamed John Akhtar and La

1

Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club (hereinafter "plaintiffs").

2. I make this affirmation in Response to defendant Eric M. Eisenberg's (hereinafter "defendant Eisenberg") Objection, dated March 26, 2025, to Magistrate Judge Valerie Figuerdo's Order of the same date. (Docket Index Numbers 170 & 171)

3. I have obtained eye witnesses testimony that fully refutes any of defendant Eisenberg's contentions. The sworn declarations, all dated March 20, 2025, of witnesses Michelle Collier, Paula Valentina, and Veronica Dominguez, are attached, respectively, as Exhibit 1, Exhibit 2, and Exhibit 3. These declarations have not been submitted previously to this Court, but have, before the filing of this Response, been provided to defendant Eisenberg by way of plaintiffs' Voluntary Disclosures.

4. All three declarations corroborate that defendant Eisenberg had a history of defiantly trespassing on plaintiff La Buca Restaurant, Inc.'s property. While doing so he allegedly engaged in inappropriate behavior by disturbing patrons and staff, utilizing a listening device, believed to be a cell phone, that he purportedly applied to music speakers, and refusing the repeated requests of plaintiff owner/operator Mohamed John Akhtar to desist and remain off of the property.

2

5. Significantly, in defendant Eisenberg's moving papers dated March 24, 2025, defendant Eisenberg, by his own admission, places himself "outside" of plaintiffs' establishment on September 12, 2023. Dck. Entry 171 at pp. 1 & 2 . Again, he places himself at the same location on October 9, 2023. id. p. 2 at 349 W. 46th Street, New York. During this time period, Plaintiffs' complaint had, in July 2023, already filed their Complaint in this Court. This corroborates plaintiffs and witnesses' contentions that defendant Eisenberg remained a defiant trespasser, and not even a lawsuit in this Court would deter defendant Eisenberg from coming to the premises and engaging in offensive behavior.

6. Even more significantly, and again by his own admission, defendant Eisenberg cannot deny personal subject matter jurisdiction before this Court. He not only places himself within the Court's jurisdiction, he also refutes any contention that he was out-of-state during the relevant time periods.

7. In reviewing defendant Eisenberg's Objection, I sensed a lack of acceptance of any responsibility by defendant and the assignment of blame exclusively upon others. I can say that in interviewing a number of witnesses the distress was palpable, with concerns over the potential for future encounters.

8. Plaintiffs have been advised by me that defendant Eisenberg has a right to be on public thoroughfares, such as the street and sidewalk, in the vicinity of plaintiffs' business. Plaintiffs only request that defendant Eisenberg remain off the property while the case is pending, and not to interfere with the coming and going of patrons and employees.

I affirm to the truth of the foregoing and aware that I may be subject to punishment for statements knowingly made false.

Dated: March 27, 2025

_____
Anthony N. Iannarelli Jr.
Attorney for Plaintiffs

Exhibit 1

Declaration of Michelle Collier

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,<br><br>Plaintiffs,<br><br>v.<br><br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty,<br><br>Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

## Declaration of Michelle Collier

I, Michelle Collier, of full age declare and affirm, under the penalty of perjury, to the truth of the following.

1. I am a resident of the City of New York and I have been an entertainer at La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club (hereinafter "Swing 46") for the past ten years. I am aware of the challenges Swing 46 and its owner, Mohammed Akhtar, (also known as John), are facing.

2. In addition to entertaining as a singer, I help out at the club with various

1

jobs, such as event planning, promoting, reservations, greeting guests, etc.

3. Swing 46, located on what is famously known as Restaurant Row, provides a unique blend of music, live musicians, and lessons in swing dance. It is a big draw for tourists, which is an asset for the City of New York. Most significantly, it is a source of employment for many of New York City's best performers.

4. The entire community of performers, restaurants, and clubs barely made it through the Covid epidemic; many did not. Now there is another epidemic (financial) caused largely by the fraudulent conduct of an individual known as Eric M. Eisenberg (hereinafter "Eisenberg").

5. There came a time when Swing 46 was hit with a stunning number of noise complaints, enforced by the N.Y.C. Department of Environmental Protection (hereinafter "DEP".) What I came to learn is that DEP has delegated its enforcement responsibilities to private citizens. There is a bounty granted to citizens for summonses issued. This may have encouraged Eisenberg, and perhaps for other reasons, to fabricate claims of excessively loud music he claims he can hear blasted outside of Swing 46.

6. Starting in or around 2022, Eisenberg has been seen prowling the streets around and after dusk, sneaking on to the property of Swing 46. I am aware he has been recorded while trespassing upon Swing 46 property. He has been observed placing what appears to be a cell phone on either the windows of the club or the patio

2

speakers in the ceiling. In spite of what Eisenberg has alleged, never have I heard the sound of music being audible beyond the patio.

7. I have personally encountered Eisenberg when he has come onto the property of Swing 46 where he was told repeatedly not to trespass. Yet, he continued to return where he is not welcome. I have observed him climbing up a pole to recessed speakers in the center awning over the entrance and placing what appeared to be a cell phone directly upon the speaker.

