UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                       Plaintiffs,                  **23-CV-06585 (JGLC) (VF)**

       -against-                                  **ORDER**

ROHIT AGGARWALA et al.,

                       Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

       On March 26, 2025, Defendant Eric M. Eisenberg filed a motion for an extension of time to answer. ECF No. 167. Defendant argues that an extension is warranted for five reasons: (1) Defendant did not request an extension to respond to the original complaint; (2) Plaintiffs exhibited dilatory conduct in filing and serving the amended complaint; (3) Defendant's objection to the Court's order authorizing e-mail service is pending before Judge Clarke; (4) Defendant is "exhausted, largely due to Plaintiffs' conduct"; and (5) Defendant has "time consuming work in the patent space" in his capacity as an attorney. Id. at 1-3. It is within the sole discretion of the Court whether to grant an extension of time. See, e.g., Wood v. Mut. Redevelopment Houses, Inc., No. 22-CV-9493 (AT) (VF), 2024 WL 4164485, at *3 (S.D.N.Y. Sept. 12, 2024) (citing Adu Beniako v. Maimonides Med. Ctr., 8 F. App'x 43, 44 (2d Cir. 2001) (summary order)); see also Winkler-Koch Eng'g Co. v. Universal Oil Prods. Co. (Del.), 79 F. Supp. 1013, 1021 (S.D.N.Y. 1947) (denying request for an extension of time to file answer).

       In the last 26 days—that is, between March 1, 2025, and the date of this order—Defendant has filed 15 letters or motions on the docket. See ECF Nos. 134, 136, 137, 139, 150, 152, 154, 155, 157, 158, 160, 162, 166, 167, 171. On several occasions, Defendant has filed

multiple filings in a single day. See, e.g., ECF No. 154, 155, 157. These filings have ranged from a meritless motion to compel Plaintiffs' counsel to withdraw (see ECF Nos. 136, 152, 157, 161) to letters correcting typos in Plaintiffs' filings and pointing out that Plaintiffs' counsel selected the wrong caption for a letter-motion on the Court's electronic case filing system. See, e.g., ECF No. 154 at 2 (noting that Plaintiffs' counsel mistakenly dated a filing "March 20, 2024"); ECF No. 166 (noting that the document description for Plaintiffs' filing at ECF No. 165 inaccurately indicates the filing is a "letter," when it is actually a "letter-motion"). Moreover, Defendant, who is a practicing attorney, (see, e.g., ECF No. 143 at 32; ECF No. 167 at 3), has unreasonably continued to fight service of the amended complaint despite being plainly aware of the action and attempting to invoke the Court's jurisdiction to seek affirmative relief, in the form of a motions to compel and for sanctions (see ECF No. 162).

Defendant's conduct has unnecessarily multiplied this proceeding. At a minimum, Defendant's myriad filings demonstrate that Defendant has ample time to respond to Plaintiffs' amended complaint by **April 9, 2025**. Defendant's request for a 30-day extension is **DENIED**. The Clerk of Court is directed to terminate the motion at ECF No. 167.

**SO ORDERED.**

DATED:   New York, New York
         March 27, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge