UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC. d/b/a SWING 46 JAZZ
AND SUPPER CLUB,
                        Plaintiffs

        -against-                          23-CV-6585 (JGLC) (VF)

ERIC M. EISENBERG and JOHN AND JANE
DOES ONE THROUGH THIRTY,
                        Defendants
_____

**ERIC M. EISENBERG'S LETTER MOTION TO REOPEN ORDER REGARDING REQUEST FOR 30-DAY EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

    Dear Magistrate Judge Figueredo,

    I write to respectfully request that Your Honor reopen your denial of my request for a 30-day extension of time to respond to the Amended Complaint, especially in light of new developments.

    Initially, I note that I have been in an extremely distraught emotional state ever since Your Honor decided to take no action with respect to Plaintiffs physically hitting me on the sidewalk in front of Swing 46, or to protect me from such harm in the future. As you may know, I suffer PTSD as a result of a group assault on my person, which likewise occurred on the sidewalk, and the Court's indifference to this situation has, given my condition, made me even more deeply fearful for my physical safety. After learning of Your Honor's decision, I began frantically working on 72(a) objections to seek the protection from physical violence that Your Honor refused me. *See* D.I. 171. Given my panic, I was unable to sleep until well after 4:00 A.M. last night. In this state, I am very much concerned about my ability to prepare proper paperwork by April 9th, especially if I am to attend to other professional obligations. I would also expect that denial of a first request for extension of time to answer or move is extremely rare, and would kindly ask that Your Honor carefully think about the reasons for your decision.

    I am sorry that Your Honor takes exception to my, admittedly numerous, attempts to comply with my mandatory obligations under NY Rule of Professional Conduct 8.3(a) by reporting what I perceive as misconduct to this tribunal. It is my understanding that making false representations to the Court or other parties, and representing a client while having a serious mental and/or physical condition that materially impairs basic tasks such as accurately reporting information to the Court, runs afoul of the Professional Rules and must be reported. I tried to be exhaustive as to false statements and inaccuracies by Plaintiffs' Counsel, as I believed they were

1

relevant to evaluating what appeared to me to be misconduct. I understand that Your Honor may have a different position as to what should be reported, and I appreciate that Your Honor has spent significant time reviewing the filings. I spent significant time making the filings, and tried to be as detailed and thorough as possible. I respectfully disagree as to whether any of them were meritless, even though Your Honor may have issued denials. For example, with respect to D.I. 157, Your Honor appears not to have even provided any specific explanation for denying that motion, involving specific false statements made by counsel for Plaintiffs as to public availability of my birth date in government records. See NY Rule of Professional Responsibility 4.1 (regarding false statements to third parties). In any event, again, my understanding was I was affirmatively required by Rule 8.3(a) to make the filings, *e.g.* when I found that Plaintiff's counsel was making false statements.

I also believe that I am entitled to present arguments, technical or otherwise, regarding improper service, especially the meritorious ones that this Court has on plural occasions previously agreed with, as to both the original and the amended complaint. While I understand that Your Honor and I currently disagree as to the propriety of email service under these circumstances, a matter awaiting further review, I do not believe our disagreements on certain aspects of the law to be a reason to force me to answer or move on such a tight timeline, especially given my other professional obligations, the numerous extensions granted to other litigants in this proceeding, and my current emotional state and fear, whether or not rational, given my PTSD condition, of further attacks from plaintiffs.

Dated (and executed in):  
March 27, 2025 (Miami, Florida)

Respectfully submitted,

s/     *Eric Eisenberg*  
ERIC M. EISENBERG  
(646) 801-6705  
1300 South Miami Avenue  
Unit 1408  
Miami, FL 33130  
ericeis@gmail.com

cc: all parties on ECF