UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| |
|---|
| MOHAMED JOHN AKHTAR and LA BUCA RESTAURANT, INC. d/b/a SWING 46 JAZZ AND SUPPER CLUB, |
| Plaintiffs |
| -against- |
| ERIC M. EISENBERG and JOHN AND JANE DOES ONE THROUGH THIRTY, |
| Defendants |

23-CV-6585 (JGLC) (VF)

**RESPONSE AS TO PLAINTIFFS' SEPTEMBER 3, 2025 LETTER AND ACCOMPANYING DOCUMENTS (D.I. 196 THROUGH 200)**

Dear Magistrate Judge Figueredo,

I write with respect to Plaintiffs' counsel Anthony Iannarelli's ("Counsel") letter, purporting to have been sent to Your Honor on September 3rd, 2025,[1] and with respect to its accompanying certificates of service. (collectively, D.I. 196 through 200, electronically filed September 12, 2025 through September 16, 2025). The letter, per its electronic docket entries, is variously described as "FIRST MOTION permission to use CMECF for filing", regarding "Allow use CMECF for further communications", and regarding "permission to use CM ECF as an alternative to email defendant E. Eisenberg." Counsel's primary basis for the letter appears to be a purported concern as to difficulty reaching me by email, after Counsel repeatedly addressed me in emails in a manner I had repeatedly explained to Counsel I was not comfortable with.

It is unfortunate that Your Honor's time is being wasted with this matter, and that Counsel is making misrepresentations and/or omissions to this Court, and failing to follow this Court's procedures, as further discussed below. To save everyone's time, I sought, on September 16, 2025, Counsel's withdraw of his letter, but he has not agreed to do so. Exhs. 1 and 2.

**Counsel Omits that He was Informed I am Reachable by Email**

On September 5, 2025, I confirmed to Counsel, by email, that, despite Counsel repeatedly addressing me in a manner contrary to my wishes, and in clarification of my response to same on August 25, 2025, I was still reachable by email. Exhs. 1 and 2. Yet, inexplicably, in connection with all of Counsel's three electronic filings of the letter, which were made 7-10 days later on

---

[1] In order to confirm the sequence of events, I have asked Counsel, **five times**, to "kindly confirm . . . whether or not you sent a letter to the magistrate judge on September 3, as seemingly indicated on [Counsel's] letter"; Counsel has refused to indicate whether or not he did so. Exhibit 1 and 2 hereto (submitted as two email chains given Counsel's failure at one point to respond to the latest email in the chain).

1

September 12, 2025 (D.I. 196 and 198), and September 15, 2025 (D.I. 199), Counsel never mentions this clarification, but instead misleadingly and/or falsely states to this Court "the defendant has indicated he will be blocking my emails." I raised Counsel's omission via email on September 16, 2025 (9:39 AM - See Exhs. 1 and 2) and asked him to withdraw his letter, but Counsel did not withdraw his letter or take any other corrective action to avoid misleading this Court. Counsel accordingly appears to be in violation of, e.g., N.Y Rule of Professional Conduct, 3.3(a)(1) ( "A lawyer shall not knowingly . . . make a false statement of fact . . . to a tribunal or fail to correct a false statement of material fact . . . previously made to the tribunal by the lawyer.")

At a minimum, Counsel should have realized that his concerns were moot given that his email was not blocked, and not persisted with wasting this Court's time by electronically filing his letter.

### **Apparent Improper *Ex Parte* Communication by Counsel**

Counsel's "September 3, 2025" letter, on its face, purports to have been (apparently physically) sent to Your Honor, on such date, at the Court's "500 Pearl Street, New York, N.Y. 10007-1312" address. Yet Counsel did not make any attempt at service on the undersigned until two days later. (D.I. 197, 200, Exh.1 and Exh. 2). Waiting two days to serve a paper privately sent to the Court renders the original communication an improper *ex parte* communication.

To understand the sequence of events, and avoid any confusion as to whether Counsel was engaging in improper *ex parte* communication with the Court, I asked Counsel, **five times**, to "kindly confirm . . . whether or not you sent a letter to the magistrate judge on September 3, as seemingly indicated on [Counsel's] letter". Exhs. 1 and 2 (See n. 1). Given Counsel's repeated refusal to answer that question directly, I can only assume that the letter was in fact sent to Your Honor on September 3, 2025 as it purports. Additionally, Counsel repeatedly dodging such a simple question is worrisome.

