**OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**
Appeals Division

9 Bond Street, 6th Floor
Brooklyn, NY 11201
Tel: (212) 436-0624

**Appeal No. 2300439    Dietmar Detering (CC) v. Westhouse Hotel New York    June 29, 2023**

## APPEAL DECISION

The appeal of Petitioner, citizen-complainant (CC), is **granted**.

Petitioner appeals from a recommended hearing decision by Hearing Officer J. Silverman, dated February 21, 2023, dismissing a charge under § 24-244(b) of the Administrative Code of the City of New York (Code) for creating unreasonable noise from a sound reproduction device for commercial or business advertising purposes. Having fully reviewed the record, the Board finds that the hearing officer's decision is not supported by the law and a preponderance of the evidence. Therefore, the Board finds as follows:

| Summons | Law Charged | Hearing Determination | Appeal Determination | Penalty |
|---|---|---|---|---|
| 216391479 | Code § 24-244(b) | Dismissed | Reversed – In Violation | $440 |

## BACKGROUND

In the summons, Petitioner affirmed that on October 28, 2022, at 201 West 55th St. in Manhattan, he "personally observed two speakers, one on each side of the entrance to this hotel, on the outside, playing music directed at the general public in order to attract attention to this business."

At the telephonic hearing, held on February 21, 2023, Petitioner testified as follows. He saw two speakers mounted to the walls adjacent to the top of the hotel's entrance door. The speakers were pointed towards the public street. He therefore argued that the music's purpose was to draw attention to the hotel and its services. In support, he submitted photographs and a video of music emanating from the speakers.

Respondent's attorney moved to dismiss the summons, arguing it failed to make out a prima facie case because the cited statute specified there must be advertising for the sale of radios, televisions, tapes, or CDs that someone could purchase inside the store. The legislative intent was not to bar a hotel from entertaining its existing customers by playing music outside its entrance. He asserted that Respondent was not attracting new customers to its services and was not selling music.

Petitioner replied as follows. Once customers left the hotel, they became members of the general public. Most of the people that heard the music were not the hotel's customers. Even though Code § 24-244(b) lists stores selling radios, televisions, and forms of recorded music, that was not an exclusive list. The statute applies to restaurants and bars which are usually in hotels. Outside speakers are illegal and impermissible whatever their purpose, given the exception in the last sentence of statute that refers to Code § 10-108, which allows using speakers for concerts and political events if the NYPD grants a temporary permit. Respondent's attorney countered that Code § 10-108 is irrelevant to the present case, as Respondent was cited under Code § 24-244(b).

In her decision dismissing the violation, the hearing officer found that Petitioner had presented insufficient evidence that this unsignificant and unobtrusive music was designed for commercial or business advertising purposes.

On appeal, Petitioner repeats his hearing assertions and arguments. He further asserts that outdoor speakers are clearly for a commercial or business advertising purpose, *see NYC v. East End Essemble, Inc*., Appeal No. 41190 (September 16, 2003), even if they have an additional purpose. *See NYC v. GPG Corp*., Appeal No. 34601 (February 24, 2005). He further argues that it is irrelevant that the speakers were unobtrusive or produced an insignificant amount of noise. *See NYC v. M-R La Casa Delos Hits*, Appeal No. 1300125 (May 30, 2013).

Respondent did not answer the appeal.

## ISSUES ON APPEAL

The issues on appeal are (1) whether Petitioner provided sufficient evidence that the speakers were used for a commercial or business advertising purpose, (2) whether a low volume or small speaker size is a defense to the charge, and 3) whether Code § 24-244(b) only applies to businesses selling audiovisual equipment and musical recordings.

## APPLICABLE LAW

Code § 24-244(b) provides in pertinent part:

> *No person* shall operate or use or cause to be operated or used any sound reproduction device, for commercial or business advertising purposes *or* for the purpose of attracting attention to any performance, show, sale or display of merchandise, in connection with *any* commercial or business enterprise (*including* those engaged in the sale of radios, television sets, compact discs or tapes), (i) outside or in front of any building, place or premises or in or through any aperture of such building, place or premises, abutting on or adjacent to a public street, park or place; . . . (vi) anywhere on the public streets, public sidewalks, parks or places where sound from such sound reproduction device may be heard upon any public street, sidewalk, park or place. Nothing in this section is intended to prohibit incidental sounds emanating from a sporting or an entertainment or a public event for which a permit under section 10-108 of the code has been issued. [Emphasis added.]

## ANALYSIS

For the following reasons, the Board reverses the hearing officer's decision.

On this record, the Board finds that Petitioner presented sufficient evidence that the music emanating from Respondent's outdoor speakers was for a commercial or business advertising purpose. Code § 24-244(b), in relevant part, prohibits anyone from operating a sound device "for commercial or business advertising purposes or for the purpose of attracting attention to any performance, show, sale or display of merchandise, in connection with any commercial or business enterprise outside or in front of any building, place or premises." Petitioner's video showed two speakers mounted to the exterior walls abutting the hotel's entrance broadcasting music onto the public street. It is a reasonable inference that music from exterior speakers

audible on the public street is for the purpose of attracting passersby, "which is, in fact, the definition of advertising." *See East End Essemble, Inc*., 41190; *177Christie, Inc. v Environmental Control Bd.,* 83 A.D.3d 561 (1st Dept. 2011). Since Respondent's exterior speakers are positioned to play music onto the public street, the music is to draw the attention of passersby and not aimed solely at entertaining anyone leaving the hotel. *See Dietmar Detering v. Park Central Hotel NY*, Appeal No. 2300134 (May 25, 2023). Contrary to the hearing officer's findings, it is irrelevant that the speakers were unobtrusive or that the music was played at a low volume. The volume level is immaterial for this section of law once the music is audible on the street. *See M-R La Casa Delos Hits*, 1300125; *Dietmar Detering, CC v. SSS Repairs*, Appeal No. 2300080 (May 25, 2023). Finally, the Board finds that, contrary to Respondent's attorney's hearing argument, the summons established a prima facie case even though Respondent did not sell audiovisual equipment or recordings. Code § 24-244(b) applies to any person who uses a sound reproduction device for commercial or business advertising purposes or to draw attention to any performance, show, or sale or display of merchandise "in connection with *any* commercial or business enterprise." The list of examples that follow in the parentheses of the statute is therefore not inclusive. *See GPG Corp*., 34601. Consequently, Respondent is in violation.

Accordingly, the Board reverses the hearing officer's dismissal, sustains a violation of Code § 24-244(b), and imposes a civil penalty of $440.

*By: OATH Appeals Division*