**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
MOHAMED JOHN AKHTAR AND LA BUCA
RESTAURANT, INC.,

                            Plaintiffs,         **23-CV-06585 (JGLC) (VF)**

           -against-                        **REPORT AND**
                                                               **RECOMMENDATION**
ERIC M. EISENBERG and JOHN & JANE DOES
ONE THROUGH THIRTY,

                            Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

**TO: THE HONORABLE JESSICA G. L. CLARKE, United States District Judge**

On July 28, 2023, Plaintiffs Mohamed John Akhtar ("Akhtar") and La Buca Restaurant, Inc., doing business as Swing 46 Jazz and Supper Club ("Swing 46"), commenced this action against Eric Adams, the Mayor of the City of New York, Rohit T. Aggarwala, the Commissioner of the New York City Department of Environmental Protection ("DEP"), the DEP, Eric I. Eisenberg ("Eisenberg"), and John and Jane Does 1-30. See ECF No. 1. Defendant Eisenberg moved to dismiss the complaint (see ECF No. 28), as did Defendants Eric Adams, Rohit T. Aggarwala, and DEP (collectively, the "City Defendants") (see ECF No. 42). On August 19, 2024, the Honorable Jessica G. L. Clarke dismissed Counts I and IV of the complaint with prejudice and dismissed Counts II, III, and V without prejudice. See ECF No. 85 at 3.[1] Plaintiffs were granted "one opportunity to amend with respect to Counts II, III, and V of the Complaint." Id. at 2.

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the electronically generated pagination in those documents.

On October 7, 2024, Plaintiffs filed an amended complaint. See ECF No. 104. Pending before the Court is Defendant Eisenberg's motion to dismiss the amended complaint. See ECF No. 181. For the reasons set forth below, I respectfully recommend that Eisenberg's motion be **GRANTED** and the amended complaint be dismissed with prejudice.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case which are recounted in the Court's Report and Recommendation ("R&R") on the prior motion to dismiss the complaint. See ECF No. 72 at 2-3.

In their amended complaint, Plaintiffs assert four causes of action arising from the receipt by Plaintiffs of summonses for noise complaints. Count I in the amended complaint alleges a violation of Akhtar's right to privacy, free speech, equal protection, assembly, and liberty under 42 U.S.C. § 1983, based on Eisenberg "harass[ing] and ma[king] fraudulent claims against [P]laintiffs, for which [D]efendant Eisenberg has financially profited by seeking out the only minority business operator in the vicinity of [P]laintiffs' address[.]" ECF No. 104 at ¶¶ 37-38. Count II alleges a violation of Akhtar's "rights to privacy, free speech, equal protection, assembly, liberty," and due process under 42 U.S.C. §§ 1981 and 1982.[2] Id. at ¶¶ 40-41. Count III alleges a claim for intentional or reckless infliction of emotional distress. Id. at ¶ 44. Finally, Count IV asserts a claim for "statutory and common [law]" fraud. Id. at ¶¶ 47-48.

On October 7, 2024, Plaintiffs filed an amended complaint against Eisenberg and 30 John and Jane Doe Defendants. See ECF No. 104. The amended complaint reasserts three claims previously raised in the complaint: the Section 1983 claim in Count I, the infliction of emotional

---

[2] Although included in a single count of the amended complaint, Count II appears to raise two distinct claims for violations of two different statutes, 42 U.S.C. § 1981 and 42 U.S.C. § 1982.

2

distress claim in Count III, and the fraud claim in Count IV; the claim in Count II of the amended complaint is new.

On April 3, 2025, Eisenberg moved to dismiss the amended complaint. See ECF No. 181. Plaintiffs filed their reply in opposition to the motion on April 25, 2025. See ECF No. 189. Plaintiffs also submitted an exhibit and three declarations in support of their opposition to the motion to dismiss.[3] See id. at 20-37. Eisenberg filed his reply brief on May 2, 2025. See ECF No. 191.

