UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mohamed John Sohel Akhtar and La Buca Restaurant, Inc. d/b/a Swing 46 Jazz and Supper Club,<br>     Plaintiffs,<br><br>v.<br><br>Eric Adams, Mayor of the City of New York, Rohit T. Aggarwala, New York City Department of Environmental Protection, Eric I. Eisenberg, and John and Jane Does One through Thirty,<br>     Defendants. | Civ. Act. No. 23-cv-6585 (JGLC)(VF) |

<u>PLAINTIFFS' RESPONSE TO THE REPORT AND RECOMMENDATION, DATED NOVEMBER 3, 2025, IN OPPOSITION OF DISMISSING PLAINTIFFS' AMENDED COMPLAINT WITH PREJUDICE</u>

Dated: November 15, 2025          /s/ *Anthony N. Iannarelli Jr.*
                                                      Anthony N. Iannarelli Jr.
                                                      74 Lafayette Avenue
                                                      Suite 202, No. 116
                                                      Suffern, NY 10901
                                                      212-301-6098
                                                      anilaw2@gmail.com

1

<u>Index</u>

Preface………………………………………………………………………………..... 3

1. Standard of Review…………………………………………………………….4
2. The Law Plaintiffs Rely On In Opposition
    to the Report and Recommendation…………………….……….. 4
3. The Facts of Case have been Adequately Pled to
    Allow the Case to Proceed…………………………………………….7
4. Conclusion……………………………………………………………..….…9

<u>Citations</u>

<u>Case law</u>
<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 193,
    173 L.Ed.2d 868 (2009)………………………………………………….… 5,6
<u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 125 S.Ct. 1955,
    167 L.Ed. 2d 929 (2007)…………………………….………… 4,5,6
 <u>Jones v. Alfred H. Mayer Co.</u>,  392 U.S. 409 88, S.Ct. 2186,
    20 L. Ed. 2d (1968)………………………………….…………….…… 7
Oscar Gruss & Son, Inc. v. Hollander…………………………………….. 4

<u>Statutes</u>
Civil Rights Act of 1866……………………………………………..……... 4,6

28 U.S.C § 636(b)(1)…………………………………………………….… 3

<u>Rules</u>
Fed. R. Civ. P. 6(a), 6(b). 6(d) and 72(b)…………………………………….… 3

<u>News sources</u>
    *New York Times*, September 25, 2024,
      https://www.nytimes.com/2024/09/25/nyregion/nypd-commissionernight-clubs.html   ;  ………………………………….… 8
    *CBS News*, September 24, 2024
    https://www.cbsnews.com/newyork/news/brooklyn-juice-bar-shakedown-james-caban-ray-martin/ ;  ……………………………… 8
    *NBC New York YouTube* bar owner's interview
   https://www.youtube.com/watch?v=YMFuzyVWxNY  ………………..…. 9

Anthony N. Iannarelli Jr.
Attorney at Law
74 Lafayette Avenue
Suite 202  # 116
Suffern, New York 10901
212-381-6098
ailaw2@gmail.com

November 15, 2025

Hon. Jessica G.L. Clarke, Judge
Hon. Valerie Figueredo, Magistrate Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

  Re: <u>Plainitffs' Objection to the Report & Recommendation
    Dismissing Their Amended Complaint With Prejudice</u>

    <u>Mohamed John Akhtar et al. v. Eric Adams et al.</u>
    23-cv-06585 (JGLC) (VF)

Dear Judge Clarke & Magistrate Judge Figueredo,

  Respectfully, and pursuant to Fed. R. Civ. P. 6(a), 6(b). 6(d) and 72(b), and 28 U.S.C § 636(b)(1), please accept this response as Plaintiffs' objection to the Report and Recommendation (R&R) dated November 3, 2025. ECF 203.

  While the rules require that a litigant must object if there is the prospect of appellate review, I do not like, for myself, even the appearance of a litigant going to a judge to say another judge is mistaken.  However, in the matter at bar, it appears that it is the product of the expansion of

3

unintended consequences for requirements in pleadings that is problematic. Bell Atlantic v. Twombly, 550 U.S. 544, 125 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) (Stevens, J., dissenting).

It may be time that the ruling in Bell Atlantic be revisited by the Supreme Court itself.

Count Two of plaintiffs' First Amended Complaint, dated September 16, 2024, invokes the Civil Rights Act of 1866 which is a new cause of action that plaintiffs did not specifically cite in their original complaint. ECF 104 at 14. Counts One, Three, and Four remain in the event it is alleged they were waived by plaintiffs in the event of further review by another court. Id.

Plaintiffs object to dismissal of their case in the Report and Recommendation, with prejudice, based upon both the law and the facts of their case. Particularly, but not exclusively, whereby the Court found in Court Two there was neither a factual nor legal basis to allow the case to continue. R & R at pp. 9-12. Given that discovery was not permitted, plaintiffs object to the finding that amendment would be futile. Id. at 1.

    1. The standard of review for a case of mixed fact and law is *de novo*. Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003)

    2. The Law Plaintiffs Rely On In Opposition to the Report and Recommendation.

4

Count Two of plaintiffs First Amended Complaint, of September 16, 2024, invokes the Civil Rights Act of 1866 which is a new cause of action that plaintiffs did not specifically cite in their original complaint. ECF 104 at 14. Counts One, Three, and Four remain in the event it is alleged they were waived by plaintiffs in the event of further review. Id.

Obviously this is not an antitrust case where heightened pleading is necessary; rather, this is a civil rights case in which plaintiffs, where sworn statements of fact are alleged throughout their pleading. As alleged in the original complaint, and again in the Amended Complaint, were damaged because of the misconduct of defendants, among them defendant Eric M. Eisenberg.

