UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMED JOHN AKHTAR and LA BUCA
RESTAURANT, INC.,

Plaintiffs,

-against-

ERIC M. EISENBERG and JOHN & JANE DOES
ONE THROUGH THIRTY,

Defendants.

23-CV-6585 (JGLC) (VF)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

The Court assumes the parties' familiarity with the facts of this case. *See* ECF No. 72 at

2–3. On April 3, 2025, Defendant Eric Eisenberg ("Eisenberg") moved to dismiss Plaintiffs'

Amended Complaint. *See* ECF Nos. 104 ("AC"), 181 ("MTD"). In a Report and

Recommendation filed on November 3, 2025, Magistrate Judge Valerie Figueredo recommended

that the undersigned grant the motion.[1] *See* ECF No. 203 ("Report and Recommendation" or

"R&R"). For the reasons set forth below, the Court hereby ADOPTS the R&R in its entirety and

dismisses the Amended Complaint with prejudice.

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate

judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); se*e also United

States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that

---

[1] On January 9, 2024, the Court referred this case to Judge Figueredo for general pretrial
purposes and dispositive motions requiring a report and recommendation. ECF No. 40.

1

there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (cleaned up).

In the present case, the Report and Recommendation advised Plaintiffs that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* R&R at 15. In addition, the Report and Recommendation expressly called Plaintiffs' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* Plaintiffs filed objections on November 20, 2025.[2] ECF No. 206 ("Objections").

Upon review, the Court finds that Plaintiffs' objections lack merit. Plaintiffs mostly reiterate arguments and positions they espoused in their underlying briefing—which the R&R already properly considered and rejected. Where Plaintiffs do raise new arguments, those arguments are either unconvincing or immaterial.

First, Plaintiffs take issue with the pleading standards set out by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[2] Plaintiffs originally filed their Objections on November 15, 2025, but did so incorrectly. *See* ECF No. 204. They subsequently re-filed their Objections on November 20, 2025, after the deadline. ECF No. 206. Nonetheless, the Court will consider their arguments. *See Young v. United States*, No. 07-CV-10411 (SCR) (GAY), 2010 WL 54757, at *1 (S.D.N.Y. Jan. 6, 2010) ("Having found no prejudice to the parties by Petitioner's late filing, this Court will consider Petitioner's Objections as if timely filed.").

Objections 3–6. Of course, district courts are "bound by the decisions of the Supreme Court of the United States and those of the Circuit Court of Appeals in their own circuit." *Cont'l Sec. Co. v. Interborough Rapid Transit Co.*, 165 F. 945, 959–60 (C.C. S.D.N.Y. 1908). Plaintiffs provide no basis to revisit Judge Figueredo's proper application of these standards in this case. Accordingly, their arguments on this score are unavailing.

Second, Plaintiffs contend that discovery would afford them the opportunity to properly state a claim under the Civil Rights Act of 1866, which they bring as Count Two of their Amended Complaint. Objections at 4 (citing AC at 14). But Judge Figueredo recommended dismissing Count Two with prejudice because that claim necessarily fails as a matter of law. R&R at 9–12. No discovery could possibly cure it. *See id.* As the R&R explains, to state a claim under the Civil Rights Act of 1866, a plaintiff must plead a cognizable constitutional interest in the activities enumerated in Sections 1981 and 1982 of that statute. *See id.* at 9. The Amended Complaint fails to do so.

"The activities enumerated in Section 1981 are the right 'to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.'" *Id.* at 10 (quoting 42 U.S.C. § 1981(a)). Meanwhile, for "Section 1982 to apply, a plaintiff 'must allege interference with some right involving real or personal property.'" *Id.* (quoting *Bishop v. Toys "R" Us-NY LLC*, 414 F. Supp. 2d 385, 395 (S.D.N.Y. 2006), *aff'd sub nom. Bishop v. Toys R Us*, 385 F. App'x 38 (2d Cir. 2010)). In other words, Judge Figueredo made plain, "Section 1981 provides that all persons have equal right to make and enforce contracts, and [Section] 1982 establishes that all persons have equal right to purchase, lease, sell, hold, and convey real and personal property." R&R at 10 (quoting *Silva v. Farrish*, 47 F.4th 78, 89 (2d Cir. 2022)). However,

3

Plaintiffs' claims do not arise out of, or have anything to do with, any of these required activities—they all "stem from noise complaints submitted by Eisenberg to the City." *Id.*

As the R&R accurately reasoned, there "are no factual allegations in the amended complaint even remotely involving the right to make or enforce a contract, participate in a lawsuit, or have the full and equal benefit of laws for the security of persons and property." *Id.* And Plaintiffs' Amended Complaint contains "no factual allegations involving any interference with a property right that would be actionable under Section 1982." *Id.* Accordingly, amendment would be futile, and Judge Figueredo properly recommended dismissing Count Two with prejudice. *See id.* at 12.

Third, Plaintiffs argue that it "is of no moment" whether Eisenberg was a state actor. Objections at 6. However, under "42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). It was therefore eminently appropriate for Judge Figueredo to evaluate whether or not Eisenberg was a state actor, and whether or not he was acting under color of state law. *See* R&R at 5–7. Once again, Judge Figueredo's reasoning was entirely proper. *See id.*

Fourth, Plaintiffs make the conclusory argument that "the facts adequately articulate justiciable issues that can be resolved by a jury." Objections at 7. As the Court explained when it assessed Plaintiffs' prior objections to a previous R&R, this line of argument "mischaracterizes and fails to substantively engage with the reasoning of the R&R." ECF No. 85 at 2. The Court is again satisfied that this R&R is "well-reasoned and committed no clear error." *Id.*

Finally, Plaintiffs stress the tragic closure of the Swing 46 Jazz and Supper Club. Objections at 8. The Court recognizes the importance of cultural establishments to the city, to the

community, and to its employees and patrons. But "the concepts of ruling on discrete legal issues and the ultimate outcome are distinct." *Team Kennedy v. Berger*, 748 F. Supp. 3d 200, 214 n.13 (S.D.N.Y. 2024). And, here, the Court's role is to rule on discrete legal issues, not to determine the ultimate outcome.

The Court finds the Report and Recommendation to be well-reasoned and grounded in fact and law, and ADOPTS it in its entirety. As such, the motion to dismiss is GRANTED and the Amended Complaint is DISMISSED with prejudice.

The Clerk of Court is respectfully directed to terminate ECF No. 181 and close the case.


Dated:  March 23, 2026
        New York, New York

                                        SO ORDERED.

                                        _____
                                        JESSICA G. L. CLARKE
                                        United States District Judge