8. Eisenberg also has disturbed patrons dining on Swing 46's patio. He once frightened young girls that were dining with their family, yelling at the host and cursing in a loud, offense manner. He is purposely disrupting business and causing problems for everyone. His behavior was inexcusable, disturbing and menacing.

9. The challenges that Swing 46 Jazz's owner, Mohammed (John) Akhtar, faces because of Eisenberg's misconduct are enormous, burdensome, unsettling and he should be held accountable. The financial impact is devastating. The club has gotten into serious debt because of the false claims Eisenberg has filed. This is untenable for a small business to deal with.

10. Eisenberg, because of his prowling and hanging around the club, and falsifying an overwhelming number of summonses against this business, gives the appearance that he is specially targeting the business owner, Mohammed (John) Akhtar. I have observed no other individual engage in this activity.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   March 20, 2025

_Michelle Collier_

Exhibit 2

Declaration of Paula Valentina Anastase

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club, <br><br> Plaintiffs, <br><br> v. <br><br> Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty, <br><br> Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

## Declaration of Paula Valentina Anastase

I, Paula Valentina Anastase of full age declares and affirms, under the penalty of perjury, to the truth of the following.

1. I am a resident of the City of New York and I have been an contract worker of La Buca Restaurant, Inc., d/b/a Swing 46 Jazz and Supper Club (hereinafter "Swing 46") for the past four years.

2. I help out at the club with various activities, among them hosting in the front.

1

3. Swing 46, located on what is famously known as Restaurant Row, provides a unique blend of music, live singers, and lessons in swing dance. I big draw for tourists, which is an asset for the City of New York. Most significantly, it is a source of employment for many of New York City's best performers, along with support staff such as waiters, cooks, and custodial staff.

4. I am aware there came a time when swing 46 was hit with a number of "noise" complaints that I came to learn were enforced by the N.Y.C. Department of Environmental Protection (hereinafter "DEP".) I also learned that DEP delegated its enforcement responsibilities to private citizens. Purportedly, the DEP would share fine money for noise complaints that were issued by individuals that were not DEP employees.

5. The purported "noise" was music and singing entertainment provided by live singers and musicians. Because it is a dinner and dance club, music is never "blasted." Rather, the music is there for dinners to enjoy and converse while eating. If they wish, they can participate in "swing dance." Swing dance lessons are also offered and that is another reason why music is never blasted, other wise dancers could not hear the instructors giving lessons.

6. Swing 46 is set back from the street and sidewalk on 46th Street, and has its own patio with tables. There are also recessed speakers such that guests can listen to music from within while enjoying dinner in an outdoor environment.

2

7.  I can say that while Swing 46 was being cited for unlawful noise, it could not have been because the volume was excessive, and while on the patio the noise on the street from automobiles is much louder that the live music from within.

8.  I became a aware of a an individual that I would describe as a white male, brown hair, short of stature, in the age range of around 30 to 40, that started to hang around the outside of the club for no apparent reason. This began early in the year 2023 and though 2024.

9.  During that time period, and on at least three occasions, I observed that same individual come onto the front patio of Swing 46 and reach up and place what appeared to be a cell phone upon the ceiling speakers. I am also aware that the owner of Swing 46 told this individual to stay away off the property, but he continued to return.

10.  I came to learn that same individual goes by the name of Eirc M. Eisenberg. Other than that individual, I never observed any other person engaging in the same activity. That is, come onto the Swing 46 property and place what appeared to be a cell phone upon the ceiling speakers.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Dated:   March 20, 2025                    _____
                                                          Paula Valentina Anastase

3

Exhibit 3

Declaration of Veronica Dominguez

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Sohel Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,<br><br>Plaintiffs,<br><br>v.<br><br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty,<br><br>Defendants. | Case No. 23-cv-6585 (JGLC)(VF) |

## Declaration of Veronica Dominguez

I, Veronica Dominguez, of full age, declare and affirm, to the truth of the following based upon the best of my recollection of events occurring in the fall of 2024. For those events that might not be based upon personal knowledge, they are based upon information and belief:

1. I am a resident of the City of New York and work as a server and hostess, among other activities, at La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club (Swing 46.)

2. I have worked at Swing for 46 for three years. Starting in early 2023, I became aware that the club was being cited for "noise" complaints.

1

3. I have observed an individual come onto the patio at Swing 46 and apply what appears to be a cell phone to recessed speakers in the ceiling. This individual, a while male, short to medium height, brown hair, and approximately late thirties to forties, is the the only person I observed engaging in this activity.

4. This individual often wears a face mask. He has been asked to stay away, yet he returns and becomes aggressive. He is responsible for frightening both staff and patrons.

I, **Veronica Dominguez**, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I am aware that I can be subject to punishment for any statement knowing made false.

Dated: March 20, 2025

*Veronica Dominguez*
Veronica Dominguez