### **Additional Falsifications and/or Misrepresentations by Counsel**

Counsel's letter indicates "defendant claimed he had problems utilizing the Courts' electronic filing system," which appears confusing and misleading, given that I have been electronically filing in the instant Court, and do not recall making such claims as to the S.D.N.Y.[2] It is unclear why Counsel felt a need to send me this Mandate decided against his client for lack of appellate jurisdiction of the appeal, which he did not prepare or file, which was filed in this Court by the Second Circuit and separately sent to me by the Second Circuit.

Counsel letter further claims "defendant has never responded to th[e] question" of how I "would like to be addressed" and Counsel "think[s] it would be helpful if the defendant can indicate as to how he would like to be addressed." However, on April 10, 2025, I signed my name "Eric" on correspondence asking that Counsel "Please stop addressing me by my Jewish last name. I find it triggering given my understanding that you have targeted me, and not others similarly situated, based on my Jewish religion and/or ethnicity." Exh. 3. While Counsel has not addressed me as "Eric," Counsel has often addressed me as "Sir" without objection. Strikingly, on September 5, 2025, prior to Counsel electronically filing the letter, I again confirmed that "'Sir'

---

[2] I had been filing via email in the Second Circuit, copying Counsel, prior to the appeal's dismissal.

or 'Eric' is fine." Exhs. 1 and 2. Counsel is well aware of how I can appropriately be addressed, but feigns otherwise.

Counsel also misrepresents that I have not responded to his inquiries as to why I feel he is acting anti-Semitically. I have repeatedly explained to Counsel that his targeting of me, but not the non-Jewish citizen responsible for virtually identical complaints/summonses, is a form of antisemitism. Moreover, I have repeatedly clarified that his repeated refusal to investigate the physical impossibility of touching Swing 46's speakers, given their high-up, covered, and inaccessible location, in order to continue perpetuating falsehoods about a Jewish individual touching those speakers, exacerbates the antisemitism. Counsel may insist it's not anti-Semitic to engage in willful blindness so as to selectively perpetuate lies against Jews. I respectfully disagree. Such selective lies about Jews sneaking around to engage in absurd nefarious conduct (e.g. the blood libel) have been used to persecute Jews going back to the 12th Century.

The certificates of service also contain apparent false statements about service on so-called "NYC Defendants."[3] D.I. 197, filed September 12th, falsely asserts that Counsel for NYC Defendants were served on September 5, 2025 via ECF; no documents were filed by Counsel on ECF on September 5th. D.I. 200, filed September 16, 2025, falsely (and impossibly) attests to service on September 5, 2025 on "All Counsel for NYC Defendants via email at: [a physical, nonelectronic address]." Indeed, in Counsel's September 5, 2025 service email (12:39 PM), no "Counsel for NYC Defendants" was copied, only myself. Exhs. 1 and 2.

**The Motion was Brought Improperly**

Plaintiffs' instant motion, appearing to seek (confusing) relief related to service, brought via letter with no attempt to meet and confer, is improper under Your Honor's May 6, 2025 Individual Practices (Sections II.c and III), read in conjunction with the S.D.N.Y.'s July 24, 2023 Electronic Case Filing Rules & Instructions, Section 13.1 (2nd and 3rd bulletpoint). This is neither a motion for extension nor a discovery motion permitted by Your Honor's Practices to be brought by non-formal, letter motion, nor did Counsel make any attempt to comply with applicable meet-and-confer requirements. Nor does the form of relief requested match any of the listed motion types allowable by letter motion under Section 13.1 of the ECF Rules. Thus, the motion should have been brought, if at all, as a formal motion. By filing the motion as a letter, rather than a formal motion, Counsel has forced the undersigned to respond on a condensed timeframe and disrespected applicable rules.

Dated:
September 17, 2025

Respectfully submitted,

s/      *Eric Eisenberg*
Eric M. Eisenberg

cc: all parties on ECF
**Enclosures:**
Exhs. 1 and 2 - email printouts collectively comprising one complete bifurcated email chain
Exh. 3 - separate full email chain

---

[3] There are no NYC Defendants. Per the Amended Complaint, whose caption matches my letter's, the action is currently only against Eric M. Eisenberg and John and Jane Does.