## DISCUSSION

Eisenberg seeks dismissal of the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(l), 12(b)(2), 12(b)(5), 12(b)(6), and 12(b)(7). ECF No. 182 at 6. For the following reasons, I respectfully recommend that the complaint be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6).[4]

---

[3] "[A] complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss or for summary judgment." Brownstone Inv. Grp., LLC. v. Levey, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007); see also DFO Glob. Performance Com. Ltd. (Nevada) v. Nirmel, No. 20-CV-6093 (JPO), 2021 WL 3475596, at *3 n.2 (S.D.N.Y. Aug. 6, 2021) (quoting Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 122-23 (S.D.N.Y. 2010)) (explaining that Plaintiffs "'may not shore up [their] complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss'") (alteration in original). Moreover, to the extent Plaintiffs allege new factual allegations in their brief in opposition to Eisenberg's motion, the Court has not considered those allegations. See Junior v. City of New York, Hous. Pres. & Dev. Corp., No. 12-CV-3846 (PAC), 2013 WL 646464, at *4 (S.D.N.Y. Jan. 18, 2013) (explaining that a court may not consider "[n]ew facts and allegations, first raised in a [p]laintiff's opposition papers" in deciding a motion to dismiss) (internal quotation marks omitted).

[4] Eisenberg also seeks dismissal for lack of ripeness because Plaintiffs have not yet exhausted the administrative procedures for challenging a noise summons or a default. See ECF No. 182 at 8-12. The Court previously instructed Plaintiffs to include in an amended complaint "factual allegations concerning their pursuit, if any, of the administrative procedures available for challenging the summonses and the default." ECF No. 72 at 11 n.9. In their amended complaint, Plaintiffs have not included any factual allegations concerning their exhaustion of administrative remedies. Instead, Plaintiffs allege that the New York City Office of Administrative Trials and Hearings put him on hold when he called or sent him to voicemail

> 1. *Counts I and III of the Amended Complaint*

Plaintiffs' amended complaint includes several claims that the Court previously dismissed with prejudice. In the prior R&R, I recommended that Plaintiffs' Section 1983 claim be dismissed with prejudice because Section 1983 does not create an independent claim or ground for relief. See ECF No. 72 at 20-21. I also recommended that Plaintiffs' state-law claim for infliction of emotional distress, whether intentional or negligent, be dismissed with prejudice because: (1) the conduct alleged by Plaintiffs fell far short of the extreme and outrageous conduct required to plausibly plead a claim for infliction of emotional distress; (2) Plaintiffs had not made any factual allegations to support a plausible inference that Akhtar suffered severe emotional distress as a result of any conduct by Defendants; (3) there were no facts to support the existence of a duty owed to Akhtar from any Defendant; and (4) Plaintiffs had not alleged that any Defendant acted negligently. Id. at 22-26. In her order adopting the R&R, Judge Clarke dismissed both claims with prejudice. ECF No. 85 at 3. In Counts I and III of the amended complaint, Plaintiffs replead these previously dismissed claims. See ECF No. 104 at ¶¶ 37-38, 44.

Beginning with the Section 1983 claim, the new claim still fails to plausibly allege a valid claim. To state a claim under Section 1983, a plaintiff must allege: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." McCloud v. Jackson, 4 F. App'x 7, 9 (2d Cir. 2001) (internal quotation marks and

---

(ECF No. 104 at ¶ 13), and the New York City Office of Corporate Counsel never "bothered to respond" to Akhtar's phone calls (id. at ¶ 29). As previously explained (ECF No. 72 at 3-5), none of these acts are part of the administrative procedure to challenge a summons. Because a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction is without prejudice, Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1074 (2d Cir. 2021), I recommend that the amended complaint be dismissed under Rule 12(b)(6), because dismissal can be with prejudice.

citation omitted). "Private parties act under color of state law when their conduct is 'fairly attributable to the state.'" Smulley v. Liberty Mut. Holding Co., Inc., No. 22-CV-1158, 2023 WL 2494098, at *2 (2d Cir. Mar. 14, 2023) (summary order) (quoting Den Hollander v. Copacabana Nightclub, 624 F.3d 30, 33 (2d Cir. 2010) (per curiam)); see also Mione v. McGrath, 435 F. Supp. 2d 266, 272 (S.D.N.Y. 2006) (explaining that "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity").