Justice Stevens warned in his dissent in Bell Atlantic, 550 U.S. 544, 571, Westlaw at 15 (2007) what may occur when a heightened pleading standard is applied to non-technical cases. As Justice Stevens opined in the ruling in the majority opinion "… would therefore make perfect sense if it were ruling on a Rule 56 motion for summary judgment...a heightened pleading burden at the summary judgment stage does not translate into a heightened pleading burden at the complaint stage." id. 586, Westlaw at 21.

Two years later, the Bell case was followed by Ashcroft v. Iqbal, 556 U.S. 662, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), in which

5

heightened pleading standards are applied to all cases in federal court, not just antitrust actions. The concern was over the absence of facts, while the matter herein the facts are alleged throughout. If there had been the opportunity for discovery, plaintiffs' could have responded with more specificity in their Amended Complaint.

Given what might be the unintended consequences as exemplified in <u>Ashcroft</u>, 556 U.S. 662 (209), it might be the appropriate time for the United States Supreme Court to revisit <u>Bell</u>, 556 U.S. 662 (207) and along with its progeny.

Count Two of the Amended Complain relies on the intent of the United States Congress when it enacted the Civil Rights Act of 1866. The purpose was to "….protect all Persons in the United States in their Civil Rights…and to furnish the Means of their Vindication."

THIRTY-NINTH CONGRESS, Sass. I, Ch. 31.1866; 27 CHAP. XXXI (Citation in the original), as codified in 42 U.S.C. §§ 1981-1982

Arguably, the Civil Rights Act of 1866 ties in, and makes justiciable, the other causes of action previously invoked in this case.

It is of no moment whether defendant Eric M. Eisenberg was a state actor, as in this case for the City of New York, or acting solely in a private capacity. The evolution of civil rights law in the United States makes no

6

distinction. See, Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S. Ct. 2186, 20 L. Ed. 2d (1968)  The age of the law does not "…not diminish its force today." id. 392 U.S. 437.

### 3. The Facts of Case have been Adequately Pled to Allow the Case to Proceed.

As to the facts, plaintiffs rely on all previous filings, including the sworn statement of witnesses, along with defendant Eisenberg's own admissions. These facts adequately articulate justiciable issues that can be resolved by a jury. Moreover, discovery had been stayed early in the case; interrogatory questions, production of documents, nor examination before trial were permitted to proceed.

Indeed by filing dated March 25, 2025, defendant Eisenberg submits his own documentary evidence displaying how he "loitered" at plaintiffs' establishment for the purpose for creating harassment and disruptive behavior.  ECF 162. He even did this after repeatedly told to stay away.

> As the Court documented by Order dated March 26, 2025:
> "Moreover, it is worth noting that the conduct Defendant
> points to occurred in response to,  Defendant loitering outside
> of Swing 46 Jazz and Supper Club while taking video footage.
>  See ECF No. 162-1 at ¶¶ 2-5. And in the videos, it appears

that Defendant ignored requests for him to leave."   ECF 170.

Not only did defendant Eisenberg ignore plaintiffs' requests to leave, he engaged in this conduct while in the course of a lawsuit before this very Court, and for which the Court has taken judicial notice.

This arrives at a tragic moment for Swing 46 Jazz and Supper Club in that on December 31, 2025 will close forever.  An entire *genre* of music and dance, from which its origins date back to the early days of New York City's historical jazz movement, will be gone. Many will be put out of work, including jazz musicians that continued to play well into their latter years; for many it might be will their last musical forum.

This is a sad commentary for the owner, plaintiff Mohammed John Akhtar, who in all probability the only Muslim and person of color in the district, is forced to close an iconic establishment.  This is particularly shameful because it became known that bar owners were being "shaken down" to make noise complaints "go away" through individuals connected to City Hall.

See, *New York  Times*, September 25, 2024, https://www.nytimes.com/2024/09/25/nyregion/nypd-commissioner-night-clubs.html   ;

CBS News, September 24, 2024
https://www.cbsnews.com/newyork/news/brooklyn-juice-bar-shakedown-james-caban-ray-martin/ ;\

8

NBC New York YouTube bar owner's interview https://www.youtube.com/watch?v=YMFuzyVWxNY .

As to plaintiff Mohammed John Akhtar, he will remain in the case as a private citizen. I am not involved in process as a lawyer for shuttering or transfer of title of La Buca Restaurant, Inc., but I will inform the Court and parties of any information that might be relevant. However, I must note I will be guided under the code of ethics regarding client communications.

4. <u>Conclusion</u>

For the foregoing reasons, it is respectfully requested that plaintiffs' objections to the Report and Recommendation be granted, and the Amended Complaint not be dismissed with prejudice.

And because this might very well be my closing remark to the Court, and as I have previously limited my responses to mere documentation to avoid distraction to plaintiffs' case, I must say I have never be subjected to the abuse I have endured for two and one-half years as I have in this matter in my thirty-seven years of trial practice. And that includes fourteen years as a public servant and four years on a district ethics committee.

By no means do I fault the Court. Indeed, I wanted to avoid judicial intervention to avoid claims of bias, which I vehemently assert there has been none. As I have in the past, and as I do so now, I am making a record

in the event that any issues arise such that a record and response becomes necessary.

Thank you for your consideration of the foregoing.

                Respectfully submitted,
/s/ *Anthony N. Iannarelli Jr.*
                Anthony N. Iannarelli Jr.
                Attorney for Plainitffs

<u>Copy</u>
Mr. Eric M. Eisenberg, Esq.
   Attorney *pro se*

Corporation Counsel for the City of New York

Mr. Mohamed John Akhtar
    LaBuca Restaurant, Inc. d/b/a Swing 46