Plaintiffs have not alleged any facts to support the second element of a Section 1983 claim—namely, that the alleged wrongful conduct occurred under color of state law. Eisenberg is a private individual. ECF No. 104 at ¶¶ 4-5. He is not alleged to work for the City or a City agency. And there are no allegations to support an inference that Eisenberg was working at the direction of the City or even a City employee. See Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012) (quoting Cranley v. Nat'l Life Ins. Co. of Vt., 318 F.3d 105, 112 (2d Cir. 2003)) (explaining that to demonstrate that a private individual acted under color of state law "'there must be such a close nexus between the [s]tate and the challenged action' that the state is '*responsible* for the specific conduct of which the plaintiff complains'") (alteration and italics in original); Thompson v. Booth, No. 16-CV-3477 (KMK), 2018 WL 4760663, at *9 (S.D.N.Y. Sept. 28, 2018) ("To establish that a private actor's conduct should be deemed state action, a § 1983 plaintiff must demonstrate that the state was involved in the specific activity giving rise to his or her cause of action[.]").

Although the complaint alleges that Eisenberg "lists himself as the 'Enforcement Agency,' and for 'Agency Contact Information,' [Eisenberg] lists himself," that allegation does not plausibly allege that Eisenberg acted under color of state law. ECF No. 104 at ¶ 12. As

explained in the prior R&R, the City has a Citizen's Complaint Program through which members of the public may report violations of the New York City Noise Control Code and receive a monetary award for a successful prosecution of a reported violation of the Noise Control Code. See ECF No. 72 at 3-4. But merely reporting a violation does not convert a private citizen into a state actor. See Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) (clarifying that the acts of "private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts"); Moreno v. Town of Greenburgh, No. 13-CV-7101 (VB), 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (citing Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999)) ("A private actor who provides information to police officers or prosecutors does not act under color of state law."); Gunn v. Stubbs, No. 25-CV-02296 (NCM) (PK), 2025 WL 2403395, at *4 (E.D.N.Y. Aug. 19, 2025) ("[M]aking complaints to law enforcement does not transform a private citizen into a state actor for purposes of Section 1983."); cf. Bishop v. Toys "R" Us-NY LLC, 414 F. Supp. 2d 385, 396 (S.D.N.Y. 2006) aff'd sub nom. by, Bishop v. Toys R Us, 385 F. App'x 38 (2d Cir. 2010) (concluding that private security guard was a state actor where plaintiff alleged that the guard was "sworn in as a special patrolman" who may be "appointed by the Commissioner of the NYPD, to do special duty at any place in the city, and shall possess the powers and discharge all the duties of the police force") (internal quotation marks and alterations omitted). Nor does the receipt of an award for the successful prosecution of a reported violation suffice to plead state action by a private individual. See Reil v. Clinton Cnty., New York, 75 F. Supp. 2d 37, 40 (N.D.N.Y. 1999) ("Mere receipt of government funds does not transform a private actor into a state actor.").

Further, the amended complaint's conclusory references to Eisenberg having government "co-conspirators" (ECF No. 104 at ¶¶ 31, 33, 37, 41) are also insufficient, because there are no factual allegations concerning any alleged conspiracy. See Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992) (explaining that to state a Section 1983 claim under a conspiracy theory, a plaintiff "must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act"); see also Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.") (citation omitted).

In short, Plaintiffs' second attempt to plead a Section 1983 claim fares no better than his first attempt, and the claim should be dismissed with prejudice. See Kim v. New Sch. Univ., No. 16-CV-8144 (CM), 2017 WL 5508470, at *3 (S.D.N.Y. Jan. 9, 2017) (finding that "because [d]efendant is not a state actor, [p]laintiff cannot state a claim against it under § 1983"); Collins v. Wajah, No. 21-CV-1066 (RPK) (JRC), 2021 WL 1924153, at *2 (E.D.N.Y. May 13, 2021) (dismissing Section 1983 claim "[b]ecause [defendant] is a private citizen not alleged to have been acting under color of state law").

Turning to the intentional infliction of emotional distress claim, Plaintiffs' claim is nearly identical to the claim the Court dismissed with prejudice. In the amended complaint, Plaintiffs make two additions: they allege that Akhtar has suffered "severe . . . physical distress" (in addition to emotional distress), and "[t]he risk of losing his business" caused Akhtar "severe distress, affecting his health and wellbeing," making him "so sick" that "he was often confined to bed." Compare ECF No. 1 at ¶ 47 with ECF No. 104 at ¶¶ 31, 44. These allegations are still insufficient to adequately plead a claim for intentional infliction of emotional distress.

7

First, the allegation that Akhtar suffered "severe" physical distress is conclusory. Although Plaintiffs allege that Akhtar's well-being was impacted, there are no factual allegations detailing the symptoms of Akhtar's physical distress, or their frequency and duration. See Rosendale v. Mr. Cooper Grp. Inc., No. 19-CV-9263 (NSR), 2021 WL 4066821, at *21 (S.D.N.Y. Sept. 7, 2021) ("Any allegations of suffering from severe emotional distress must be supported with objective evidence and not speculative claims."); Allam v. Meyers, 906 F. Supp. 2d 274, 282 (S.D.N.Y. 2012) (explaining that "governing New York law requires plaintiffs to present medical evidence of severe emotional distress to substantiate their [intentional infliction of emotional distress] claims") (internal quotation marks and citation omitted); cf. Vasquez v. Maloney, No. 15-CV-8848 (NSR), 2020 WL 1309989, at *13 (S.D.N.Y. Mar. 19, 2020), aff'd by, 990 F.3d 232 (2d Cir. 2021) (concluding that claim for intentional infliction of emotional distress failed where the allegations of emotional distress had "no objective medical support in the record, other than [p]laintiff's own testimony regarding headaches and self-medication . . . [and] that he did not seek any medical or psychological treatment specifically relating to the [underlying conduct]"). Even crediting the sole allegation that Akhtar was "confined to bed" (ECF No. 104 at ¶ 31), that alone is insufficient to plausibly allege severe emotional distress. See Conboy v. AT & T Corp., 241 F.3d 242, 258 (2d Cir. 2001) (explaining that the emotional distress must be "severe"); Woods v. Sieger, Ross & Aguire, LLC, No. 11-CV-5698 (JFK), 2012 WL 1811628, at *8 (S.D.N.Y. May 18, 2012) (concluding that plaintiff suffering from "sleep deprivation, stomach pains, anxiety, panic, nervousness, headaches, fear, worry, embarrassment, humiliation, intimidation, indignation, lost concentration, loss of tranquility, and crying from worrying . . . standing alone, does not establish the severe emotional distress necessary to make out a claim [for intentional infliction of emotional distress]").

Accordingly, because Plaintiffs were previously advised of the deficiencies in these claims, I recommend that Count I and Count III of the amended complaint be dismissed with prejudice. Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc., No. 08-CV-7508 (SAS), 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) ("[A] dismissal with prejudice is generally appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment.").

2. *Count II of the Amended Complaint*[5]

In Count II, Plaintiffs allege that Eisenberg violated Akhtar's "rights to privacy, free speech, equal protection, assembly, [and] liberty" in violation of 42 U.S.C. §§ 1981 and 1982. See ECF No. 104 at ¶¶ 40-41. Both Section 1981 and Section 1982 "include private rights of action arising from private acts of discrimination." Kosher Ski Tours Inc. v. Okemo Ltd. Liab. Co., No. 20-CV-9815 (VB), 2023 WL 8720273, at *7 (S.D.N.Y. Dec. 18, 2023). To state a claim for a violation of either Section 1981 or Section 1982, a plaintiff must plead: "(1) that the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more activities enumerated in Section 1981 or Section 1982." Jones v. Nat'l Commc'n & Surveillance Networks, 409 F. Supp. 2d 456, 470 (S.D.N.Y. 2006), aff'd sub nom. by, Jones v. Nat'l Commc'ns & Surveillance Networks, 266 F. App'x 31 (2d Cir. 2008); see also Gomez-Perez v. Potter, 553 U.S. 474, 479 (2008) ("While § 1982 does not use the phrase 'discrimination based on race,' that is its plain meaning.").

---

[5] Count II of the amended complaint includes causes of action under two separate statutes, but Plaintiffs have pled these claims together.

The activities enumerated in Section 1981 are the right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). For Section 1982 to apply, a plaintiff "must allege interference with some right involving real or personal property." Bishop, 414 F. Supp. 2d at 395. Simply stated, "Section 1981 provides that all persons have equal right to make and enforce contracts, and [Section] 1982 establishes that all persons have equal right to purchase, lease, sell, hold, and convey real and personal property." Silva v. Farrish, 47 F.4th 78, 89 (2d Cir. 2022) (internal quotation marks and citation omitted).

Plaintiffs' claims all stem from noise complaints submitted by Eisenberg to the City. See, e.g., ECF No. 104 at ¶¶ 7-11, 16, 21, 28-31, 40. There are no factual allegations in the amended complaint even remotely involving the right to make or enforce a contract, participate in a lawsuit, or have the full and equal benefit of laws for the security of persons and property. Cf. Runyon v. McCrary, 427 U.S. 160, 168-79 (1976) (plaintiffs properly stated a Section 1981 claim where they alleged that private school refused to enter into a contract with them for their children's schooling); Martin v. J.C. Penney Corp., 28 F. Supp. 3d 153, 157 (E.D.N.Y. 2014) (quoting Phillip v. Univ. of Rochester, 316 F.3d 291, 297-98 (2d Cir. 2003)) ("Plaintiffs' allegations that defendants assaulted, battered, and falsely imprisoned them on suspicion of shoplifting because of the color of their skin fall within the ambit of 'laws or proceedings for the security of persons and property' protected by [Section] 1981's equal benefit clause.").

Similarly, there are no factual allegations involving any interference with a property right that would be actionable under Section 1982. See Burgin v. Toys-R-Us-Nytex, Inc., No. 97-CV-0998 (JTE), 1999 WL 454302 at *2, 4 (W.D.N.Y. June 30, 1999) (concluding that plaintiffs stated Section 1982 claim where cashier refused to complete sale for toys); Olzman v. Lake Hills

Swim Club, Inc., 495 F.2d 1333, 1339-40 (2d Cir. 1974) (holding that a Section 1982 claim could be premised on a rule change at a swim club denying Black children the right to use the club's facilities as guests); cf. Jones, 409 F. Supp. 2d at 471 (dismissing Section 1982 claim where "the Amended Complaint fail[ed] to include any facts showing a hindering of [p]laintiff's right to participate effectively in the possession or transfer of real and personal property").

The only factual allegation in the amended complaint concerning real or personal property is that Eisenberg "trespass[ed]" upon Plaintiffs' property. ECF No. 104 at ¶ 10. However, a state-law claim for trespass is not actionable under Section 1982 because the statute protects civil rights, and a trespass is a tort. See Thomas v. Town of Lloyd, No. 21-CV-1358 (DNH), 2022 WL 1747650, at *4 n.3 (N.D.N.Y. May 31, 2022) ("[T]respass is a state law tort, not a constitutional one."); see also Fuller v. Lingle, No. 21-CV-261 (JLW), 2021 WL 11421446, at *3 (M.D.N.C. May 21, 2021), adopted by, 2021 WL 11421442 (M.D.N.C. July 6, 2021), aff'd sub nom. by, Parkin v. Baldwin, No. 22-CV-2303, 2023 WL 4787454 (4th Cir. July 27, 2023) (finding that plaintiff failed to state a claim under Section 1983 for violation of a constitutional right because "[t]respass, while actionable under state law, does not in and of itself constitute a constitutional violation, even when the trespass is committed by a governmental actor").

Finally, even if Plaintiffs had identified cognizable constitutional interests in the activities enumerated under Section 1981 or Section 1982, the amended complaint includes only conclusory allegations that Eisenberg's actions were racially motivated. For a Section 1981 and Section 1982 claim to survive a motion to dismiss, "the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint." Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 295 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). But, here,

11

the amended complaint is devoid of any facts from which it can be inferred that Eisenberg made the noise complaints because of any animosity towards Akhtar's race or ethnicity. For example, there are no allegations that Eisenberg knew that La Buca Restaurant, against whom he made the noise complaints, was owned by Akhtar or that Eisenberg knew that Akhtar was Bangladeshi. See Jones, 409 F. Supp. 2d at 470 (concluding that plaintiff "fail[ed] to present a sufficient claim for relief under Sections 1981 or 1982" where "[p]laintiff d[id] mention that he is African American" but "fail[ed] to allege any discriminatory intent based upon race on the part of any [d]efendant"); Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir.1999) (finding dismissal of Section 1981 claim proper because plaintiff made no specific allegations in support of the claim other than "only vaguely refer[ring] to some 'conspiracy' and hint[ing] at some tenuous link between this 'conspiracy' and the fact that he is [B]lack"); Sanders v. Grenadier Realty, Inc., No. 8-CV-3920 (WHP), 2009 WL 1270226, at *2 (S.D.N.Y. May 6, 2009), aff'd by, 367 F. App'x 173 (2d Cir. 2010) (dismissing Section 1982 claim where the amended complaint "offer[ed] nothing more than conclusory allegations" of intentional racial discrimination, including "[t]he mere assertion that residents who were not African-American were granted subsidies while [p]laintiffs were not").

I thus recommend that the Section 1981 and Section 1982 claims in Count II be dismissed. I further recommend that dismissal be with prejudice because amendment would be futile given the conduct alleged in the amended complaint. As discussed, the conduct alleged here does not involve the activities enumerated in Section 1981 and Section 1982.

    3. *Count IV of the Amended Complaint*

Count IV of the amended complaint asserts a fraud claim. See ECF No. 104 at ¶¶ 46-48. Plaintiffs allege that Eisenberg engaged in "fraudulent conduct" by "issuing unlawful and

fraudulent noise complaints against [P]laintiffs using false and/or nonexistent obtained 'evidence.'" Id. at ¶ 46. The Court previously dismissed this claim because Plaintiffs had failed to plausibly plead a fraud claim, given the heightened pleading standard of Federal Rule of Civil Procedure 9(b). ECF No. 72 at 27-28.

To state a fraud claim in New York, a plaintiff must allege "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." Wynn v. AC Rochester, 273 F.3d 153, 156 (2d Cir. 2001). Under Rule 9(b)'s heightened pleading standard, a plaintiff alleging fraud is required to "state with particularity the circumstances constituting fraud." Trinity Bui v. Indus. Enters. of Am., 594 F. Supp. 2d 364, 371 (S.D.N.Y. 2009) (internal quotation marks omitted). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." United States ex rel. Gelbman v. City of N.Y., 790 F. App'x 244, 247 (2d Cir. 2019) (quoting United States ex rel. Chorches v. Am. Med. Response, Inc., 865 F.3d 71, 81 (2d Cir. 2017)).

In their prior complaint, Plaintiffs had not identified any particular statement or omission of material fact by any Defendant. ECF No. 72 at 28. Plaintiffs also failed to allege when any such statement or omission was made or who made it. Id. Nor had Plaintiffs alleged how the specific statement or omission was false. Id. Plaintiffs have not cured any of those deficiencies in their amended complaint. Instead, Plaintiffs allege that the noise complaints by Eisenberg were "false," "fake," and "fraudulent" without providing any factual allegation to support a plausible inference that the complaints were false. See, e.g., ECF No. 104 at ¶¶ 8, 10, 47; see also Union

13

Cent. Life Ins. Co. v. Credit Suisse Sec. (USA), LLC, No. 11-CV-2327 (GBD), 2013 WL 1342529, at *4 (S.D.N.Y. Mar. 29, 2013) (explaining that plaintiffs claiming fraud "must demonstrate with specificity why and how" a statement was false and misleading); Bryant v. Monaghan, No. 15-CV-8427 (PAC) (HBP), 2016 WL 11272143, at *11 (S.D.N.Y. Dec. 16, 2016) (explaining that plaintiff alleging fraud must "provide the who, what, when, where and why of each statement alleged to be fraudulent") (internal quotation marks and citation omitted). I therefore recommend that Count IV of the amended complaint be dismissed, and I recommend dismissal with prejudice because Plaintiffs have already been afforded one opportunity to amend this claim.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the motion to dismiss be

**GRANTED** and all claims be dismissed with prejudice.

DATED:       New York, New York
             November 3, 2025                    Respectfully submitted,

                                                 _____
                                                 VALERIE FIGUEREDO
                                                 United States Magistrate Judge

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

**Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), 6(b), 6(d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to the Honorable Jessica G. L. Clarke. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a), 6(b), 6(d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).**